UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYAN DONG, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>  Defendants. | Case No.: 1:21-cv-10610-JGK<br><br>Hon. John G. Koeltl |

**MEMORANDUM OF LAW IN SUPPORT OF ZHIQIN LI AND DANHUA CHEN'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY ................................................................................................. 4

III. ARGUMENT ....................................................................................................................... 4

    A. Appointing Movants as Co-Lead Plaintiffs Is Appropriate ............................................ 4

        1. Movants Filed a Timely Motion. ................................................................................ 6

        2. Movants Have the Largest Financial Interest in the Relief Sought. ........................... 6

        3. Movants Satisfy the Relevant Requirements of Rule 23. ........................................... 7

            a. Movants' Claims Are Typical. ............................................................................. 8

            b. Movants Are Adequate Representatives. ............................................................. 8

    B. Approving Lead Plaintiffs' Choice of Counsel Is Appropriate. ..................................... 9

IV. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 5, 7

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................................... 8

*In re Coinbase Global Securities Litigation*,
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ......................................... 10

*Deinnocentis v. Dropbox, Inc.*,
  2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ..................................................... 10

*Ford v. VOXX Int'l Corp.*,
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ........... 7, 8

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ......................................................................................... 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................ 8

*Malriat v. Quantumscape Corp.*,
  2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ................................................. 10

*Nickerson v. American Electric Power Company, Inc., et al.*,
  No. 2:20-cv-04243-SDM-EPD, (S.D. Ohio Nov. 24, 2020) .............................................. 10

*Snyder v. Baozun Inc.*,
  2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) .................................................. 10

*Sofran v. LaBranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y. 2004) ......................................................................................... 6

*Subramanian v. Watford, et. al.*,
  2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) ................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................ 8

*White Pine Invs. v. CVR Ref.*,
  2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ........................................................ 10

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................................... *passim*

15 U.S.C. § 78u-4 .............................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... 1, 5, 7, 8

Zhiqin Li and Danhua Chen ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to appoint them as co-lead plaintiffs and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons who: (a) purchased or otherwise acquired Cloopen Group Holding Limited ("Cloopen" or the "Company") American Depositary Shares ("ADSs") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 2021 initial public offering (the "IPO"); and/or (b) purchased or otherwise acquired Cloopen securities between February 9, 2021 and May 10, 2021, inclusive (the "Class Period"), concerning claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and SEC Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Defendants Cloopen, Changxun Sun ("Sun"), Yipeng Li ("Li"), Kui Zhou ("Zhou"), Qingsheng Zheng ("Zheng"), Xiaodong Liang ("Liang"), Zi Yang ("Yang"), Ming Liao ("Liao"), Feng Zhu ("Zhu"), Lok Yan Hui ("Hui"), Jianhong Zhou ("J. Zhou"), Ching Chiu ("Chiu"), Xiegang Xiong ("Xiong"), Cheng Luo ("Luo"), Yunhao Liu ("Liu"), Cogency Global Inc. ("Cogency Global"), Colleen A. Devries ("Devries"), Goldman Sachs (Asia) L.L.C. ("Goldman Sachs"), Citigroup Global Markets Inc. ("Citigroup"), China International Capital Corporation Hong Kong Securities Limited ("CIC"), Tiger Brokers (Nz) Limited ("Tiger Brokers"), and Futu Inc. ("Futu"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules

of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

I.     **FACTUAL BACKGROUND**[1]

Cloopen claims to be the largest multi-capability cloud-based communications solution provider in China. ¶ 2. The Company purportedly is the only Chinese provider that offers a full suite of cloud-based communications solutions covering communications platform as a service (CPaaS), cloud-based contact centers (cloud-based CC), and cloud-based unified communications and collaborations (cloud-based UC&C). *Id.* Cloopen claims that it serves a diverse and loyal customer base consisting of enterprises of all sizes across a variety of industries, including internet, telecommunications, financial services, education, industrial manufacturing, and energy. *Id.*

The Company sold 23 million ADSs (including the full exercise of the Underwriter

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Dong* Complaint") filed in the action styled *Dong v. Cloopen Group Holding Limited, et. al.,* Case No. 1:21-cv-10610-JGK (the "*Dong* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Dong* Complaint. The facts set forth in the *Dong* Complaint are incorporated herein by reference.

