UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>Defendants. | Case No. 1:21-cv-10610-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL WAI HUNG CHEUK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................... 1

II. FACTUAL BACKGROUND ...................................................................................... 2

III. ARGUMENT ............................................................................................................... 4

    A. Cheuk Should be Appointed Lead Plaintiff ............................................................ 4

        1. Cheuk Filed a Timely Motion ..................................................................... 5

        2. Cheuk Has the Largest Financial Interest .................................................... 6

        3. Cheuk Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................................................... 6

            a) Cheuk's Claims Are Typical ............................................................. 7

            b) Cheuk Is an Adequate Representative .............................................. 7

    B. The Court Should Approve Lead Plaintiff's Choice of Counsel ............................ 8

IV. CONCLUSION ............................................................................................................ 8

# **TABLE OF AUTHORITIES**

CASES

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*,
    269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................... 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................. 6, 8

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................................ 7

*Kuriakose v. Federal Home Loan Mortg. Co.*,
    No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ............................................ 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) .................................................................................. 5, 6

STATUTES

15 U.S.C. § 77z-1(a)(3)(B) ........................................................................................... *passim*

RULES

Fed. R. Civ. P. 23 .......................................................................................................... *passim*

Paul Wai Hung Cheuk ("Cheuk") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Cheuk as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Cheuk's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

I.  **PRELIMINARY STATEMENT**

This is a class action on behalf of persons who: (a) purchased or otherwise acquired Cloopen Group Holding Limited ("Cloopen" or the "Company") American Depositary Shares ("ADSs") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 2021 initial public offering (the "IPO"); and/or (b) purchased or otherwise acquired Cloopen securities between February 9, 2021 and May 10, 2021, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Cheuk is the "most adequate plaintiff" as defined by the PSLRA.

Cheuk believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of

1

Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Cheuk satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Cheuk respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Cheuk's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND[1]

Cloopen claims to be the largest multi-capability cloud-based communications solution provider in China. The Company is purportedly the only Chinese provider that offers a full suite of cloud-based communications solutions covering communications platform as a service (CPaaS), cloud-based contact centers (cloud-based CC), and cloud-based unified communications and collaborations (cloud-based UC&C).

In February 2021, Cloopen sold 23 million ADSs in its IPO at $16 per ADS.

On March 26, 2021, approximately six weeks after its IPO, Cloopen reported 4Q 2020 revenues of just $39.6 million, $2 million below the analyst consensus, a net losses of $46.8 million (a 466.9% increase year-over-year), and operating expenses of $27.6 million, representing a 30% increase over 4Q 2019. Cloopen blamed the negative developments on a "change in fair value of warrant liabilities of . . . US$34.4 million" and an increase in the provision for doubtful accounts resulting from increased accounts receivables.

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

On this news, Cloopen's ADS price fell 18.5%, dropping from $14.42 per ADS on March 25, 2021 to $11.75 per ADS on March 26, 2021.

Weeks later, Cloopen belatedly revealed additional facts about its failed growth strategy and withering customer base, including that its dollar-based net retention rate by year end 2020 fell far below historical periods. On this news, Cloopen's share price fell again, closing at $8.97 per ADS on May 12, 2021. As of the date this action was filed, Cloopen's share price dropped as low as $2.70 per ADS, a decline of more than 80% from the $16 IPO price.

The complaint filed in this action alleges that throughout the Class Period, and in the Registration Statement, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that Cloopen's growth strategy was not working and its existing customers were abandoning the Company; (2) that, unbeknownst to investors, Cloopen's dollar-based net retention rate had plummeted during 4Q 2020; (3) that in 4Q 2020, the Company's net retention rate had dropped well below the 94.7% rate reported for the nine months ended September 30, 2020; (4) that the plunging dollar-based net retention rate caused the Company's fiscal year 2020 retention rate to tumble to 86.8%, down from the Company's fiscal year 2019 retention rate of 102.7%; (5) that Cloopen's Registration Statement further failed to disclose that an increasing number of its customers were refusing to pay, forcing the Company to record massive increases in its accounts receivables and allowance for doubtful accounts; and (6) that the Registration Statement failed to disclose that Cloopen was weighted down by massive liabilities related to the fair value of certain recently-granted warrants.

As a result of the Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

## III. ARGUMENT

### A. Cheuk Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Cheuk satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Cheuk has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Cheuk is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Cheuk respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Cheuk Filed a Timely Motion

Cheuk has made a timely motion in response to a PSLRA early notice. On December 8, 2021, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Cheuk had sixty days (*i.e.*, until February 8, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Cloopen ADSs pursuant or traceable to the IPO and during the Class Period, Cheuk is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Cheuk attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B.[2] Accordingly, Cheuk satisfies the first requirement to serve as lead plaintiff for the class.

---

[2] Cheuk's last name is listed first in his certification, which is the custom in Hong Kong, where he resides.

### 2. Cheuk Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Cheuk believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Cheuk suffered substantial financial losses *See* Linkh Decl., Ex. C. To the best of his knowledge, Cheuk is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Cheuk believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Cheuk Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only

6

provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Cheuk's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Cheuk's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Cheuk alleges that Defendants' material misstatements and omissions concerning Cloopen's business, operations, and financial prospects violated the federal securities laws. Cheuk, like all members of the Class, purchased Cloopen ADSs in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Cheuk's interests and claims are "typical" of the interests and claims of the Class.

### b) Cheuk Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Cheuk has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses

ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Cheuk is not aware of any conflict between his claims and those asserted on behalf of the Class. Moreover, Cheuk has submitted a sworn declaration herewith, attesting to his adequacy. *See* Linkh Decl., Ex. D. As such, Cheuk is well-equipped to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Cheuk has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit E. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Cheuk Paul Wai Cheuk respectfully requests that the Court grant his Motion and enter an Order (1) appointing Cheuk as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: February 8, 2022 | **GLANCY PRONGAY & MURRAY LLP** |

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com


Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Paul Wai Hung Cheuk and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF COMPLIANCE

**Pursuant to Rule II.D. of Your Honor's Individual Practices**

Excluding the cover page, certification of compliance, table of contents, and table of authorities, this brief contains 2,419 words and complies with Your Honor's formatting rules.

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 8, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 8, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh