UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
BOYAN DONG, Individually and on Behalf of : Civil Action No. 1:21-cv-10610-JGK
All Others Similarly Situated, :
: CLASS ACTION
Plaintiff, :
: MEMORANDUM OF LAW IN SUPPORT
vs. : OF MOTION FOR APPOINTMENT AS
: LEAD PLAINTIFF AND APPROVAL OF
CLOOPEN GROUP HOLDING LIMITED, : LEAD PLAINTIFF'S SELECTION OF
CHANGXUN SUN, YIPENG LI, KUI ZHOU, : LEAD COUNSEL
QINGSHENG ZHENG, XIAODONG LIANG, :
ZI YANG, MING LIAO, FENG ZHU, LOK :
YAN HUI, JIANHONG ZHOU, CHING :
CHIU, XIEGANG XIONG, CHENG LUO, :
YUNHAO LIU, COGENCY GLOBAL INC., :
COLLEEN A. DEVRIES, GOLDMAN :
SACHS (ASIA) L.L.C., CITIGROUP :
GLOBAL MARKETS INC., CHINA :
INTERNATIONAL CAPITAL :
CORPORATION HONG KONG :
SECURITIES LIMITED, TIGER BROKERS :
(NZ) LIMITED, and FUTU INC., :
:
Defendants. :
:
---------------------------------------------------------------x

**TABLE OF CONTENTS**

                                                                                 **Page**

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS .....................................................................................1

III.   ARGUMENT..........................................................................................................3

         A.     Mr. Sun Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ........................................................................................................3

                1.     Mr. Sun's Motion Is Timely .........................................................4

                2.     Mr. Sun Has the Largest Financial Interest in the Relief Sought by the Class ....................................................................................4

                3.     Mr. Sun Is Typical and Adequate of the Putative Class ..............5

         B.     The Court Should Approve Mr. Sun's Selection of Counsel..................................6

IV.   CONCLUSION.......................................................................................................8

# TABLE OF AUTHORITIES

Page

**CASES**

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
  No. 8:15-cv-00865-AG (C.D. Cal.) ...................................................................................7

*In re Am. Realty Capital Props., Inc. Litig.*,
  No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) ......................................................6, 7

*In re Cardinal Health, Inc. Sec. Litig.*,
  No. 2:04-cv-00575-ALM (S.D. Ohio) ...............................................................................7

*In re Enron Corp. Sec. Litig.*,
  No. 4:01-cv-03624 (S.D. Tex.) ..........................................................................................7

*In re HealthSouth Corp. Sec. Litig.*,
  No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .......................................................................8

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
  No. 1:01-cv-01451-REB-KLM (D. Colo.) .........................................................................7

*In re UnitedHealth Grp. Inc. PSLRA Litig.*,
  No. 0:06-cv-01691-JMR-FLN (D. Minn.) .........................................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
  No. 3:15-cv-07658-MAS-LHG (D.N.J.) ............................................................................7

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
  No. 1:02-cv-05893 (N.D. Ill.) ............................................................................................7

*Lopez v. CTPartners Exec. Search Inc.*,
  2015 WL 2431484 (S.D.N.Y. May 18, 2015) ................................................................5, 6

*Smilovits v. First Solar, Inc.*,
  No. 2:12-cv-00555-DGC (D. Ariz.) ...................................................................................7

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(1) .................................................................................................................3
    §78u-4(a)(3)(A) ...........................................................................................................4
    §78u-4(a)(3)(A)(i) ........................................................................................................3
    §78u-4(a)(3)(B)(i) .....................................................................................................1, 3
    §78u-4(a)(3)(B)(iii) .......................................................................................................1
    §78u-4(a)(3)(B)(iii)(I) ..................................................................................................4
    §78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................5
    §78u-4(a)(3)(B)(v) ...................................................................................................1, 6

Federal Rules of Civil Procedure
    Rule 23 ......................................................................................................................4, 5

## I.     INTRODUCTION

This action asserts claims pursuant to the Securities Act of 1933 ("1933 Act") and the Securities Exchange Act of 1934 ("1934 Act") on behalf of: (1) purchasers of Cloopen Group Holding Limited ("Cloopen" or the "Company") American Depositary Shares ("ADSs") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 2021 initial public offering (the "IPO"); and/or (b) purchasers of Cloopen securities between February 9, 2021 and May 10, 2021, inclusive (the "Class Period"). In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).[1]

Ruoshui Sun should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Sun's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     STATEMENT OF FACTS

Cloopen purports to be the largest multi-capability cloud-based communications solution provider in China. The Company claims that it serves a diverse and loyal customer base consisting of enterprises of all sizes across a variety of industries, including internet, telecommunications,

---

[1]     For ease of reference, Ruoshui Sun only cites to the relevant sections in the 1934 Act, which are identical in substance to those of the 1933 Act.

- 1 -

financial services, education, industrial manufacturing, and energy. The Company's ADSs trade on the NYSE under the ticker RAAS.

