**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>Defendants. | CASE No.: 1:21-cv-10610-JGK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF YEE SZE CHAN TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

## **TABLE OF CONTENTS**

**CLASS ACTION** .................................................................................................................... 1

**INTRODUCTION AND BACKGROUND** ........................................................................... 1

**ARGUMENT** ........................................................................................................................... 3

    I.   **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF** .......................................... 3

        A.  Movant Is Willing to Serve as Class Representative ........................................ 4

        B.  Movant Has the Largest Financial Interest in the Action ................................ 4

        C.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................................................................................. 5

            1.   Movant's Claims are Typical ................................................................................ 5

            2.   Movant Is Adequate ............................................................................................... 6

        D.  Movant Is Presumptively the Most Adequate Plaintiff ................................... 6

    II.  **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED** ..................... 7

**CONCLUSION** ....................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bally Total Fitness*, *Sec. Litig.*,
 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................................ 4

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ...................................................................................................... 6

*In re Fuwei Films Sec. Litig.*,
 247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................... 4, 5

*In re Livent, Inc. Noteholders Sec. Litig.*,
 210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................... 4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................. 5

*Lax v. Merch. Acceptance Corp.*,
 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .............................................................................. 4

*Takara Tr. v. Molex Inc.*,
 229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................ 4

**Statutes**

15 U.S.C. §78u-4 .................................................................................................................. 3, 4, 5, 7

15 U.S.C. § 77z-1 ................................................................................................................. 3, 4, 5, 7

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................... 4, 5, 6

Movant Yee Sze Chan ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of Cloopen Group Holding Limited ("Cloopen" or the "Company"): (i) pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Cloopen's February 2021 initial public offering (the "IPO" or "Offering"); and/or (ii) between February 9, 2021 and May 10, 2021, inclusive (the "Class Period") to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on December 10, 2021 against the Company and certain of its officers, directors, and underwriters for violations under the Securities Act and the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Cloopen purports to be the largest multi-capability cloud-based communications solution provider in China. The Company purportedly is the only Chinese provider that offers a full suite of cloud-based communications solutions covering communications platform as a service (CPaaS), cloud-based contact centers (cloud-based CC), and cloud-based unified communications and collaborations (cloud-based UC&C). Cloopen claims that it serves a

diverse and loyal customer base consisting of enterprises of all sizes across a variety of industries, including internet, telecommunications, financial services, education, industrial manufacturing, and energy. Defendant Cloopen's executive offices are located at 16/F, Tower A, Fairmont Tower, 33 Guangshun North Main Street, Chaoyang District, Beijing, China. The Company's ADSs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "RAAS."

The complaint alleges that the Registration Statement was materially false and misleading and omitted to state material adverse facts. Specifically, Defendants failed to disclose to investors that: (1) an increasing number of customers were not paying Cloopen for the services and/or solutions it provided, forcing Cloopen to recognize massive increases in its accounts receivables and its allowance for doubtful accounts; (2) as a result, the supposed "opportunity" to "upsell and cross-sell" existing customers was greatly diminished; (3) due to the fact that Cloopen had valued these warrants at extremely low levels, Cloopen had massive additional costs associated with the warrants that needed to be recognized; (4) Cloopen's discussion of risk factors inadequately described the risks posed by Cloopen's deteriorating customer base, ineffective growth strategy, and large warrant liabilities; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

In its February 2021 U.S. IPO, Cloopen sold 23 million ADSs (including the full exercise of the Underwriter Defendants' over-allotment option) at $16 per ADS, netting approximately $342 million in proceeds from the offering.

On March 26, 2021, just over six weeks after its IPO, Cloopen shocked the market when it published its 4Q 2020 and FY 2020 financial results, which closed on December 31, 2020, more than a month before the IPO. Cloopen reported 4Q 2020 revenues of just $39.6 million, $2 million shy of analysts' consensus, net losses of $46.8 million, representing a staggering 466.9% increase

year-over-year, and operating expenses of $27.6 million, representing a 30% increase over 4Q 2019. Cloopen blamed a "change in fair value of warrant liabilities of . . . US$34.4 million" for Cloopen's remarkable net loss and "an increase in the provision for doubtful accounts resulting from increased in accounts receivables" for the 59.2% increase in general and administrative expenses.

In response to this shocking news, the price of Cloopen's ADSs fell 18.5%, dropping from $14.42 per ADS on March 25, 2021 to $11.75 per ADS on March 26, 2021.

Weeks later, as Cloopen belatedly revealed additional facts about its failed growth strategy and withering customer base, including that its dollar-based net retention rate by year end 2020 fell far below historical periods, Cloopen's share price fell again, closing at $8.97 per ADS on May 12, 2021.

By the commencement of this action, the Company's stock was trading below the $16 per share IPO price.

**ARGUMENT**

**I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that it is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $152,563.00. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Cloopen securities during the Class Period.

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

4

Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

#### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Securities Act and the Exchange Act by issuing false and misleading and failing to disclose material statements about Cloopen's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Cloopen securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant lives in Hong Kong and works as an accountant. Movant has a degree from a university. Movant has been investing for over 10 years. The presumption that Movant is the most

6

adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against Movant that would render Movant inadequate to represent the Class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Movant's and Class' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.


Dated: February 8, 2021          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      /s/Phillip Kim

## **CERTIFICATE OF COMPLIANCE WITH INDIVIDUAL RULE II D**

       Pursuant to Judge Koeltl's individual rule II D, I hereby certify that this memorandum of law, exclusive of the cover page, certificates of service and compliance, and tables of content and authorities, this brief contains 2240 words.

/s/Phillip Kim