UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------- x
BOYAN DONG, individually and on
behalf of all others similarly situated,

                                               Plaintiff,

                      vs.

CLOOPEN GROUP HOLDING
LIMITED, *et al.*,

                                   Defendants.
----------------------------------------------------- x

Case No. 21 Civ. 10610 (JGK)

Honorable John G. Koeltl

## Memorandum of Law in Support of the RAAS Investor Group's Motion to Appoint Lead Plaintiff and Approve Selection of Lead Counsel

Francis A. Bottini, Jr.
(*pro hac vice* to be forthcoming)
Albert Y. Chang
Yury A. Kolesnikov
(*pro hac vice* to be forthcoming)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002
Email:      fbottini@bottinilaw.com
               achang@bottinilaw.com
               ykolesnikov@bottinilaw.com

*Counsel for Yong Li, Naji Petros Khamo, and Wendy Tsiopelas*

Dated:  February 8, 2022

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND .............................................................................................................. 3

    I.     This Action ................................................................................................ 3

    II.    Procedural History .................................................................................... 4

ARGUMENT .................................................................................................................... 4

    I.     The Court Should Appoint the RAAS Investor Group as
         Lead Plaintiff ............................................................................................ 4

           A.     The RAAS Investor Group Has Timely Moved for
                  Appointment as Lead Plaintiff ......................................................... 5

           B.     The RAAS Investor Group Has the Largest
                  Financial Interest in the Relief Sought by the Class ......... 6

           C.     The RAAS Investor Group Satisfies Rule 23 of the
                  Federal Rules of Civil Procedure ....................................... 7

    II.    The Court Should Approve the RAAS Investor Group's
          Selection of Bottini & Bottini, Inc. as Lead Counsel .................... 9

CONCLUSION ............................................................................................... 10

## Table of Authorities

**Cases**

*Ellenburg v. JA Solar Holdings Co.*,
   262 F.R.D. 262 (S.D.N.Y. 2009) ................................................................. 1, 5

*In re Razorfish, Inc. Sec. Litig.*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001) ............................................................ 9

*In re Tronox, Inc.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................. 7, 8

*Peters v. Jinkosolar Holding Co.*,
   2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012) ................................ 9

**Statutes**

15 U.S.C. § 77z-1 ................................................................................... *passim*

15 U.S.C. § 78u-4 ................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ........................................................................................ 1, 5, 7

**Other Authorities**

Herbert B. Newberg, *et al.*,
   NEWBERG ON CLASS ACTIONS § 3:13 (4th ed. 2008) ......................................... 8

The RAAS Investor Group — consisting of Yong Li, Naji Petros Khamo, and Wendy Tsiopelas — respectfully submits this memorandum in support of its motion, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1, *et seq.*, and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u-4, *et seq.*, for an order (1) appointing the RAAS Investor Group or, in the alternative, a member of the group as Lead Plaintiff; and (2) approving the RAAS Investor Group's selection of Bottini & Bottini, Inc. as Lead Counsel.

## PRELIMINARY STATEMENT

This motion seeks court approval of the two case-management protocols required by the PSLRA — appointment of lead plaintiff and approval of lead counsel selected by the lead plaintiff. Specifically, the PSLRA requires that the Court appoint as lead plaintiff the "most adequate plaintiff" to represent the class. As this Court noted in *Ellenburg v. JA Solar Holdings Co.*, "the most adequate plaintiff is the person who 'has the largest financial interest in the relief sought by the class … and … otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *See* 262 F.R.D. 262, 265 (S.D.N.Y. 2009) (Koeltl, J.). Here, the RAAS Investor Group should be appointed as Lead Plaintiff because, to the best of counsel's knowledge, (1) the RAAS Investor Group has the largest financial interest in the relief sought by the class based on its members' purchases, in the aggregate, of 28,241 shares of the American

1

Depositary Shares ("ADSs") issued by defendant Cloopen Group Holding Limited ("Cloopen") (Ticker symbol "RAAS")[1] in its February 2021 initial public offering ("IPO") and its aggregate loss of at least $416,524.05 as a result of Defendants' misconduct (*see* Declaration of Albert Y. Chang ("Chang Decl.") Ex. C); and (2) the group members' claims are typical of the claims of the class and they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should also approve the RAAS Investor Group's selection of Bottini & Bottini, Inc. as Lead Counsel for the class because the firm is eminently qualified and highly experienced in complex securities class actions and has the ability and resources to efficiently prosecute this action. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, the Court should grant the RAAS Investor Group's motion.

