# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-10610-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT
GUOZHANG WANG'S MOTION FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

FACTUAL BACKGROUND ................................................................................... 4

ARGUMENT ........................................................................................................... 6

I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................... 6

     A.    The PSLRA Standard for Appointing Lead Plaintiff ............................ 6

     B.    Movant Is The "Most Adequate Plaintiff" ............................................ 7

          1.    Movant's Motion Is Timely ....................................................... 7

          2.    Movant Has A Substantial Financial Interest ............................. 8

          3.    Movant Satisfies Rule 23's Typicality and Adequacy Requirements ......... 9

               a.    Movant's Claims Are Typical of Those of the Class ...................... 9

               b.    Movant Satisfies the Adequacy Requirement of Rule 23 ............. 10

II.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .................... 11

CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

Cases                                                                                          Page(s)

*Denny v. Canaan, Inc.*,
    No. 21-cv-3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) ........................................ 8

*Faig v. Bioscrip, Inc.*,
    No. 13-CV-06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................. 9

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*,
    08 MDL 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ........................................... 10

*In re Braskem*,
    2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015) ........................................................................... 3

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .................................................................................................. 11

*In re Elan Corp. Sec. Litig.*,
    No. 08-CV-08761(AKH), 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ............................. 10

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................. 8

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................... 8

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
    No. 16-CV-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ................................ 9

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
    2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) ......................................................................... 2

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05-CV-9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ..................................... 8

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016) ..................................................................................... 9

*Lax v. First Merchs. Acceptance Corp.*,
    No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................. 8

*Martingano v. Am. Int'l Grp., Inc.*,
    No. 06-CV-1625(JG) (JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ........................... 7

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ............................... 7, 10

*Randall v. Fifth St. Fin. Corp.*,
   No. 15-CV-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ...................................... 9

*Tan v. NIO, Inc.*,
   No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ........................ 9

*Villare v. ABIOMED, Inc.*,
   2020 WL 3497285 (S.D.N.Y. June 29, 2020) ..................................................................... 2, 3

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ...................... 9

Statutes

15 U.S.C. § 77z-1(a)(1) ................................................................................................................ 6
15 U.S.C. § 77z-1(a)(3)(A)(i) ...................................................................................................... 7
15 U.S.C. § 77z-1(a)(3)(A)(i)(II) ................................................................................................ 11
15 U.S.C. § 77z-1(a)(3)(B) ...................................................................................................... 1, 6
15 U.S.C. § 77z-1(a)(3)(B)(i) ................................................................................................... 2, 7
15 U.S.C. § 77z-1(a)(3)(B)(iii) .................................................................................................... 8
15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ............................................................................................. 2, 7
15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ........................................................................................... 7, 11
15 U.S.C. § 77z-1(a)(3)(B)(v) ................................................................................................. 3, 11
15 U.S.C. § 78u-4(a)(1) ............................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(A)(i)(II) .............................................................................................. 11
15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................................. 2, 7
15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................ 8, 9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................. 3, 11
15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) ............................................................................................... 2
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .......................................................................................... 7, 11

Rules

Federal Rule of Civil Procedure 23 ................................................................................... passim
Rule 23(a) ...................................................................................................................................... 9
Rule 23(a)(4) ............................................................................................................................... 10

Other Authorities

*Securities Litigation Reform*,
   H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ..................... 12

Proposed Lead Plaintiff Guozhang Wang ("Movant") respectfully submits this Memorandum of Law pursuant to Section 27(a)(3)(B) of the Securities Act of 1934 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order of the following: (i) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who (a) purchased or otherwise acquired the American Depositary Shares ("ADSs") of Cloopen Group Holding Limited ("Cloopen" or the "Company") pursuant to and/or traceable to the Registration Statement and Prospectus issued in connection with the Company's February 2021 initial public offering ("IPO"), and/or (b) purchased or otherwise acquired the securities of Cloopen during the period of February 9, 2021 through and including May 10, 2021, both dates inclusive (the "Class Period"); (ii) approving Movant's selection of the law firms of Berger Montague PC ("Berger Montague") as Lead Counsel and Kirby McInerney LLP ("Kirby McInerney") as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who: (i) purchased or acquired Cloopen ADSs pursuant and/or traceable to the February 2021 IPO, and/or who (ii) purchased or acquired Cloopen securities during the Class Period, and who were damaged thereby (the "Class").[1] The above-captioned Action alleges violations of

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") A to the Declaration of Thomas W. Elrod ("Elrod Decl."), submitted concurrently herewith.  All exhibit

Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act against Cloopen, certain of its directors and officers, and the underwriters of the Company's IPO (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant has a substantial financial interest in this litigation.[2] Movant purchased 111,075 Cloopen ADSs during the Class

---

references are to the Elrod Decl.

