**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOYAN DONG, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-10610-JGK |
| Plaintiff, | |
| v. | |
| CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE COGENCY DEFENDANTS'**
**JOINDER IN CLOOPEN GROUP HOLDING LIMITED'S MOTION TO DISMISS**

K&L GATES  LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900

*Attorneys for Defendants Cogency Global Inc.*
*and Colleen A. De Vries*

Defendants Cogency Global Inc. and Colleen A. DeVries (together, the "Cogency Defendants"), by and through their undersigned counsel, to avoid duplication and for efficiency, hereby join in the Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") filed by Defendant Cloopen Group Holding Limited ("Cloopen") on July 15, 2022.  The Cogency Defendants expressly join in, adopt and incorporate by reference herein the factual background and all of the arguments and authorities set forth in Cloopen's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint, and respectfully request that the Court dismiss the Amended Complaint with prejudice.

Additionally, the claims asserted against Ms. DeVries should be dismissed because she did not sign the Registration Statement in her personal capacity but as an employee of Cogency Global. Indeed, the Amended Complaint concedes, as it must, that Cogency Global "was Cloopen's authorized U.S. representative for purposes of the IPO" (Am. Compl. ¶ 40) and that Ms. DeVries "signed the Registration Statement for the IPO as an employee of Defendant Cogency Global." *Id.*  As the Offering Documents make clear, it is Cogency Global, not Ms. DeVries personally, that was Cloopen's duly authorized representative in the United States and signed the Registration Statement.  Declaration of Joanna A. Diakos in Support of the Cogency Defendants' Joinder in Cloopen's Motion to Dismiss ("Diakos Decl.") ¶ 3, Exhibit 1 (Form F-1) at II-10 (signature block of duly authorized representative identifying "Cogency Global Inc." as the duly authorized representative in the United States); *see also* Ex. 1 at Cover Page (identifying Cogency Global Inc. as agent for service); at 7 (same); at 90 ("We have appointed Cogency Global Inc. . . . as our agent upon whom process may be served in any action brought against us under the securities laws of the United States."); Ex. 2 (Amendment No. 1 to Form F-1) at II-10 (signature block of duly authorized representative identifying "Cogency Global Inc." as the duly authorized representative

1

in the United States); Ex. 3 (Amendment No. 2 to Form F-1) at II-10 (same).  To the extent that Plaintiff purports to allege that Ms. DeVries was the duly authorized representative, such allegations are flatly contradicted by the Registration Statement upon which Plaintiff's Amended Complaint relies.  Accordingly, Plaintiff's claims against Ms. DeVries as an individual defendant are without merit and should be dismissed with prejudice.

Further, Plaintiff's Section 15 claims against the Cogency Defendants should be dismissed because there is no support for the notion that a duly authorized representative can be considered a control person.  Indeed, cases finding control person liability typically involve defendants who are officers or directors of the subject entity.  *See, e.g.*, *Federal Housing Finance Agency v. Nomura Holding America, Inc.*, 104 F. Supp. 3d 441, 580 (S.D.N.Y. 2015) ("All five Individual Defendants were officers and/or directors of some combination of the primary violators; Nomura Securities, NAAC, and NHELI.").  Accordingly, the Section 15 claims against Cogency Global should be dismissed with prejudice.

## CONCLUSION

For all of these reasons and those set forth in Cloopen's Memorandum of Law in Support of its Motion to Dismiss, the Cogency Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

Dated:  July 15, 2022

Respectfully submitted,

K&L GATES LLP

By: /s/ *Joanna A. Diakos*

    Joanna A. Diakos, Esq.
    K&L Gates LLP
    599 Lexington Avenue
    New York, New York 10022
    Tel.:  (212) 536-3900
    Fax:  (212) 536-3901
    Email:  joanna.diakos@klgates.com

*Attorneys for Defendants Cogency Global Inc. and Colleen A. DeVries*

3