# Exhibit 1

Case 1:21-cv-10610-JGK-RWL   Document 97-1   Filed 07/15/22   Page 2 of 5

F-1 1 a2242756zf-1.htm F-1

Use these links to rapidly review the document

TABLE OF CONTENTS
TABLE OF CONTENTS 2

Table of Contents

**As filed with the Securities and Exchange Commission on January 19, 2021**

**Registration No. 333-**

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

## FORM F-1
**REGISTRATION STATEMENT**
**Under**
**The Securities Act of 1933**

# Cloopen Group Holding Limited
(Exact name of Registrant as specified in its Constitution)

| **Cayman Islands** | **7372** | **Not Applicable** |
|---|---|---|
| (State or other jurisdiction of incorporation or organization) | (Primary Standard Industrial Classification Code Number) | (I.R.S. Employer Identification Number) |

**16/F, Tower A, Fairmont Tower**
**33 Guangshun North Main Street**
**Chaoyang District, Beijing**
**People's Republic of China**
**(86) 10-5282-3178**
(Address, including zip code, and telephone number, including area code, of Registrant's principal executive offices)

**Cogency Global Inc.**
**122 East 42nd Street, 18th Floor**
**New York, NY 10168**
**(800) 221-0102**
(Name, address, including zip code, and telephone number, including area code, of agent for service)

**Copies to:**

| | |
|---|---|
| **Dan Ouyang, Esq.**<br>**Wilson Sonsini Goodrich & Rosati**<br>**Professional Corporation**<br>**Unit 2901, 29F, Tower C, Beijing Yintai**<br>**Centre**<br>**No. 2 Jianguomenwai Avenue**<br>**Chaoyang District, Beijing 100022**<br>**People's Republic of China**<br>**(86) 10-6529-8300** | **Z. Julie Gao, Esq.**<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>**c/o 42/F, Edinburgh Tower, The Landmark**<br>**15 Queen's Road Central**<br>**Hong Kong**<br>**(852) 3740-4700** |
| **Robert G. Day, Esq.**<br>**Wilson Sonsini Goodrich & Rosati**<br>**Professional Corporation**<br>**650 Page Mill Road**<br>**Palo Alto, California 94304**<br>**(650) 493-9300** | |

**Approximate date of commencement of proposed sale to the public:**
**As soon as practicable after the effective date of this registration statement.**

Table of Contents

we have, during the previous three-year period, issued more than US$1.0 billion in non-convertible debt; or (4) the date on which we are deemed to be a "large accelerated filer" under the Securities Exchange Act of 1934, as amended, or the Exchange Act, which would occur if we have been a public company for at least 12 months and the market value of the ADSs that are held by non-affiliates exceeds US$700 million as of the last business day of our most recently completed second fiscal quarter. Once we cease to be an emerging growth company, we will not be entitled to the exemptions provided in the JOBS Act discussed above.

**Corporate Information**

Our principal executive offices are located at 16/F, Tower A, Fairmont Tower, 33 Guangshun North Main Street, Chaoyang District, Beijing, the PRC. Our telephone number at this address is (86) 10-5282-3178. Our registered office in the Cayman Islands is located at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

Investors should submit any inquiries to the address and telephone number of our principal executive offices. Our corporate website is *www.yuntongxun.com*. The information contained on our websites is not a part of this prospectus. Our agent for service of process in the United States is Cogency Global Inc., located at 122 East 42nd Street, 18th Floor, New York, NY 10168.

**Conventions that Apply to this Prospectus**

Unless we indicate otherwise and for the purpose of this prospectus only:

- "active customers" at the end of any period refers to customers which had over RMB50 in annual spending in the preceding 12 months;

- "ADRs" refers to the American depositary receipts, which, if issued, evidence the ADSs;

- "ADSs" refers to our American depositary shares, each of which represents                    C lass A ordinary share(s);

- "AI" or "artificial intelligence" refers to intelligence demonstrated by machines, in contrast to the natural intelligence displayed by humans and other animals;

- "API" or "application programming interface" refers to an application-specific computing interface that allows third parties to utilize and extend the features and functions of the application;

