**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>    Defendants. | Case No.: 1:21-cv-10610-JGK |

## RULE 26(f) REPORT AND PROPOSED CASE MANAGEMENT ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, attorneys for Lead Plaintiff Guozhang Wang ("Lead Plaintiff") and Defendants Cloopen Group Holding Limited ("Cloopen"), Changxun Sun, Yipeng Li, Xiegang Xiong, and Cheng Luo (collectively with Cloopen, the "Cloopen Defendants")[1]; Cogency Global Inc. and Colleen A. DeVries (collectively, the "Cogency Defendants"); and Goldman Sachs (Asia) L.L.C., Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, Tiger Brokers (NZ) Limited, and

---

[1] Xiaodong Liang, Zi Yang, Ming Liao, Feng Zhu, Lok Yan Hui, Jianhong Zhou, Ching Chiu, and Yunhao Liu have not been served nor appeared in this action. Kui Zhou and Qingsheng Zheng received the Amended Complaint and related papers, and are in the process of retaining counsel, but did not retain counsel prior to the Rule 26(f) meeting.

Futu Inc. (collectively, the "Underwriter Defendants," and together with the Cloopen Defendants and Cogency Defendants, "Defendants") met and conferred on March 22, April 4, and April 5, 2023 to discuss case management issues. Lead Plaintiff and Defendants (the "Parties") jointly submit this 26(f) Report.

## I. The Nature of the Case:

### A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

*Attorneys for Lead Plaintiff and the Class:*

Michael Dell'Angelo
Barbara A. Podell
Andrew Abramowitz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
mdellangelo@bm.net
bpodell@bm.net
aabramowitz@bm.net

*Attorneys for Court Appointed Lead Plaintiff Guozhang Wang and Proposed Lead Counsel for the Class*

Ira M. Press
Thomas W. Elrod
KIRBY McINERNEY LLP
250 Parke Avenue, Suite 820
New York, NY 10177
Tel: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com

*Liaison Counsel for Court Appointed Lead Plaintiff Guozhang Wang and Proposed Liaison Counsel for the Class*

*Counsel for Defendants Cloopen Group Holding Limited, Changxun Sun, Yipeng Li, Xiegang Xiong, and Cheng Luo:*

Sheryl Shapiro Bassin
WILSON SONSINI GOODRICH
   & ROSATI, P.C.
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
sbassin@wsgr.com

Ignacio E. Salceda
WILSON SONSINI GOODRICH
   & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 493-6811
ISalceda@wsgr.com

*Counsel for Defendants Cogency Global Inc. and Colleen A. DeVries:*

Joanna A. Diakos
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901
joanna.diakos@klgates.com

2

*Counsel for Goldman Sachs (Asia) L.L.C., Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, Tiger Brokers (NZ) Limited, and Futu Inc.:*

Todd G. Cosenza
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
tcosenza@willkie.com
ccording@willkie.com

B.   **The nature of the claims asserted in the Complaint.**

This is a purported securities class action brought by Lead Plaintiff on behalf of all persons who: (a) purchased or otherwise acquired Cloopen American Depositary Shares ("ADS") pursuant and/or traceable to the registration statement and prospectus ("Registration Statement") issued in connection with Cloopen's February 9, 2021 initial public offering ("IPO"); and/or (b) purchased or otherwise acquired Cloopen securities between February 9, 2021 and May 10, 2021, inclusive (the "Class Period"). ECF 84. Lead Plaintiff brings claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against all named defendants and claims under Section 10(b) and 20 of the Securities Exchange Act of 1934 (the "Exchange Act") against Cloopen, Changxun Sun, and Yipeng Li.

On March 16, 2023, the Court issued an Order and Opinion denying the Motions to Dismiss filed by Cloopen, the Cogency Defendants, and the Underwriter Defendants. ECF 113. Defendants will file responsive pleadings in answer to the Complaint on April 17, 2023. ECF 115.

