## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>    v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>           Defendants. | Case No.: 1:21-cv-10610-JGK<br><br>This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time. |

## STIPULATION AND [~~PROPOSED~~] ORDER FOR THE EXCHANGE OF CONFIDENTIAL INFORMATION

Discovery requests and subpoenas served in this action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c) and other private or competitively or otherwise sensitive information for which special safeguarding and protection from public disclosure and from use for any purpose other than prosecuting this action is warranted. Accordingly, the Parties[1]

---

[1] Party and Parties are signatories to this Stipulation and [Proposed] Order for the Exchange of Confidential Information, and party and parties are any individuals or entities obligated to produce documents or give testimony in connection with this action. Defendants Xiaodong Liang, Zi Yang, Ming Liao, Feng Zhu, Lok Yan Hui, Jianhong Zhou, Ching Chiu, and Yunhao Liu (together, the "Unserved Defendants") have not been served with the Amended Complaint. The Unserved Defendants reserve all rights.

1

hereby stipulate to the following Stipulation and [Proposed] Order for the Exchange of Confidential Information ("Stipulation") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

1.    **Scope.** This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that merits confidential treatment (hereinafter the "Documents" or "Testimony").  All materials produced or adduced in the course of discovery in the above-captioned action, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material given or exchanged, as well as information derived directly therefrom including any summary, compilation, notes, electronic images, or database, shall be subject to this Stipulation concerning Confidential Information or Highly Confidential – Attorney's Eyes-Only Information, as defined below.  This Stipulation is subject to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Federal Rules of Civil Procedure.

2.    **Designating Confidential or Highly Confidential – Attorney's Eyes-Only Materials.**  Any party may designate Documents produced, or Testimony given, in connection with this action as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information," by notation on each page of the Document so designated in a manner that will not interfere with the legibility of the document, by statement on the record of the deposition, by written advice to the respective counsel for all affected parties, or by other appropriate means.  For documents produced in native format, the Producing Party must endeavor to include, to the extent technologically feasible, the words "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" in either the native file name or on the Bates-numbered slip

sheet produced with the native file or on the media containing the Confidential Information. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Stipulation. Any copies[2] that are made of any documents marked Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information are not required to be marked.

    3.    **Definitions.** As used herein:

        a.    "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain (a) trade secrets; (b) proprietary research, business, technical, commercial, or financial information; (c) competitively sensitive information; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (f) personnel or employment records; or (g) other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

---

[2] As used in this Stipulation, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.

b.  "Highly Confidential – Attorney's Eyes-Only Information" shall mean any Confidential Information that is of such a private, sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified in paragraph 6 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or significant interests of the Producing Party. A designation of Confidential Information as Highly Confidential – Attorney's Eyes-Only Information constitutes a representation that such information has been reviewed by an attorney for the Producing Party; that there is a valid, good-faith basis for such a designation; and that such information will not be adequately protected by a designation of "Confidential Information" alone. The Parties agree, for example, that Highly Confidential – Attorney's Eyes-Only Information might include (i) sensitive or proprietary information about Cloopen's customers, some of which are state-owned enterprises of the People's Republic of China; or (ii) contractual terms or other sensitive or proprietary details concerning Cloopen's business relationships with clients and/or customers; and that any other categories of information qualifying as Highly Confidential – Attorney's Eyes-Only Information must be similarly impactful. The Parties anticipate that Highly Confidential – Attorney's Eyes-Only Information will constitute a small subset not only of all Documents produced in this litigation, but of those Documents designated as Confidential.

4

    c.    "Producing Party" shall mean the party producing Confidential Information or Highly Confidential – Attorney's Eyes-Only Information in connection with depositions, document production, or otherwise or the party asserting the confidentiality, as the case may be.

    d.    "Receiving Party" shall mean the party receiving Confidential Information or Highly Confidential – Attorney's Eyes-Only Information in connection with depositions, document production, subpoenas, or otherwise.