Defendants' over-allotment option) at $16 per ADS in its February 2021 U.S. IPO, netting approximately $342 million in proceeds from the offering. ¶ 3. However, the Registration Statement contained materially false and misleading statements of fact and failed to disclose facts required to be disclosed therein regarding Cloopen's business, operations, and prospects. *Id.*

The Registration Statement led Cloopen ADS purchasers to believe that Cloopen's much-touted growth strategy, which relied upon cross-selling, up-selling, optimizing existing solutions, and developing new features, was effective. ¶ 4. Indeed, as portrayed in the Registration Statement, the Company appeared to be retaining and even expanding its customer base, as well as maintaining its key sales metrics such as dollar-based net retention rate, which reflected its ability to increase existing customer revenue. *Id.*

Just over six weeks after its IPO on March 26, 2021, Cloopen shocked the market when it published its 4Q 2020 and FY 2020 financial results, which closed on December 31, 2020, more than a month before the IPO. ¶ 7. Cloopen reported 4Q 2020 revenues of just $39.6 million, $2 million shy of analysts' consensus, net losses of $46.8 million, representing a staggering 466.9% increase year-over-year, and operating expenses of $27.6 million, representing a 30% increase over 4Q 2019. *Id.* The Company blamed a "change in fair value of warrant liabilities of . . . US$34.4 million" for Cloopen's remarkable net loss and "an increase in the provision for doubtful accounts resulting from increased in accounts receivables" for the 59.2% increase in general and administrative expenses. *Id.*

In response to this shocking news, the price of Cloopen's ADSs declined 18.5%, dropping from $14.42 per ADS on March 25, 2021 to $11.75 per ADS on March 26, 2021. ¶ 8.

Yet, even then, Cloopen's most senior officers continued to make materially false and misleading statements to the market and failed to reveal the true extent of the Company's troubles.

¶ 9. In the March 26, 2021 earnings announcement and investor conference call, Cloopen's senior executives continued to misrepresent the Company's expansion strategy, again failing to acknowledge that the strategy was failing and its existing customer base was deteriorating. *Id.* Nor did they disclose that Cloopen's dollar-based net retention rate had tumbled in 4Q 2020. *Id.*

Weeks later, as Cloopen belatedly revealed additional facts about its failed growth strategy and withering customer base, including that its dollar-based net retention rate by year end 2020 fell far below historical periods, Cloopen's share price plummeted again, closing on May 12, 2021 at $8.97 per ADS. ¶ 10.

As of the time of the *Dong* Complaint, the Company's share price has dropped as low as $2.70 per ADS, a decline of more than 80% from the $16 IPO price. ¶ 11.

## II. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Dong* Action against the Defendants. Plaintiff Boyan Dong ("Dong") commenced the first-filed action on December 10, 2021. On that same day, counsel acting on Dong's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movants' Motion ("Apton Decl.").

## III. ARGUMENT

### A. Appointing Movants as Co-Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-

4

4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed co-lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having collectively lost $344,873.94 as a result of their transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Charts, Ex. B to Apton Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed as co-lead plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movants Filed a Timely Motion.

On December 10, 2021, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Dong* published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Cloopen ADSs and/or securities that they had 60 days from the publication of the December 10, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (finding that a notice published on *PRNewswire* satisfied Rule 23).

Movants timely filed their motion within the 60-day period following publication of the December 10, 2021 Press Release and submitted herewith sworn certifications attaching their transactions in Cloopen ADSs and/or securities and attesting that they are willing to serve as representatives of the Class. *See* PSLRA Certifications, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as lead plaintiffs. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movants Have the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

6

Movants acquired Cloopen ADSs and/or securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $344,873.94. *See* Apton Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as co-lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.     Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at \*5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Cloopen's business, operational and financial results violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Cloopen ADSs pursuant and/or traceable to the IPO and Cloopen securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.     Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their

adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Apton Decl. Therefore, Movants will prosecute the Action vigorously on behalf of the Class.

Accordingly, Movants meet the adequacy requirement of Rule 23.

### B. Approving Lead Plaintiffs' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class' Lead Counsel in the event they are appointed as co-lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky

has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

**IV.   CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Co-Lead Plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: February 8, 2022                                  Respectfully Submitted,

                                                         **LEVI & KORSINSKY, LLP**

                                                         By: */s/ Adam M. Apton*
                                                         Adam M. Apton (AS-8383)
                                                         55 Broadway, 10th Floor
                                                         New York, NY 10006
                                                         Tel: (212) 363-7500
                                                         Fax: (212) 363-7171
                                                         Email: aapton@zlk.com

                                                         *Lead Counsel for Zhiqin Li and Danhua Chen, and [Proposed] Lead Counsel for the Class*