In its February 2021 United States IPO, Cloopen sold 23 million ADSs (including the full exercise of the underwriter defendants' over-allotment option) at $16 per ADS, netting approximately $342 million in proceeds from the offering. The complaint alleges that the Registration Statement led Cloopen ADS purchasers to believe that Cloopen's much-touted growth strategy was effective and that the Company appeared to be retaining and even expanding its customer base, as well as maintaining its key sales metrics such as dollar-based net retention rate, which reflected its ability to increase existing customer revenue. The complaint alleges that, in reality, Cloopen's growth strategy was not working, and that the Registration Statement failed to disclose that an increasing number of its customers were refusing to pay, forcing Cloopen to record massive increases in its accounts receivables and allowance for doubtful accounts. The complaint likewise alleges that the Registration Statement also allegedly failed to disclose that Cloopen was weighted down by massive liabilities related to the fair value of certain recently-granted warrants.

On March 26, 2021, less than two months after its IPO, Cloopen shocked the market when it published its deeply disappointing fourth quarter and fiscal year 2020 financial results. The Company blamed a "change in fair value of warrant liabilities of . . . US$34.4 million" for Cloopen's remarkable net loss and "an increase in the provision for doubtful accounts resulting from increased in accounts receivables" for the 59.2% increase in general and administrative expenses that it reported. ECF No. 1 at ¶7. The complaint alleges that in response to this news, the price of Cloopen's ADSs suffered a decline of over 18%.

The complaint likewise alleges that the Company's most senior officers continued to make materially false and misleading statements to the market and failed to reveal the true extent of

Cloopen's troubles. In the March 26, 2021, earnings announcement and investor conference call, Cloopen's senior executives continued to misrepresent the Company's expansion strategy, again failing to acknowledge that the strategy was failing and its existing customer base was deteriorating. Nor did they disclose that Cloopen's dollar-based net retention rate had tumbled in the fourth quarter of 2020.

Weeks later, as Cloopen belatedly revealed additional facts about its failed growth strategy and withering customer base, including that its dollar-based net retention rate by year end 2020 fell far below historical periods, the price of Cloopen's ADSs declined again.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Cloopen's ADS price, Mr. Sun and other class members have suffered significant losses and damages.

### III.   ARGUMENT

#### A.   Mr. Sun Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the PSRLA] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice of the action was published on *PRNewsire* on December 10, 2021. *See*

Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Sun meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Sun's Motion Is Timely

The December 10, 2021, statutory notice advised putative class members of the pendency of the action, a summary of the core allegations and the claims asserted, and the right to move the Court for appointment as lead plaintiff by February 8, 2022.  *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  Because this motion is being timely filed by the statutory deadline, Mr. Sun is eligible for appointment as lead plaintiff.

### 2. Mr. Sun Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Sun purchased 2.361 Cloopen ADSs and suffered approximately $29,567 in losses as a result of defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Sun meets the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Sun Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Mr. Sun satisfies the typicality requirement because, just like all other class members, he purchased Cloopen ADSs and suffered the same injury as absent class members when defendants' alleged misconduct was revealed. Consistent with the PSLRA, Mr. Sun's Certification sets forth his transactions in Cloopen securities that are relevant to this action. Mr. Sun has not conflated his own financial interest with the Cloopen transactions of any third-party entities in which Mr. Sun may have invested. As such, Mr. Sun has a significant direct interest in the outcome of this action, ensuring that he will vigorously represent the class.

As to adequacy, Mr. Sun's substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Mr. Sun's interests are aligned with the putative class. Mr. Sun has amply demonstrated his adequacy by signing a sworn Certification and submitting a Declaration detailing his ability and willingness to serve as, and to assume the responsibilities of, class representative. *See* Rosenfeld Decl., Exs. B, D. Mr. Sun's Declaration – which sets forth his residence, education,

professional background, investment experience, and familiarity with selecting and overseeing counsel – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Sun's ability to satisfy Rule 23's prerequisites. *See* Rosenfeld Decl., Ex. D. Finally, as explained below, Mr. Sun has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Sun filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### B. The Court Should Approve Mr. Sun's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Mr. Sun has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Lopez*, 2015 WL 2431484, at *3 ("Having reviewed [Robbins Geller's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a

securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2] And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

---

[2] *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest

Thus, the Court can be assured that by approving Mr. Sun's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Mr. Sun has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Sun respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  February 8, 2022                           Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD

                                              *s/ David A. Rosenfeld*
                                       DAVID A. ROSENFELD

                                       58 South Service Road, Suite 200
                                       Melville, NY  11747
                                       Telephone:  631/367-7100
                                       631/367-1173 (fax)
                                       srudman@rgrdlaw.com
                                       drosenfeld@rgrdlaw.com

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       JUAN CARLOS SANCHEZ
                                       655 West Broadway, Suite 1900
                                       San Diego, CA  92101
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)
                                       jsanchez@rgrdlaw.com

---

securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

              Proposed Lead Counsel for Proposed Lead Plaintiff

## CERTIFICATE OF COMPLIANCE

I, David A. Rosenfeld, certify that the Memorandum in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel complies with Your Honor's Individual Practices II.D.  I further certify that that the above referenced memorandum contains 2,206 words.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 8, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4863-1973-6845.v1

# Mailing Information for a Case 1:21-cv-10610-JGK Dong v. Cloopen Group Holding Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com,jtash@zlk.com,hakulp@zlk.com

- **Michael Ira Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Ralph M. Stone**
  rs@stonepllc.com,ralphs@johnsonfistel.com,michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`