/ / /

---

[1] Defendants are Cloopen, Changxun Sun, Yipeng Li, Kui Zhou, Qingsheng Zheng, Xiaodong Liang, Zi Yang, Ming Liao, Feng Zhu, Lok Yan Hui, Jianhong Zhou, Ching Chiu, Xiegang Xiong, Cheng Luo, Yunhao Liu, Cogency Global Inc., Colleen A. Devries, Goldman Sachs (Asia) L.L.C., Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, Tiger Brokers (NZ) Limited, and Futu Inc. (collectively, "Defendants").

## BACKGROUND

**I.    This Action**

This action arose from the false and misleading statements made in Cloopen's registration statement and prospectus (collectively, the "Offering Documents") in connection with its February 2021 IPO, as well as other post-IPO disclosures. Compl. ¶¶ 1–11; 82–90. Cloopen is a multi-capability cloud-based communications solution provider in China. *Id.* ¶¶ 40–41. The complaint alleges that the Offering Documents and Cloopen's other public disclosures contain false and misleading statements regarding the Company's financial condition and business prospects. *Id.* ¶¶ 62–90. Specifically, the Offering Documents and Cloopen's disclosures touted that the Company's growth strategy, including its cross-selling, up-selling, optimizing existing solutions, and developing new features, was effective. *E.g.*, *id.* ¶ 4. But the Offering Documents and other disclosures fail to disclose, among other things, that (1) at the time of the IPO, Cloopen's growth strategy was failing and its customer base was deteriorating; (2) an increasing number of customers were not paying Cloopen for services; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading. *Id.* ¶¶ 68–90. Based on these false and misleading statements, the Company and its insiders sold 23 million shares of ADSs to investors at $16.00 per share — obtaining proceeds of approximately $342 million in the IPO. *Id.* ¶ 3. When the truth of the Company's financial condition and business prospects emerged six months after the IPO, the price

of Cloopen stock fell to approximately $2.70 on December 8, 2021, and has continued to fall since then. *See id.* ¶ 90. To recover damages on behalf of investors who purchased Cloopen ADSs pursuant or traceable to its Offering Documents and based on Cloopen's false and misleading statements, the complaint asserts claims under both the Securities Act and the Exchange Act.

## II.   Procedural History

On December 10, 2021, plaintiff Boyan Dong filed the complaint. In compliance with the PSLRA, plaintiff published a timely notice of pendency of the class action on *PR Newswire*, advising members of the proposed class of their right to move this Court to serve as lead plaintiffs no later than 60 days from the date of publication of the notice (by February 8, 2022). *See* Chang Decl. Ex. A.

## ARGUMENT

## I.   The Court Should Appoint the RAAS Investor Group as Lead Plaintiff

Both the Securities Act and the Exchange Act, as amended by the PSLRA, establish a three-step procedure governing the appointment of a lead plaintiff in securities class actions. *See* 15 U.S.C. § 77z-1(a)(1)–(3)(B)(ii); 15 U.S.C. § 78u-4(a)(1)–(3)(B)(ii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Notice"). 15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Notice, any "person" or "group of persons" who are members of the proposed class may apply to the

4

court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 77z-1(a)(3)(A)–(B); 15 U.S.C. § 78u-4(a)(3)(A)–(B).

Finally, within 90 days after publication of the Notice, the Court is required to consider any motion made by a class member and to appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). As this Court noted in *Ellenburg*, "the most adequate plaintiff is the person who 'has the largest financial interest in the relief sought by the class … and … otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *See* 262 F.R.D. at 265.

As demonstrated below, the RAAS Investor Group meets these requirements and should be appointed to serve as Lead Plaintiff.

### A. The RAAS Investor Group Has Timely Moved for Appointment as Lead Plaintiff

The RAAS Investor Group makes this motion for appointment as Lead Plaintiff on February 8, 2022 — within 60 days of the December 10, 2021 Notice. Each group member has signed and filed a certification, as well as a joint declaration, stating his or her willingness to serve as a representative party on behalf of the Class. *See* Chang Decl. Exs. B, D. In addition, the RAAS Investor Group has selected and retained experienced and competent counsel to represent the group members and the class. *See* Chang Decl. Ex. E.

5

Accordingly, the RAAS Investor Group is entitled to be considered for appointment as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### B. The RAAS Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

Based on the evidence contained in the group members' certifications, the RAAS Investor Group believes that it has the largest financial interest in the relief sought in this litigation. Specifically, members of the RAAS Investor Group have collectively purchased 28,241 shares of Cloopen ADSs pursuant or traceable to the Offering Documents and have suffered losses of approximately $416,524.05, as a result of Defendants' misconduct. *See* Chang Decl. Ex. C.[2] Because the RAAS Investor Group has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, the RAAS Investor Group should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).