[2] "[C]ourts in this Circuit typically examine four factors to determine a lead plaintiff's financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.' " *Villare v. ABIOMED, Inc.*, No. 19-cv-7319 (ER), 2020 WL 3497285, at *4 (S.D.N.Y. June 29, 2020) (quoting *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015)). "Of these factors, courts have consistently held that the fourth, the

Period, with a total Class Period expenditure of $3,278,372 and suffered total Class Period investment losses of $2,016,492 on a last-in-first-out (LIFO) basis for claims arising under the Exchange Act. *See* Ex. C. In addition, Movant has Section 11 damages of $1,064,282 under the Securities Act. *See id.* Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws. *See* Section I.B.2, *infra*.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims. *See* Section I.B.3, *infra*.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Both proposed Lead Counsel and proposed Local Counsel have decades worth of experience representing investors in shareholder litigation and securities class actions and have the expertise and resources necessary to handle this complex litigation. *See* Section II, *infra*.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for

---

magnitude of the loss suffered, is most significant." *Villare*, 2020 WL 3497285, at *4 (quoting *In re Braskem, S.A. Sec. Litig.,* No. 15-cv-5132 PAE, 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015) (collecting cases)).

the Class and approve his selection of Lead Counsel and Local Counsel.

## FACTUAL BACKGROUND

Cloopen claims to be the largest multi-capability cloud-based communications solution provider in China, purportedly providing a full suite of solutions covering communications platform as a service (CPaaS), cloud-based contact centers (cloud-based CC), and cloud-based unified communications and collaborations (cloud-based UC&C). The Company claims to have a diverse customer base across internet, telecommunications, financial services, education, industrial manufacturing, and energy industries.

In its February 2021 IPO, Cloopen sold 23 million ADSs at $16 per ADS, generating net proceeds of approximately $342 million. The Registration Statement represented that the Company's much-touted growth strategy, which relied upon cross-selling, up-selling, optimizing existing solutions, and developing new features, was effective, and that Cloopen was retaining, and even expanding, its customer base. It further indicated to investors that the Company was maintaining its key sales metrics, such as dollar-based net retention rate, which reflected its ability to increase existing customer revenue.

This Action alleges that Defendants' representations regarding Cloopen's growth strategy were materially false and misleading. Indeed, according to the Complaint, the Company's growth strategy was not working and its existing customers were abandoning the Company. Unbeknownst to investors, Cloopen's dollar-based net retention rate had plummeted during the fourth quarter of 2020, dropping well below the 94.7% rate reported for the nine months ended September 30, 2020. The plunging dollar-based net retention rate caused the Company's fiscal year 2020 retention rate to tumble to 86.8%, down from the Company's fiscal year 2019 retention rate of 102.7%.

Cloopen's Registration Statement further failed to disclose that an increasing number of its customers were refusing to pay, forcing the Company to record massive increases in its accounts receivables and allowance for doubtful accounts. The Registration Statement also failed to disclose that Cloopen was weighted down by massive liabilities related to the fair value of certain recently granted warrants.

On March 26, 2021, just over six weeks after its IPO, Cloopen shocked the market when it published its fourth quarter and full-year 2020 financial results, which closed on December 31, 2020 – more than a month before the IPO. On that date, Cloopen reported fourth quarter 2020 revenues of just $39.6 million ($2 million below analysts' consensus estimates), net loss of $46.8 million (representing a 466.9% increase year-over-year), and operating expenses of $27.6 million (representing a 30% increase over fourth quarter 2019). Defendants blamed a "change in fair value of warrant liabilities of . . . US$34.4 million" for Cloopen's remarkable net loss and "an increase in the provision for doubtful accounts resulting from increased in accounts receivables" for the 59.2% increase in general and administrative expenses. In response to this news, the price of Cloopen's ADSs fell $2.67 per ADS – or 18.5% – dropping from $14.42 per ADS on March 25, 2021 to $11.75 per ADS on March 26, 2021.

Thereafter, Defendants continued to mislead investors. For instance, during the March 26, 2021 earnings announcement and investor conference call, Cloopen's senior executives continued to misrepresent the Company's expansion strategy, failing to acknowledge that the strategy was not successful and that the Company's existing customer base was deteriorating.