- "A2P SMS" or "application-to-person short message service" refers to a one-way process of sending messages from an application to mobile users;

- "CAGR" refers to compound annual growth rate;

- "CC" or "contact center" refers to a business's central point for managing all communications with customers, including customer service and acquisition, through all channels;

- "CPaaS" or "communications platform as a service" refers to a cloud-based solution that allows enterprises to add real-time communications capabilities such as voice and messaging to their applications and systems by deploying APIs and SDKs;

- "China" or "PRC" refers to the People's Republic of China, excluding, for the purposes of this prospectus only, Taiwan, the Hong Kong Special Administrative Region and the Macau Special Administrative Region;

- "Class A ordinary shares" refers to our Class A ordinary shares, par value US$0.0001 per share, upon the completion of this offering;

7

Case 1:21-cv-10610-JGK-RWL Document 97-1 Filed 07/15/22 Page 4 of 5

Table of Contents

**ENFORCEABILITY OF CIVIL LIABILITIES**

We are incorporated under the laws of the Cayman Islands to take advantage of certain benefits associated with being a Cayman Islands exempted company:

- political and economic stability;

- an effective judicial system;

- a favorable tax system;

- the absence of foreign exchange control or currency restrictions; and

- the availability of professional and support services.

However, certain disadvantages accompany incorporation in the Cayman Islands. These disadvantages include, but are not limited to, the following:

- the Cayman Islands has a less developed body of securities laws than the United States and these securities laws provide significantly less protection to investors; and

- Cayman Islands companies may not have standing to sue before the federal courts of the United States.

Our constitutional documents do not contain provisions requiring that disputes, including those arising under the securities laws of the United States, between us, our officers, directors and shareholders, be arbitrated.

We conduct all of our operations outside the United States, and substantially all of our assets are located outside the United States. Substantially all of our officers are nationals or residents of jurisdictions other than the United States and a substantial portion of their assets are located outside the United States. As a result, it may be difficult or impossible for a shareholder to effect service of process within the United States upon us or these persons, or to enforce against us or them judgments obtained in United States courts, including judgments predicated upon the civil liability provisions of the securities laws of the United States or any state in the United States.

We have appointed Cogency Global Inc., located at 122 East 42nd Street, 18th Floor, New York, NY 10168, as our agent upon whom process may be served in any action brought against us under the securities laws of the United States.

**Cayman Islands**

We have been advised by Maples and Calder (Hong Kong) LLP, our counsel as to Cayman Islands law, that the Cayman Islands are not a party to any treaties for the reciprocal recognition and enforcement of judgments of U.S. courts in civil and commercial matters and that there is uncertainty as to whether the courts of the Cayman Islands would (1) recognize and enforce judgments of U.S. courts obtained against us or our directors or officers that are predicated upon the civil liability provision of the federal securities laws of the United States or the securities laws of any state in the United States, or (2) entertain original actions brought in the Cayman Islands against us or our directors or officers that are predicated upon the federal securities laws of the United States or the securities laws of any state in the United States.

We have also been advised by Maples and Calder (Hong Kong) LLP that, although there is no statutory recognition in the Cayman Islands of judgments obtained in the federal or state courts of the U.S., a judgment obtained in such jurisdiction will be recognized and enforced in the courts of the Cayman Islands at common law, without any re-examination of the merits of the underlying dispute, by an action commenced on the foreign judgment debt in the Grand Court of the Cayman Islands, provided such judgment (1) is given by a foreign court of competent jurisdiction,

90

Case 1:21-cv-10610-JGK-RWL   Document 87-1   Filed 07/15/22   Page 5 of 5

Table of Contents

**SIGNATURE OF AUTHORIZED REPRESENTATIVE IN THE UNITED STATES**

Pursuant to the Securities Act of 1933, the undersigned, the duly authorized representative in the United States of Cloopen Group Holding Limited, has signed this registration statement or amendment thereto in New York on January 19, 2021.

COGENCY GLOBAL INC.
Authorized U.S. Representative

By:  /s/ COLLEEN A. DE VRIES

Name:   Colleen A. De Vries
Title:    Senior Vice President

II-10