C.   **The major legal and factual issues in the case.**

The major legal and factual issues in the case are set forth in the Amended Class Action Complaint. ECF 84. Lead Plaintiff alleges that the Registration Statement for Cloopen's IPO

3

contained materially false and misleading statements and omissions. These alleged misstatements and omissions relate to three subjects covered in the Registration Statement: (1) the issuance and exercise of a particular warrant for Cloopen's series F preferred shares ("Series F Warrant"); (2) Cloopen's dollar-based net customer retention rate, which illustrates Cloopen's ability to increase revenue generated from its existing customer base in relation to solutions that Cloopen offers on a recurring basis, during the fourth quarter of fiscal year 2020 ("Q4 2020"); and (3) the degree of non-payment from Cloopen customers during Q4 2020. Lead Plaintiff also alleges that the challenged alleged omissions violated Items 303 and 105 of SEC Regulation S-K.

Defendants deny each and all of the claims and contentions alleged by Lead Plaintiff, and deny all charges of wrongdoing or liability arising out of the alleged misstatements and omissions. Defendants also deny that Lead Plaintiff or any purported class member has suffered damage, or were otherwise harmed by the alleged conduct.

    **D.**    **Discovery Plan.**

        **(1)**    **The Parties will serve initial disclosures by April 24, 2023;**

        **(2)**    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Parties will seek documents, depositions, requests for admissions and interrogatories relating to both Lead Plaintiff's forthcoming motion for class certification and the merits to this action. The Parties generally agree that the Amended Class Action Complaint (ECF 84) defines the subjects on which merits discovery may be needed. At this time, the Parties do not believe that discovery should be conducted in phases or limited to particular issues.

**(a)     Class Certification Discovery**

Lead Plaintiff has proposed to file a motion for class certification by May 26, 2023. The Parties agree that discovery related to class certification must be conducted prior to the deadline for Defendants' opposition to Lead Plaintiff's motion for class certification.

**(b)     Merits Discovery**

The Parties propose to coordinate merits discovery with *St. John v. Cloopen Group Holding Limited et al.*, Index No. 652617/2021 (N.Y. Sup. Ct., N.Y. Cnty.) (the "State Action") including coordinated document productions in this Action and the State Action, and joint depositions subject to agreement from the plaintiff in the State Action.

To date, Lead Plaintiff has not received any document productions; the Cloopen Defendants have not produced any documents in the State Action or this Action; and the Cogency Defendants and Underwriter Defendants have made document productions in the State Action. The Parties have agreed that the Cogency Defendants and Underwriter Defendants will produce to Lead Plaintiff all documents and information that they previously produced in the State Action within 7 days following the filing of the Confidentiality Stipulation governing this Action. Thereafter, Defendants will simultaneously produce to Lead Plaintiff all documents and information produced in the State Action. Defendants' productions shall bear the same Bates numbers and be subject to the same ESI Protocol and production format as in the State Action, unless otherwise agreed. The Parties will promptly meet and confer to negotiate the specific procedures concerning those productions.

**(3)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The Parties will file a proposed ESI Protocol and Confidentiality Stipulation governing this action by May 1, 2023.

> **(4)** Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The Parties will prepare privilege logs pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. In addition, a significant portion of the discovery that may be relevant to this Action is located in the People's Republic of China, where discovery efforts may be impeded by (i) Chinese data and privacy laws, including but not limited to the Data Security Law of the People's Republic of China, the Personal Information Protection Law of the People's Republic of China, and the Securities Law of the People's Republic of China; and (ii) new or ongoing COVID-19-related lockdowns in the People's Republic of China.[2]  Defendants represent that they will make good faith efforts to comply with the discovery schedule in this Action, but they maintain that these issues may make it necessary, at some point in the future, to request a good faith extension of this schedule.  Lead Plaintiff agrees to meet and confer in good faith concerning any such extension request if and when it is made.