4.    **Challenges by a Party to Designation as Confidential Information.** The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur with the designation of a document or other material as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written notification, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information. If the motion is filed, the documents or other materials shall be deemed Confidential Information or Highly Confidential – Attorney's Eyes-Only Information unless and until the Court rules otherwise. On such a motion, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.

5.    **Limited Third-Party Disclosure of Confidential Information.** Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

a.     personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein or in supervising outside counsel and who have been advised of their obligations hereunder;

b.     counsel for the Parties to this action, including any appeal thereof, and their associated attorneys, paralegals, and other professional and non-professional personnel (including but not limited to, support staff, outside copying services, and outside vendors hired to process electronically stored documents) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c.     expert witnesses, investigators, or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action, including any appeal thereof, or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, including any necessary secretarial, clerical, or other personnel of such expert witnesses or consultants; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 9 hereof;

d.     persons shown on the face of a document or its associated metadata to have authored or received it, or in the case of meeting minutes and presentations, an attendee of the meeting;

e.   the Court and court personnel;

f.   any mediator, special master, or arbitrator and their direct staff engaged by the Parties;

g.   an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

h.   trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 11 and 12, respectively, hereof; and

i.   any other person agreed to by the Producing Party.

6.   **Limited Third-Party Disclosure of Highly Confidential – Attorney's Eyes-Only Information.** Except with the prior written consent of the Producing Party or by order of the Court, Highly Confidential – Attorney's Eyes-Only Information shall not be furnished, shown, or disclosed to any person or entity except to those identified in paragraphs 5(b)-(i).

7.   **Good Faith Requirement.** Notwithstanding the provisions of paragraph 6 above, counsel of record for the Parties to this action (and the other persons listed in paragraph 5(b) above) shall not furnish, show, or disclose Highly Confidential – Attorney's Eyes-Only Information to any person or entity otherwise eligible to view that information under paragraphs 5(c)-(i) and 6 absent a good-faith belief that the provision of that information to such person or entity will advance the prosecution or defense of this action, including any appeal thereof, and for no other purpose.

8.   **Limited Purpose.** Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall be utilized by the Receiving Party, including its counsel and any experts, only for purposes of this litigation, including any appeal thereof, and for no other purposes.

9.     **Consultants and Experts.**  Before any disclosure of Confidential Information or Highly Confidential – Attorney's Eyes-Only Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide the expert's written agreement, in the form of Exhibit 1 attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10.    **Depositions.**  All depositions shall presumptively be treated as Highly Confidential – Attorney's Eyes-Only Information and are subject to this Stipulation during the deposition and for a period of fifteen (15) days after a final transcript of the deposition is received by counsel for each of the Parties. At or before the end of such fifteen (15) day period, the deposition shall be classified appropriately. The Parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

11.    **Use of Confidential or Highly Confidential – Attorney's Eyes-Only Information at Trial.**  Nothing in this Stipulation shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential – Attorney's Eyes-Only Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial

order, or by a motion *in limine*. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Use of Materials at Deposition.** This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information under the terms hereof. Any deposition witness who is given access to Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit 1 attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties to the action. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

13. **Non-Parties.** Any Party, in conducting discovery from non-parties in connection with this action, shall provide any non-party from which it seeks discovery with a copy of this Stipulation to inform each such non-party of his, her, or its rights herein. If a non-party provides discovery to any Party in connection with this action, the provisions of this Stipulation shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Stipulation as held by the Parties to this action. Any non-party producing Confidential Information or Highly Confidential – Attorney's Eyes-Only Information or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Stipulation available to "Parties" for her, his, or its testimony and Confidential Information or Highly Confidential – Attorney's Eyes-Only

9

Information by executing Exhibit 1 to this Stipulation and informing the Party that served the subpoena of the same.