---

[2] All members of the RAAS Investor Group held their Cloopen shares at the end of the Class Period (May 10, 2021). The value of their shares held is calculated based on $3.07 per share — the closing price of Cloopen ADSs on December 10, 2021, when this action was commenced. Using the 90-day look-back price (from May 11, 2021 to August 8, 2021) provided in 15 U.S.C. § 78u-4(e) — $7.56 — the RAAS Investor Group's estimated losses are $289,721.97.

### C. The RAAS Investor Group Satisfies Rule 23 of the Federal Rules of Civil Procedure

Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). Of the four prerequisites, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and, at this stage, those findings need only be "preliminary." *See In re Tronox, Inc.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009).

"Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *See id.* (citation omitted). Here, the claims asserted by the RAAS Investor Group are typical of the claims of the putative class because, like all other class members, the group purchased Cloopen ADSs at prices artificially inflated by Defendants' false and misleading statements or omissions, and suffered damages as a consequence. Since the claims are based on the same legal theories and arise from the same

7

events or conduct, typicality is satisfied. *See id.*; *see also* Herbert B. Newberg, *et al.*, NEWBERG ON CLASS ACTIONS § 3:13 (4th ed. 2008).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members, and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. The RAAS Investor Group is "adequate" to serve as a class representative in this litigation because its interests are clearly aligned with the interests of the putative class. The members of the RAAS Investor Group, like all other members of the class, suffered losses as a result of purchasing shares of Cloopen due to Defendants' allegedly wrongful conduct. The RAAS Investor Group will, therefore, benefit from the same relief as other class members. In short, there is absolutely no evidence of antagonism between the RAAS Investor Group and the putative class.

In addition, members of the RAAS Investor Group can function as a cohesive group because, as demonstrated in their joint declaration (Chang Decl. Ex. D), they have established a protocol to work together, are committed to representing the class, and share the same goal of obtaining the largest possible recovery for the class. *See, e.g.*, *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (appointing a group of investors as lead plaintiff); *Peters v. Jinkosolar Holding Co.*, 2012 U.S. Dist. LEXIS 38489, at *25 (S.D.N.Y. Mar. 19, 2012) (appointing a four-member group).

## II. The Court Should Approve the RAAS Investor Group's Selection of Bottini & Bottini, Inc. as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v).  In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The RAAS Investor Group has selected Bottini & Bottini, Inc. to represent the class.  The firm has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Chang Decl. Ex. E.  Specifically, Bottini & Bottini, Inc. has served as lead or co-lead counsel in many securities fraud class actions and recovered hundreds of millions of dollars for victims of securities fraud, as reflected by the firm's resume (attached as Exhibit E to the Chang Declaration).

As a result of Bottini & Bottini, Inc.'s extensive experience in securities litigation, the RAAS Investor Group's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the RAAS Investor Group's selection of legal counsel, the members of the class will receive the best legal representation available.

9

## CONCLUSION

For all the foregoing reasons, the RAAS Investor Group respectfully requests that the Court: (1) appoint the RAAS Investor Group or, in the alternative, a member of the group individually, as Lead Plaintiff; and (2) approve the group's selection of Bottini & Bottini, Inc. to serve as Lead Counsel.

Dated: February 8, 2022

Respectfully submitted,

BOTTINI & BOTTINI, INC.

s/ Albert Y. Chang

Francis A. Bottini, Jr.
(*pro hac vice* to be forthcoming)
Albert Y. Chang
Yury A. Kolesnikov
(*pro hac vice* to be forthcoming)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002
Email:         fbottini@bottinilaw.com
                 achang@bottinilaw.com
                 ykolesnikov@bottinilaw.com

*Counsel for Yong Li, Naji Petros Khamo, and Wendy Tsiopelas*

10

## CERTIFICATE OF WORD COUNT

The undersigned certifies that the foregoing memorandum complies with Section II.D of the Individual Practices of the Honorable John G. Koeltl. The undersigned further certifies that the memorandum was prepared using Microsoft Word (Century Schoolbook typeface at 12 points with double-spacing), and that, based on the word-count function of Microsoft Word, the memorandum contains 2,310 words, excluding the caption, prefatory tables, and the signature block.

Dated: February 8, 2022

BOTTINI & BOTTINI, INC.

s/ Albert Y. Chang

Francis A. Bottini, Jr.
(*pro hac vice* to be forthcoming)
Albert Y. Chang
Yury A. Kolesnikov
(*pro hac vice* to be forthcoming)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002
Email:       fbottini@bottinilaw.com
             achang@bottinilaw.com
             ykolesnikov@bottinilaw.com

*Counsel for Yong Li, Naji Petros Khamo, and Wendy Tsiopelas*