Weeks later, on May 10, 2021, Cloopen belatedly revealed additional facts about its failed growth strategy and decreasing customer base, including that its dollar-based net retention rate

by year-end 2020 fell far below historical periods. As of the date of the filing of this Action, the price of Cloopen's ADSs had dropped as low as $2.70 per ADS – a decline of more than 80% from the IPO price of $16.

## ARGUMENT

## I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant, a Vancouver resident who has been in the import business for more than 22 years, respectfully submits that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial – if not the largest – financial interest in this litigation under both the Securities Act claims and the Exchange Act claims, and satisfies the typicality and adequacy requirements of Rule 23.

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(1); 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, both the Securities Act and the Exchange Act, as amended by the PSLRA, specify that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, No. 06-CV-1625(JG) (JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.      Movant Is The "Most Adequate Plaintiff"**

**1.      Movant's Motion Is Timely**

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *PR Newswire,* a widely circulated, business-oriented news wire service, on December 10, 2021. *See* Ex. B. The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed Lead

Plaintiff within sixty days after publication of the notice, *i.e.*, on or before February 8, 2022. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.    Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05-CV-9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).[3]

Movant has suffered losses of $2,016,492 on a LIFO basis for claims arising under the Exchange Act, as well as Section 11 damages of $1,064,282 under the Securities Act in connection with ADSs purchased pursuant or traceable to Cloopen's February 2021 IPO. *See* Ex. C; *see also*

---

[3] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, No. 21-cv-3299 (JPC), 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021). Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (internal quotations and citation omitted).

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-CV-7759 (LAK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489, at *2-3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-CV-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the Lead Plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the Lead Plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd*., 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

#### a. Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc*., No. 13-CV-06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of the federal securities laws, Defendants falsely

portrayed – in public statements including but not limited to in the Registration Statement and Prospectus issued in connection with the February IPO – the effectiveness of the Company's growth strategy, leading investors to believe that Cloopen was retaining and even expanding its customer base, as well as maintaining its key sales metrics such as dollar-based net retention rate, when, in fact, Cloopen's growth strategy was not working and its existing customers were leaving. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b.    Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on the following: "(1) the size, available resources and experience of the proposed Lead Plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 08-CV-08761(AKH), 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Berger Montague as proposed Lead Counsel and Kirby McInerney as proposed Local Counsel,

which have an extensive record of prosecuting securities class actions vigorously and efficiently. *See* Section II, *infra*. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II) & (B)(v); 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Cloopen investors here.

## II.   MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the

plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including the following, without limitation: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65 million); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million).

In addition, Movant has selected the law firm of Kirby McInerney to serve as Local Counsel. Kirby McInerney has over seventy years of experience representing investors in connection with securities litigation. The firm's efforts on behalf of shareholders in securities litigation have resulted in recoveries totaling billions of dollars.[4]

In light of the foregoing, by approving Movant's selection of the law firms of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should

---

[4] The firm biographies of Berger Montague and Kirby McInerney are available upon request.

approve this selection.

<u>**CONCLUSION**</u>

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order of the following: (i) appointing Movant Guozhang Wang as Lead Plaintiff; (ii) approving Movant's selection of the law firms of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: February 8, 2022

Respectfully submitted,

**KIRBY McINERNEY LLP**

/s/ *Thomas W. Elrod*
Thomas W. Elrod
Ira M. Press
250 Park Avenue, Suite 820
New York, York 10177
Telephone: (212) 371-6600
Email: telrod@kmllp.com
        ipress@kmllp.com

*Local Counsel for Lead Plaintiff Movant Guozhang*
*Wang and Proposed Local Counsel for the Class*

**BERGER MONTAGUE PC**
Sherrie R. Savett
Michael Dell'Angelo
Barbara Podell
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
        mdellangelo@bm.net
        bpodell@bm.net
        aabramowitz@bm.net

*Counsel for Lead Plaintiff Movant Guozhang Wang*
*and Proposed Lead Counsel for the Class*

13

## **<u>CERTIFICATE OF WORD COUNT</u>**

Pursuant to Judge Koeltl's Individual Practices, I hereby certify that this memorandum of

law contains 3,613 words.

<u>*/s/ Thomas W. Elrod*</u>
Thomas W. Elrod

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Thomas W. Elrod*_____
Thomas W. Elrod