> **(5)** What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

The Parties do not currently propose any changes to the limitations on discovery, without waiver of their rights to seek limitations or changes as discovery progresses.

---

[2] While Cloopen has requested permission from the Ministry of Justice of the People's Republic of China to transfer potentially relevant documents to the United States for review and potential production in the State Action, such approval has not yet been granted as of the date of this Report, and Cloopen is not able to estimate when such approval may be granted, if any.  As a result, Cloopen has not produced any documents to date in the State Action.

   **(6)**  **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and(c).**

The Parties intend to jointly submit a proposed confidentiality and protective order for the Court's consideration pursuant to Rule 26(c) by May 1, 2023. The Parties note that they could not reach agreement on the proposed schedule for class certification and dispositive motions. Accordingly, the Parties' respective positions are set forth below.

   **E.**  **State the relief sought by any of the parties.**

Lead Plaintiff seeks damages for his losses and those of the purported class.

   **F.**  **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s). Identify all federal statutes on which federal question jurisdiction is based.**

Lead Plaintiff's claims arise under Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77o; Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). This Court has jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), Section 22 of the Securities Act (15 U.S.C. § 77v(a)), and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).

**II.** **Status of Service: Identify any defendants that have not been served.**

 All Defendants, as that term is defined herein, have been served. Xiaodong Liang, Zi Yang, Ming Liao, Feng Zhu, Lok Yam Hui, Jianhong Zhou, Ching Chiu, and Yunhao Liu have not been served. Kui Zhou and Qingsheng Zheng received the Amended Complaint and related papers, and are in the process of retaining counsel.

**III.    Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.**

Counsel have advised the Parties that they may proceed before a Magistrate Judge. There is not unanimous agreement to proceed before a Magistrate Judge.

**IV.    Motions:**

    **A.    Briefly describe any pending motions.**

There are no pending motions.

    **B.    State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants will file Answers on April 17, 2023.

**V.    Case Plan:**

    **A.    A date for Rule 26(a)(1) disclosures;**

April 24, 2023

    **B.    First date by which to issue written discovery;**

The Parties will serve initial discovery requests on or before April 24, 2023.

The Parties will serve responses and objections to the initial discovery requests within 30 days after service of each discovery request.

    **C.    A fact discovery completion date;**

Lead Plaintiff proposes September 15, 2023 for the close of fact discovery, subject to additional discovery produced pursuant to decisions on outstanding discovery motions.

While Defendants are amenable to the proposed September 15, 2023 close of discovery deadline, which is intended to keep this Action coordinated with the State Action, Defendants propose that, if the discovery schedule is extended in the State Action, it should also be extended in this Action to keep the actions coordinated. In particular, as noted above, a significant portion of the discovery that may be relevant to this Action is located in the People's Republic of China,

where discovery efforts may be impeded by (i) Chinese data and privacy laws, including but not limited to the Data Security Law of the People's Republic of China, the Personal Information Protection Law of the People's Republic of China, and the Securities Law of the People's Republic of China; and (ii) new or ongoing COVID-19-related lockdowns in the People's Republic of China. Defendants represent that they will make good faith efforts to comply with the discovery schedule in this Action, but they maintain that these issues may make it necessary, at some point in the future, to request a good faith extension of this schedule.

      **D.**    **An expert discovery completion date, including dates for the delivery of expert reports;**

**The Parties' Proposal for Expert Discovery:**

The Parties exchange expert reports by October 2, 2023.

The Parties exchange rebuttal reports by November 1, 2023.

Completion of expert discovery by December 1, 2023.

Defendants agree to the proposed schedule for expert discovery, which keeps this Action coordinated with the State Action, but again note that for the reasons referenced above regarding discovery in the People's Republic of China, Defendants may request good faith extensions of the schedule, and reserve their rights to do so.

      **Proposals for Class Certification Motion Schedule**

The Parties could not reach agreement regarding the class certification motion schedule. The Parties' respective positions are set forth below.