14. **Different Designations of Same Materials.** A Party may designate as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information subject to this Stipulation any document, information, or deposition testimony, or any portion thereof, produced or given by any non-party to this case.

a. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality.

b. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the final transcript is received by counsel for the Party asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Highly Confidential – Attorney's Eyes-Only Information.

c. In the event that more than one Designating Party designates the same Document, information, or deposition Testimony with different levels of treatment or confidentiality, all copies of the Document, information, or

deposition Testimony shall be treated as having the highest level of confidentiality designated by any designating Party.

15. **Filing Confidential or Highly Confidential – Attorney's Eyes-Only Materials.** This Stipulation does not, by itself, authorize the filing of any document under seal. A Party or, as appropriate, non-party who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information or Highly Confidential – Attorney's Eyes-Only Information, or (ii) any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall file the document, pleading, brief, or memorandum in redacted form or under seal in accordance with the rules of the Court, including the Individual Practices of Judge John G. Koeltl. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document does not contain Confidential Information or Highly Confidential – Attorney's Eyes-Only Information and need not be preserved under seal. Confidential Information or Highly Confidential – Attorney's Eyes-Only Information filed under seal must be kept under seal until further order of the Court. Parties that file a pleading or other paper that includes Confidential Information or Highly Confidential – Attorney's Eyes-Only Information under seal must also file on the public record a version of the pleading or other paper from which the Protected Material has been redacted.

16. **Standard of Care.** Any person receiving Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11

Case 1:21-cv-10610-JGK-RWL   Document 120   Filed 04/14/23   Page 12 of 23

17.     **Inadvertent Failure to Designate Confidential Materials.** An inadvertent failure to designate a document as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information does not waive the right to so designate the document. Any document or information that may contain Confidential Information or Highly Confidential – Attorney's Eyes-Only Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 14 of this Stipulation, may be so designated by the Party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. No party shall be found to have violated this Stipulation for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential – Attorney's Eyes-Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.

18.     **Inadvertent Disclosure of Privileged Materials.** In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, the inadvertent disclosure of any document or information subject to an applicable privilege shall not be deemed to waive – in this action or in any other federal or state proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced, including without limitation, the attorney-client privilege, the work-product doctrine, or other privilege or immunity.

      a.     Pursuant to Federal Rule of Evidence 502(d), if a Producing Party at any time notifies any Receiving Party that the Producing Party disclosed documents, testimony, information, and/or things that are protected from

disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

b.    The Receiving Party shall, upon request, (i) refrain from disclosure of the inadvertently produced material and refrain from examining the materials, (ii) within three (3) business days, return to the Producing Party, sequester, or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court. Within ten (10) business days of the Producing Party's request to return or destroy such documents, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the Receiving Party that the claimed documents or information are in fact privileged or entitled to protections of immunity.

c.    The return of any discovery material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that the Producing Party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or

otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing. Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. If such a sealed filing is made or is being promptly prepared, the Receiving Party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity. The Producing Party must preserve the information until the claim is resolved.

d.    If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the Producing Party claims that such information, document, or thing filed under seal or in redacted form was inadvertently produced and is protected by privilege or work-product immunity, all Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the Producing Party, within five (5) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the inadvertently disclosed material and simultaneously produce to all Parties a privilege log specifically identifying the inadvertently disclosed material and a basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, the Producing and Receiving Parties must conduct a meet-and-confer to try to resolve the issue. If, after the Parties meet and confer, they cannot reach agreement, the Receiving Party shall, within five (5) business days of the

14

meet and confer, present the dispute to the Court by means of a motion for protective order pursuant to Rule 26(c) or otherwise. Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information or Highly Confidential – Attorney's Eyes-Only Information until the claim of privilege or immunity is resolved.

e.  Nothing in this Stipulation shall alter or infringe on the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Stipulation shall prevent the Producing Party from seeking immediate relief from the Court, including a protective order under Rule 26(c) where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. If the inadvertently disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

19.   **Extracts, Descriptions, and Summaries.**  Extracts, descriptions, and summaries of Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall also be treated with the same level of confidentiality as the designated information from which they were derived, in accordance with the provisions of this Stipulation.