*Lead Plaintiff's Proposal for Class Certification Motion:*

Lead Plaintiff files Motion for Class Certification by May 26, 2023.

Defendants file opposition within 60 days after service of the Motion.

Lead Plaintiff files a reply within 30 days after service of Defendants' opposition.

Under Lead Plaintiff's proposal, Defendants will have nearly four months to conduct class discovery of a single, non-institutional Lead Plaintiff and 60 days to file an opposition brief which is twice that provided by the Federal and Local Rules. The class issues are not particularly complex, as evidenced by Defendants' stipulation to class certification of a Section 11 and 15 class in the State action. *Sonny St John v. Cloopen Group Holding Limited*, Index No. 652617/20219, NYSCEF Doc. No 23 (New York Cty. Sup. Ct.), ECF 100. Lead Plaintiff's intention is not to inhibit Defendants' ability to conduct class discovery. If, despite reasonable diligence, the parties are unable to complete class discovery in advance of the response deadline, Lead Plaintiff is amenable to an appropriate extension of the deadline.

*Defendants' Proposal for Class Certification Motion:*

Lead Plaintiff files Motion for Class Certification by May 26, 2023.

Defendants file opposition by July 28, 2023.

Lead Plaintiff files a reply by August 28, 2023.

Defendants' proposal, with dates certain, is intended to enable Defendants to have sufficient time to conduct and complete class certification discovery prior to the opposition deadline. Lead Plaintiff's proposal does not ensure that Defendants will have sufficient time to conduct and complete class certification discovery as Lead Plaintiff has indicated it wishes to preserve flexibility to serve the class certification motion early. Without an agreed upon date certain for the opposition papers, or an agreement that Lead Plaintiff will wait to file its motion for class certification until after Lead Plaintiff has served its responses and objections to Defendants' discovery requests, Defendants are unable to ensure they will receive discovery from Lead Plaintiff in time to oppose the class certification motion. While Lead Plaintiff claims that his "intention is not to inhibit Defendants' ability to conduct class discovery," Defendants cannot understand any

other reason why Lead Plaintiff would not agree to Defendants' proposed schedule, which sets dates for the opposition brief and reply brief at the same intervals proposed by Lead Plaintiff (60 days for Defendants' opposition and 30 days for Plaintiff's reply). Nor has Lead Plaintiff explained why he is unwilling to agree to Defendants' proposed schedule. Moreover, Lead Plaintiff states that Defendants will have "nearly four months to conduct class discovery," but given that Lead Plaintiff has indicated he may file the motion for class certification earlier than May 26, Defendants could be left with two months to conduct discovery (of which Lead Plaintiff has 30 days just to respond to document requests) and a deposition and draft an opposition.[3] The lack of dates certain ensuring that Defendants will have time to conduct class certification discovery would prejudice Defendants' ability to respond to the class certification motion.

### E. A date for the filing of dispositive motions.

The Parties could not reach agreement regarding the dispositive motion schedule. The Parties' respective positions are set forth below.

<u>*Lead Plaintiff's Proposal for Dispositive Motions:*</u>

Dispositive motions by January 16, 2024.

Opposition briefs by February 16, 2024.

Reply briefs by March 15, 2024.

---

[3] In the State Action, the defendants had nearly three months to complete class certification discovery and draft an opposition to the plaintiff's motion for class certification, and the plaintiff agreed to shorten his own deadlines to respond to document requests to 3 days and produce documents to 14 days thereafter to ensure that defendants had adequate time to complete discovery. State Action, NYSCEF Doc. No. 75. In this Action, however, Lead Plaintiff has not provided similar assurances that he will produce class certification discovery on an abbreviated timeline to ensure that Defendants will have sufficient time to review such discovery and draft an opposition.