20.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information, the Receiving Party must so notify the designating Party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation. In addition, the Receiving Party must deliver a copy of this Stipulation promptly to the party in the other action that caused the subpoena to be issued.  The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulation and to afford the designating Party in this case an opportunity to try to protect its Confidential Information or Highly Confidential – Attorney's Eyes-Only Information in the court from which the subpoena or order issued.  The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Compliance by a Receiving Party with a court order directing production will not constitute a violation of this Stipulation. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Highly Confidential – Attorney's Eyes-Only Information by the other party to this action.

16

21.     **No Waiver of Rights.**  The production or disclosure of Confidential Information or Highly Confidential – Attorney's Eyes-Only Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.

22.     **Duration of Stipulation.**  This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

23.     **No Waiver of Privilege or Admission.**  Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

24.     **A Designating or Producing Party's Use of Its Own Documents.**  Nothing herein shall limit or restrict in any manner a Party's rights to disclose or use, or to authorize or consent to the use of, its own Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.

25.     **Attorney Rendering Advice.** Nothing in this Stipulation will prohibit or otherwise restrict an attorney from rendering advice to their client or from relying upon or generally referring to Confidential Information or Highly Confidential – Attorney's Eyes-Only Information in rendering such advice, provided, however, that in rendering such advice or in otherwise communicating with their client, the attorney shall not reveal or disclose the specific content of

Confidential Information or Highly Confidential -- Attorney's Eyes-Only Information if such disclosure is not otherwise permitted under this Stipulation.

26. **Loss of Protected Material or Breach of Security.** If a Receiving Party or authorized recipient discovers any loss of Confidential Information or Highly Confidential -- Attorney's Eyes-Only Information or a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information or Highly Confidential -- Attorney's Eyes-Only Information, the Receiving Party or authorized recipient shall: (i) promptly provide written notice to the Producing Party of such breach; (ii) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and (iii) take all appropriate corrective actions to terminate the unauthorized access.

27. **Obligations on Conclusion of Litigation.** Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential -- Attorney's Eyes-Only Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent

18

any individual, corporation, or other entity adverse to any party or their affiliate(s) in connection with any other matters.

28. **Order Subject to Modification.** This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. The Parties may modify by written agreement and without Court approval any time period specified herein.

29. **Persons Bound.** This Stipulation shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Stipulation by its terms.

**SO ORDERED.**

DATE: 4/15/23

_____
John G. Koeltl
United States District Judge

Dated: April 14, 2023

**BERGER MONTAGUE PC**

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo
Sherrie R. Savett
Barbara Podell
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
mdellangelo@bm.net
bpodell@bm.net
aabramowitz@bm.net

*Counsel for Lead Plaintiff Movant*
*Guozhang Wang and Proposed Lead*
*Counsel for the Class*

**KIRBY McINERNEY LLP**
Thomas W. Elrod
Ira M. Press
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
Email: telrod@kmllp.com
ipress@kmllp.com

*Local Counsel for Lead Plaintiff Movant*
*Guozhang Wang and Proposed Local*
*Counsel for the Class*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

*s/ Sheryl Shapiro Bassin*
Sheryl Shapiro Bassin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: sbassin@wsgr.com

Ignacio E. Salceda (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: isalceda@wsgr.com

*Counsel for Defendant Cloopen Group Holding*
*Limited, Changxun Sun, Yipeng Li, Xiegang Xiong,*
*and Cheng Luo*

**K&L GATES LLP**

*/s/ Joanna A. Diakos*
Joanna A. Diakos
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901
joanna.diakos@klgates.com

*Counsel for Defendants Cogency Global Inc. and*
*Colleen A. DeVries*

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Todd G. Cosenza*
Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
tcosenza@willkie.com

ccording@willkie.com

*Counsel for Goldman Sachs (Asia) L.L.C., Citigroup
Global Markets Inc., China International Capital
Corporation Hong Kong Securities Limited, Tiger
Brokers (NZ) Limited, and Futu Inc.*