*Defendants' Proposal for Dispositive Motions:*

As explained (*supra*, n.2), while Cloopen has requested permission from the Ministry of Justice of the People's Republic of China to transfer potentially relevant documents to the United States for review and potential production in the State Action, such approval has not yet been granted, and Cloopen is not able to estimate when such approval may be granted, if any. Accordingly, any dispositive motion schedule, and in particular any dispositive motion schedule requiring the submission of dispositive motions in January 2024, is premature at this stage.

Defendants will promptly meet and confer with Lead Plaintiff regarding an appropriate dispositive motion schedule if and when Cloopen's documents reach the United States from China for potential production in this Action and the State Action. Defendants request that the Court stay the entry of a dispositive motion schedule until Cloopen has received approval for the transfer of potentially relevant documents from China to the United States and the Parties can meet and confer regarding the schedule. Should the Court be inclined to enter a dispositive motion schedule now, Defendants propose the following schedule:

Dispositive motions by February 1, 2024.

Opposition briefs by March 14, 2024.

Reply briefs by April 15, 2024.

### F. With respect to trial, indicate the following:

(1) Whether a jury trial is requested; and

(2) The probable length of trial.

The Parties request a jury trial and estimate that it will take approximately 10 business days.

**VI.    Status of Settlement Discussions:**

    **A.**    **Indicate whether any settlement discussions have occurred;**

On February 13, 2023, Lead Plaintiff, Cloopen, the Cogency Defendants, and the Underwriter Defendants participated in a mediation session with Robert A. Meyer, Esq. They were unable to resolve the Action during that mediation session but have continued informal settlement discussions with the assistance of Mr. Meyer.

    **B.**    **Describe the status of any settlement discussions; and**

Pending.

    **C.**    **Whether the parties request a settlement conference.**

The Parties request a settlement conference.

Dated: April 5, 2023                                  Respectfully submitted,

                                              By:    */s/ Michael Dell'Angelo*
                                                          Michael Dell'Angelo
                                                          Barbara A. Podell
                                                          Andrew Abramowitz
                                                          **BERGER MONTAGUE PC**
                                                          1818 Market Street, Suite 3600
                                                          Philadelphia, PA 19103
                                                          Tel: (215) 875-3000
                                                          mdellangelo@bm.net
                                                          bpodell@bm.net
                                                          aabramowitz@bm.net

                                                          *Attorneys for Court Appointed Lead Plaintiff Guozhang Wang and Proposed Lead Counsel for the Class*

                                                          */s/ Ira M. Press*
                                                          Ira M. Press
                                                          Thomas W. Elrod
                                                          **KIRBY McINERNEY LLP**
                                                          250 Parke Avenue, Suite 820
                                                          New York, NY 10177
                                                          Tel: (212) 371-6600
                                                          ipress@kmllp.com

telrod@kmllp.com

*Liaison Counsel for Court Appointed Lead Plaintiff Guozhang Wang and Proposed Liaison Counsel for the Class*


**WILSON SONSINI GOODRICH & ROSATI, P.C.**

 /s/ *Sheryl Shapiro Bassin*
Sheryl Shapiro Bassin
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019
Tel.: (212) 999-5800
Fax: (212) 999-5899
sbassin@wsgr.com

Ignacio E. Salceda (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, California 94304
Tel.: (650) 493-9300
Fax: (650) 493-6811
Email: ISalceda@wsgr.com

*Counsel for Defendants Cloopen Group Holding Limited, Changxun Sun, Yipeng Li, Xiegang Xiong, and Cheng Luo*

**K&L GATES LLP**

 /s/ *Joanna A. Diakos*
Joanna A. Diakos
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901
joanna.diakos@klgates.com

*Counsel for Defendants Cogency Global Inc. and Colleen A. DeVries*

**WILLKIE FARR & GALLAGHER LLP**

 /s/ *Todd G. Cosenza*
Todd G. Cosenza

Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
tcosenza@willkie.com
ccording@willkie.com

*Counsel for Goldman Sachs (Asia) L.L.C., Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, Tiger Brokers (NZ) Limited, and Futu Inc.*