# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DEVRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>Defendants. | Case No.: 1:21-cv-10610-JGK |

## <u>UNDERWRITER DEFENDANTS' ANSWER TO LEAD PLAINTIFF'S AMENDED COMPLAINT</u>

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8677
Email: tcosenza@willkie.com
      ccording@willkie.com

*Attorneys for the Underwriter Defendants*

Defendants Goldman Sachs (Asia) L.L.C. ("Goldman Sachs"), Citigroup Global Markets Inc. ("Citi"), China International Capital Corporation Hong Kong Securities Limited ("CICC"), Tiger Brokers (NZ) Limited ("Tiger Brokers"), and Futu, Inc. (n/k/a Moomoo Financial Inc.) ("Futu") (collectively, the "Underwriter Defendants"), by and through their undersigned counsel, respectfully submit the following Answer in response to the Amended Complaint, filed by Brian Dong, dated May 31, 2022 (the "Amended Complaint").[1]  To the extent that the Paragraphs in the Amended Complaint are grouped under headings and subheadings, the Underwriter Defendants respond generally that the headings and subheadings do not constitute factual averments. To the extent that a response is deemed necessary, the Underwriter Defendants deny each and every heading and subheading in the Amended Complaint.  Further, except as explicitly admitted herein, the Underwriter Defendants deny each and every allegation of the Amended Complaint.

## I.    NATURE OF THE ACTION

1.    The allegations in Paragraph 1 of the Amended Complaint contain Plaintiff's defined terms, characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring this action as a class action on behalf of persons who purchased, or otherwise acquired, Cloopen American Depositary Shares ("ADSs") pursuant or traceable to the Registration Statement issued in connection with Cloopen's February 9, 2021 IPO.

2.    The Underwriter Defendants deny the allegations in Paragraph 2 of the Amended Complaint except admit that, as of the IPO, Defendant Cloopen was the largest multi-capability cloud-based communications solutions provider in China, and the only provider in China that offered a full suite of cloud-based communications solutions covering communications platform

---

[1] All capitalized terms not otherwise defined in this Answer have the same definitions as in the Amended Complaint.

as a service, or CPaaS, cloud-based contact centers, or cloud-based CC, and cloud-based unified communications and collaborations, or cloud-based UC&C.

3.    The Underwriter Defendants deny the allegations in Paragraph 3 of the Amended Complaint, except admit that in February 2021, Defendant Cloopen commenced its IPO and issued 23 million ADSs at $16.00 per share. The Underwriter Defendants further state that the allegations in Paragraph 3 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

4.    The allegations in Paragraph 4 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Defendant Cloopen reported a net loss of $46.8 million for the fourth quarter of 2022, which represented a 466.9% increase year-over-year.  The Underwriter Defendants further admit that the fair value of the Series F preferred shares underlying the Series F warrant was not disclosed in the Offering Documents, but the Offering Documents described that warrant liabilities are "subject to remeasurement at each reporting period . . . utilizing the binominal option pricing model, with changes in estimated fair value included in the change in fair value of warrant liabilities on the consolidated statement of comprehensive loss."  The Underwriter Defendants deny that Defendant Cloopen had any obligation to report the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrants in the Registration Statement because, *inter alia*: (i) the Series F warrants were issued in Q4 2020 and exercised in Q1 2021, and (ii) the Registration Statement was expressly and properly limited to Q3 2020 financials because Q4 financials had not been released or reported at the time of the IPO.  Except as expressly

admitted herein, the Underwriter Defendants deny each and every remaining allegation in Paragraph 4.

5.    The Underwriter Defendants deny the allegations in Paragraph 5 of the Amended Complaint, except admit that Cloopen filed a Form 6-K with the SEC on March 26, 2021 announcing its unaudited financial results for the fourth quarter and fiscal year ("FY") 2020 (the "March 26, 2021 Form 6-K" or "Form 6-K") and that the March 26, 2021 Form 6-K disclosed the fair value of the Series F Warrant.

6.    The Underwriter Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7.    The Underwriter Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8.    The Underwriter Defendants admit that the Registration Statement and/or FY2020 Annual Report disclosed that Defendant Cloopen's dollar-based net customer retention rate for solutions that the Company offers on a recurring basis for FY 2019, the first nine months of FY 2020 ended September 30, 2020, and FY 2020 were 102.7%, 94.7%, and 86.8%, respectively. The remaining allegations in Paragraph 8 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every remaining allegation in Paragraph 8.

9.    The allegations in Paragraph 9 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

10.     The allegations in Paragraph 10 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

11.     The allegations in Paragraph 11 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

12.     The allegations in Paragraph 12 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

13.     The allegations in Paragraph 13 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 13 of the Amended Complaint, except admit that on March 26, 2021, Defendant Cloopen announced financial results for the fourth quarter of 2020 and the 2020 fiscal year and Defendant Cloopen reported a 4Q 2020 net loss of $46.8 million, representing a 466.9% increase year-over-year, and operating expenses of $27.6 million, representing a 30% increase over 4Q 2019. The Underwriter Defendants further state that the allegations in Paragraph 13 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

14.     The Underwriter Defendants deny the allegations in Paragraph 14 of the Amended Complaint, except admit that Defendant Cloopen's stock price declined from March 25, 2021 to March 26, 2021.

15.     The allegations in Paragraph 15 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that

the allegations are construed to require a response, the Underwriter Defendants deny them. The Underwriter Defendants further state that the allegations in Paragraph 15 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

16.     The Underwriter Defendants deny the allegations in Paragraph 16 of the Amended Complaint, except admit that Defendant Cloopen experienced a decline in its ADS price between May 11, 2021 and May 12, 2021.

17.     The Underwriter Defendants admit that, from the IPO to the date of the filing of the Complaint on December 10, 2021, the price of Defendant Cloopen's ADSs has traded as low as $3.10 per ADS and that such price represents a decline of approximately 80% from the $16 per ADS IPO offering price.

18.     The Underwriter Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19.     The Underwriter Defendants deny the allegations in Paragraph 19 of the Amended Complaint, except admit that on May 3, 2022, Defendant Cloopen filed its Form 6-K with the SEC stating that it formed an independent special committee. The Underwriter Defendants further state that the allegations in Paragraph 19 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

## II.    JURISDICTION AND VENUE

20.     The allegations contained in Paragraph 20 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to assert claims under Sections 11 and 15 of the Securities Act, Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5.

21.      The allegations contained in Paragraph 21 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to base jurisdiction over the subject matter of this action on the bases stated in Paragraph 21 of the Amended Complaint.

22.      The allegations contained in Paragraph 22 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to base venue on the statutes cited therein.

III.    PARTIES

23.      The allegations in Paragraph 23 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

24.      The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 24 of the Amended Complaint.

25.      The Underwriter Defendants admit that Defendant Changxun Sun ("Sun") founded Cloopen and was, at the time of the IPO, Cloopen's CEO and Chairman of the Board. The Underwriter Defendants further admit that Sun signed the Registration Statement. The remaining allegations in Paragraph 25 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

26.      The Underwriter Defendants admit that Defendant Yipeng Li ("Li") was, at the time of the IPO, Cloopen's CFO. The Underwriter Defendants further admit that Li signed the Registration Statement. The remaining allegations in Paragraph 26 constitute legal conclusions to

which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

27.    The allegations in Paragraph 27 of the Amended Complaint contain Plaintiff's defined terms as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

28.    The Underwriter Defendants admit, on information and belief, the allegations in the first sentence of Paragraph 28 of the Amended Complaint. The Underwriter Defendants also admit that Defendant Kui Zhou ("Zhou") signed the Registration Statement. The remaining allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

29.    The Underwriter Defendants admit, on information and belief, the allegations in the first sentence of Paragraph 29 of the Amended Complaint. The Underwriter Defendants also admit that Defendant Qingsheng Zheng ("Zheng") signed the Registration Statement. The remaining allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

30.    The Underwriter Defendants admit that Xiaodong Liang ("Liang") was, at the time of the IPO, a Director on Cloopen's Board. The Underwriter Defendants further admit that Liang signed the Registration Statement. The remaining allegations in Paragraph 30 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

31.    The Underwriter Defendants admit that Zi Yang ("Yang") was, at the time of the IPO, a Director on Cloopen's Board. The Underwriter Defendants further admit that Yang signed the Registration Statement. The remaining allegations in Paragraph 31 constitute legal conclusions

to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

32.     The Underwriter Defendants admit that Ming Liao ("Liao") was, at the time of the IPO, a Director on Cloopen's Board. The Underwriter Defendants further admit that Liao signed the Registration Statement. The remaining allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

33.     The Underwriter Defendants admit that Feng Zhu ("Zhu") was, at the time of the IPO, a Director on Cloopen's Board. The Underwriter Defendants further admit that Zhu signed the Registration Statement. The remaining allegations in Paragraph 33 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

34.     The Underwriter Defendants admit that Lok Yan Hui ("Hui") was, at the time of the IPO, a Director on Cloopen's Board. The Underwriter Defendants further admit that Hui signed the Registration Statement. The remaining allegations in Paragraph 34 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

35.     The Underwriter Defendants admit that Jianhong Zhou ("J. Zhou") was, at the time of the IPO, a Director on Cloopen's Board. The Underwriter Defendants further admit that J. Zhou signed the Registration Statement. The remaining allegations in Paragraph 35 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

36.     The Underwriter Defendants admit that Ching Chiu ("Chiu") was, at the time of the IPO, a Director on Cloopen's Board until his resignation from the Board effective May 18, 2022.

The Underwriter Defendants further admit that Chiu signed the Registration Statement. The remaining allegations in Paragraph 36 constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

37.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 37 of the Amended Complaint.

38.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 38 of the Amended Complaint.

39.     The Underwriter Defendants admit, on information and belief, that Yunhao Liu ("Liu") was named in the Registration Statement as his appointment as a Director was effective upon the SEC's declaration of effectiveness of the Registration Statement, and that he served as a Director until his resignation from the Board effective May 18, 2022.

40.     The Underwriter Defendants admit that Defendant DeVries signed the Registration Statement. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Amended Complaint.

41.     The Underwriter Defendants admit that the Securities Act Individual Defendants and Ms. DeVries each signed the Registration Statement. The Underwriter Defendants further admit, on information and belief, that Sun and Li contributed to the IPO and Registration Statement and attended roadshows. The remaining allegations in Paragraph 41 as to the Securities Act Individual Defendants contain Plaintiff's defined terms, characterizations, and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every remaining allegation in paragraph 41 as to the Securities Act Individual Defendants.

42.      The Underwriter Defendants admit the allegations in Paragraph 42 of the Amended Complaint.

43.      The Underwriter Defendants admit the allegations in Paragraph 43 of the Amended Complaint.

44.      The Underwriter Defendants admit the allegations in Paragraph 44 of the Amended Complaint.

45.      The Underwriter Defendants deny the allegations in Paragraph 45 of the Amended Complaint. Defendant Tiger Brokers received no allocation of shares at the time of the IPO and accordingly, is not an underwriter.

46.      The Underwriter Defendants deny the allegations in Paragraph 46 of the Amended Complaint. Defendant Futu received no allocation of shares at the time of the IPO and accordingly, is not an underwriter.

47.      The Underwriter Defendants admit that certain of the Underwriter Defendants (namely Goldman Sachs, Citi, and CICC) acted as underwriters for Defendant Cloopen's IPO but certain other Underwriter Defendants (namely Tiger Brokers and Futu) received no allocation of shares at the time of the IPO and accordingly, are not underwriters for Defendant Cloopen's IPO. The Underwriter Defendants otherwise deny the allegations in Paragraph 47 of the Amended Complaint.

48.      The Underwriter Defendants admit that certain of the Underwriter Defendants (namely Goldman Sachs, Citi, and CICC) acted as underwriters for Defendant Cloopen's IPO but certain other Underwriter Defendants (namely Tiger Brokers and Futu) received no allocation of shares at the time of the IPO and accordingly, are not underwriters for Defendant Cloopen's IPO. The remaining allegations in Paragraph 48 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to

require a response, the Underwriter Defendants deny each and every remaining allegation in Paragraph 48.

49.     The Underwriter Defendants admit that they are investment banks that specialize, *inter alia*, in underwriting public offerings of securities, and that certain of the Underwriter Defendants (namely Goldman Sachs, Citi, and CICC) acted as underwriters for Defendant Cloopen's IPO but certain other Underwriter Defendants (namely Tiger Brokers and Futu) received no allocation of shares at the time of the IPO and accordingly, are not underwriters for Defendant Cloopen's IPO. The Underwriter Defendants also admit that certain of the Underwriter Defendants arranged a roadshow prior to the IPO. The Underwriter Defendants further admit that they obtained an agreement from Defendant Cloopen and the Individual Defendants that Cloopen would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws. The remaining allegations in Paragraph 49 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Underwriter Defendants deny each and every remaining allegation in Paragraph 49 except as otherwise admitted herein.  The Underwriter Defendants further state that the allegations in Paragraph 49 of the Amended Complaint purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

## IV.    FACTUAL BACKGROUND

50.     The Underwriter Defendants admit that Defendant Cloopen began providing its cloud-based communications solutions in 2014; that the Company primarily operates its business through Beijing Ronglian Yitong Information Co. Ltd., or Ronglian Yitong; and that, as of the IPO, Ronglian Yitong is owned 71.01% by Sun and 24.46% by J. Zhou. The remaining allegations in Paragraph 50 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the

Underwriter Defendants deny each and every remaining allegation in Paragraph 50 except as otherwise admitted herein.

51.     The Underwriter Defendants admit the allegations in Paragraph 51 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 51 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

52.     The Underwriter Defendants admit, on information and belief, that Defendant Cloopen charges its customers through a combination of pricing methods, depending on the type of solutions they use. The Underwriter Defendants further state that the allegations in Paragraph 52 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of their contents. Except as expressly admitted herein, the Underwriter Defendants deny each and every remaining allegation in Paragraph 52.

53.     The Underwriter Defendants admit that, as it is disclosed in the Registration Statement in the years leading up to the IPO, Defendant Cloopen experienced robust growth. The Underwriter Defendants further admit that as it is disclosed in the Registration Statement, as of December 31, 2018 and 2019 and September 30, 2020, Defendant Cloopen had an active customer base of over 10,200, 11,500 and 12,000 enterprises, respectively. The Underwriter Defendants further state that the allegations in Paragraph 53 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents. Except as expressly admitted herein, the Underwriter Defendants deny each and every remaining allegation in paragraph 53.

54.     The Underwriter Defendants deny the allegations in Paragraph 54 of the Amended Complaint, except admit that, on information and belief, Defendant Cloopen's dollar-based net

customer retention rate is an "operating metric" reported by Cloopen. The Underwriter Defendants further state that the allegations in Paragraph 54 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

55.    The Underwriter Defendants admit that, as it is disclosed in the Registration Statement, in 2018, 2019, and the nine months ended September 30, 2020, the dollar-based net customer retention rate was 135.7%, 102.7%, and 94.7%, respectively and that the dollar-based net customer retention rate experienced a decline in Q4 2020. Except as expressly admitted herein, the Underwriter Defendants deny each and every remaining allegation in Paragraph 55. The Underwriter Defendants further state that the allegations in Paragraph 55 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

56.    The allegations in Paragraph 56 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them. The Underwriter Defendants further state that the allegations in Paragraph 56 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

A.    **Cloopen's Pre-IPO Financing**

57.    The Underwriter Defendants admit that, as it is disclosed in the Registration Statement, in October 2019, Defendant Cloopen issued warrants with rights to purchase 6,112,570 Series E preferred shares for $15 million. The Underwriter Defendants further state that the allegations in Paragraph 57 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

58.     The Underwriter Defendants admit that, as it is disclosed in the Registration Statement, in March 2020 and July 2020, Defendant Cloopen issued additional warrants to the Series E warrant holders with rights to purchase an aggregate of 314,274 Series E preferred shares at nominal value for anti-dilution purpose. The Underwriter Defendants further state that the allegations in Paragraph 58 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

59.     The Underwriter Defendants admit the allegations in Paragraph 59 of the Amended Complaint.  The Underwriter Defendants further state that the allegations in Paragraph 59 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

60.     The allegations in Paragraph 60 of the Amended Complaint contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them. The Underwriter Defendants further state that the allegations in Paragraph 60 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

61.     The Underwriter Defendants state that the allegations in Paragraph 61 of the Amended Complaint purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents. The Underwriter Defendants otherwise admit that the Series E warrants were exercised in full in November 2020 and that Cloopen recorded the fair value of the Series E Redeemable Convertible Preferred Shares underlying the Series E warrants, as of September 30, 2020, at $2.70 per share.

62.    The Underwriter Defendants admit that the Series F warrants were exercised in full in January 2021 and that Cloopen did not record the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant in the Registration Statement. The Underwriter Defendants deny that Defendant Cloopen had any obligation to report the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrants in the Registration Statement because, *inter alia*: (i) the Series F warrants were issued in Q4 2020 and exercised in Q1 2021, and (ii) the Registration Statement was expressly and properly limited to Q3 2020 financials because Q4 financials had not been released or reported at the time of the IPO. Except as expressly admitted herein, the Underwriter Defendants deny each and every remaining allegation in Paragraph 62. The Underwriter Defendants further state that the allegations in Paragraph 62 of the Amended Complaint purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

63.    The Underwriter Defendants state that the allegations in Paragraph 63 of the Amended Complaint purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents. The Underwriter Defendants otherwise admit the allegations in Paragraph 63 of the Amended Complaint.

**B.    Cloopen's IPO**

64.    The Underwriter Defendants admit the allegations in Paragraph 64 of the Amended Complaint.

65.    The Underwriter Defendants admit that on December 10, 2021, the SEC provided its comments to Cloopen's draft Registration Statement.  The Underwriter Defendants further state that the allegations in Paragraph 65 of the Amended Complaint purport to characterize and quote

statements made by the SEC and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

66.    The Underwriter Defendants admit the allegations in Paragraph 66 of the Amended Complaint.

67.    The Underwriter Defendants admit the allegations in Paragraph 67 of the Amended Complaint.

68.    The Underwriter Defendants admit the allegations in Paragraph 68 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 68 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

69.    The Underwriter Defendants admit the allegations in Paragraph 69 of the Amended Complaint.

70.    The Underwriter Defendants admit the allegations in Paragraph 70 of the Amended Complaint.

71.    The Underwriter Defendants admit the allegations in Paragraph 71 of the Amended Complaint.

## V.    MATERIALLY FALSE AND MISLEADING STATEMENTS IN, AND OMISSIONS FROM, THE REGISTRATION STATEMENT

72.    The Underwriter Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

### A.    Cloopen Failed to Disclose the Existing Fair Value of the Series F Warrant

73.    The Underwriter Defendants admit that Defendant Cloopen made certain statements in the Registration Statement. The Underwriter Defendants further state that the allegations in Paragraph 73 purport to characterize and quote statements made by Cloopen and

respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

74.    The Underwriter Defendants deny the allegations in Paragraph 74 of the Amended Complaint, except admit that Defendant Cloopen made certain statements in the Registration Statement regarding its Series F warrants. The Underwriter Defendants further state that the allegations in Paragraph 74 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

75.    The Underwriter Defendants deny the allegations in Paragraph 75 of the Amended Complaint except admit that Defendant Cloopen made certain statements in the Registration Statement regarding its Series E and Series F warrants. The Underwriter Defendants further state that the allegations in Paragraph 75 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

76.    The Underwriter Defendants admit the allegations in Paragraph 76 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 76 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

77.    The allegations contained in Paragraph 77 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

78.    The allegations contained in Paragraph 78 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Defendant

Cloopen made certain statements in the Registration Statement regarding its Series F warrant. The Underwriter Defendants further state that the allegations in Paragraph 78 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

79.     The Underwriter Defendants admit that the Series F warrants were exercised in full in January 2021 and that Cloopen did not record the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant in the Registration Statement. The Underwriter Defendants deny that Defendant Cloopen had any obligation to report the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrants in the Registration Statement because (i) the Series F warrants were issued in Q4 2020 and exercised in Q1 2021, and (ii) the Registration Statement was expressly and properly limited to Q3 2020 financials because Q4 financials had not been released or reported at the time of the IPO.  The Underwriter Defendants further admit that Defendant Cloopen filed a Form 20F with the SEC on May 10, 2021.  Except as expressly admitted herein, the Underwriter Defendants deny each and every remaining allegation in Paragraph 79.  The Underwriter Defendants state that the allegations in Paragraph 79 of the Amended Complaint purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

80.     The allegations in Paragraph 80 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 80.

81.     The allegations in Paragraph 81 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**B.      Cloopen Was Losing Business From Existing Customers**

82.      The Underwriter Defendants deny the allegations in Paragraph 82 of the Amended Complaint, except admit that Defendant Cloopen made certain statements in its Registration Statement referring to the Company's growth strategy. The Underwriter Defendants further state that the allegations in Paragraph 82 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

83.      The Underwriter Defendants deny the allegations in Paragraph 83 of the Amended Complaint, except admit that Defendant Cloopen made certain statements in the Registration Statement regarding its sales and marketing team as well as its customer retention.   The Underwriter Defendants further state that the allegations in Paragraph 83 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

84.      The Underwriter Defendants admit that Defendant Cloopen made certain statements in the Registration Statement.   The Underwriter Defendants further state that the allegations in Paragraph 84 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

85.      The allegations in Paragraph 85 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 85.

86.      The Underwriter Defendants admit that Defendant Cloopen made certain statements in the Registration Statement.   The Underwriter Defendants further state that the allegations in Paragraph 86 purport to characterize and quote statements made by Cloopen and

respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

87.    The allegations in Paragraph 87 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 87. The Underwriter Defendants further state that the allegations in Paragraph 87 of the Amended Complaint purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

88.    The allegations in Paragraph 88 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 88. The Underwriter Defendants further state that the allegations in Paragraph 88 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

89.    The allegations in Paragraph 89 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 89. The Underwriter Defendants further state that the allegations in Paragraph 89 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

90.    The allegations in Paragraph 90 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 90.

The Underwriter Defendants further state that the allegations in Paragraph 90 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

91.     The allegations in Paragraph 91 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 91. The Underwriter Defendants further state that the allegations in Paragraph 91 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

92.     The allegations in Paragraph 92 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 92. The Underwriter Defendants further state that the allegations in Paragraph 92 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

93.     The allegations in Paragraph 93 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 93. The Underwriter Defendants further state that the allegations in Paragraph 93 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

94.     The allegations in Paragraph 94 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 94.

The Underwriter Defendants further state that the allegations in Paragraph 94 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

95.    The allegations in Paragraph 95 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 95. The Underwriter Defendants further state that the allegations in Paragraph 95 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

96.    The allegations in Paragraph 96 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 96. The Underwriter Defendants further state that the allegations in Paragraph 96 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

97.    The allegations in Paragraph 97 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 97. The Underwriter Defendants further state that the allegations in Paragraph 97 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

98.    The allegations in Paragraph 98 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 98.

The Underwriter Defendants further state that the allegations in Paragraph 98 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

99.    The allegations in Paragraph 99 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 99. The Underwriter Defendants further state that the allegations in Paragraph 99 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

100.    The allegations in Paragraph 100 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 100. The Underwriter Defendants further state that the allegations in Paragraph 100 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

101.    The allegations in Paragraph 101 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 101. The Underwriter Defendants further state that the allegations in Paragraph 101 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

102.    The allegations in Paragraph 102 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 102.

The Underwriter Defendants further state that the allegations in Paragraph 102 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

103.    The allegations in Paragraph 103 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 103. The Underwriter Defendants further state that the allegations in Paragraph 103 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

104.    The allegations in Paragraph 104 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 104. The Underwriter Defendants further state that the allegations in Paragraph 104 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

**C.    Cloopen's Customers Were Not Paying**

105.    The Underwriter Defendants admit the allegations in Paragraph 105 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 105 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

106.    The allegations in Paragraph 106 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 106, except admit that Cloopen's Form 6-K disclosed that the general and administrative expenses

increased by 59.2% in Q4 2020 compared to Q4 2019. The Underwriter Defendants further state that the allegations in Paragraph 106 purport to characterize and quote statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

107.    The allegations in Paragraph 107 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny each and every allegation in Paragraph 107. The Underwriter Defendants further state that the allegations in Paragraph 107 purport to characterize statements made by Defendant Cloopen and respectfully refer the Court to the Registration Statement for a true, correct and complete statement of its contents.

**D.    Cloopen Failed to Disclose "Known Trends or Uncertainties" as Required by Item 303 of SEC Regulation S-K**

108.    The allegations in Paragraph 108 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

109.    The allegations in Paragraph 109 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that the SEC issued the 1989 Interpretive Release on Item 303.

110.    The allegations in Paragraph 110 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants admit them.

111.    The allegations in Paragraph 111 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

112.    The allegations in Paragraph 112 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

  **E. Cloopen Failed to Comply with Item 105 of Reg S-K**

113.    The allegations in Paragraph 113 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

114.    The allegations in Paragraph 114 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**VI. SUBSEQUENT EVENTS AND ADDITIONAL MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD**

115.    The Underwriter Defendants deny the allegations of Paragraph 115 of the Amended Complaint, except admit that following its IPO, on March 26, 2021, Defendant Cloopen announced financial results for the fourth quarter of 2020 and the 2020 fiscal year. To the extent that the allegations contained in Paragraph 115 purport to characterize investors' state of mind, the Underwriter Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.

116.    The Underwriter Defendants deny the allegations of Paragraph 116 of the Amended Complaint, except admit that Cloopen reported fourth quarter revenues, net losses, and operating expenses after the close of fiscal year 2020. The Underwriter Defendants further state that the allegations in Paragraph 116 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

117.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 117 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

118.    The Underwriter Defendants deny the allegations of Paragraph 118 of the Amended Complaint, except admit that the March 26, 2021 Form 6-K disclosed that the change in net loss for Q4 2020 was in part due to a RMB224.8 million (US$34.4 million) increase in the change in fair value of warrant liabilities and that the Form 6-K disclosed that the general and administrative expenses increased by 59.2% in Q4 2020 compared to Q4 2019 due to, in part, an increase in the provision for doubtful accounts resulting from increased accounts receivables.  The Underwriter Defendants further state that the allegations in Paragraph 118 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

119.    The Underwriter Defendants deny the allegations of Paragraph 119 of the Amended Complaint, except admit that in the Form 6-K filed with the SEC on March 26, 2021, Defendant Cloopen disclosed an increase in revenues, net losses, and general and administrative expenses. The Underwriter Defendants further state that the allegations in Paragraph 119 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

120.    The Underwriter Defendants deny the allegations of Paragraph 120 of the Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 120 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

121.    The Underwriter Defendants deny the allegations of Paragraph 121 of the Amended Complaint, except admit that Defendant Cloopen's stock price declined from March 25, 2021 to March 26, 2021.

122.    The Underwriter Defendants deny the allegations of Paragraph 122 of the Amended Complaint, except admit that on May 10, 2021, Defendant Cloopen filed its Annual Report on Form 20-F for fiscal year 2020 and that the Annual Report disclosed that the Company's dollar-based net customer retention rate for solutions that Cloopen offered on a recurring basis for FY 2018, FY 2019, and FY 2020 were 135.7%, 102.7%, and 86.8%, respectively.

123.    The Underwriter Defendants deny the allegations of Paragraph 123 of the Amended Complaint, except admit that Defendant Cloopen's Annual Report disclosed that the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant was $5.50 per share, as of December 31, 2020, and that the Series F warrant was issued and exercised in full on January 7, 2021.

124.    The Underwriter Defendants deny the allegations of Paragraph 124 of the Amended Complaint, except admit that Defendant Cloopen experienced a decline in its ADS price between May 11, 2021 and May 12, 2021.

125.    The Underwriter Defendants deny the allegations of Paragraph 125 of the Amended Complaint, except admit that on May 3, 2022, Cloopen announced that it had formed an impendent special committee.  The Underwriter Defendants further state that the allegations in Paragraph 125 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

126.    The Underwriter Defendants admit that on May 18, 2022, Defendant Cloopen announced that Chiu and Liu resigned from the Board of Directors.  The Underwriter Defendants further admit that on May 20, 2022, Cloopen announced that it had received a letter from the New

York Stock Exchange. Except as expressly admitted herein, the Underwriter Defendants deny each and every remaining allegation in Paragraph 126. The Underwriter Defendants further state that the allegations in Paragraph 126 purport to characterize and quote statements made by Cloopen and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

## VII.    CLASS ACTION ALLEGATIONS

127.    The allegations contained in Paragraph 127 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring this action as a class action on behalf of all persons who (a) purchased or otherwise acquired Cloopen ADSs pursuant and/or traceable to the Registration Statement; and/or (b) purchased or otherwise acquired Cloopen ADSs during the Class Period and who were purportedly damaged thereby.

128.    The allegations in Paragraph 128 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

129.    The allegations in Paragraph 129 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

130.    The allegations in Paragraph 130 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

131.    The allegations in Paragraph 131 of the Amended Complaint constitute legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

132.    The allegations in Paragraph 132 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

133.    The allegations in Paragraph 133 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

134.    The allegations in Paragraph 134 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

135.    The allegations in Paragraph 135 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## VIII.    NO SAFE HARBOR

136.    The allegations in Paragraph 136 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

137.    The allegations in Paragraph 137 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

138.    The allegations in Paragraph 138 of the Amended Complaint constitute legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**COUNT I**
**Violations of § 11 of the Securities Act**
**Against All Defendants**

139.    The Underwriter Defendants repeat each of the foregoing responses.    The remaining allegations in Paragraph 139 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Underwriter Defendants deny each and every allegation in Paragraph 139 except that the Underwriter Defendants admit that Plaintiff purports to exclude and disclaim any allegation construed as alleging fraud or intentional or reckless misconduct for purposes of this cause of action.

140.    The allegations contained in Paragraph 140 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring a Section 11 claim against all Defendants on behalf of other members of the purported class.

141.    The allegations contained in Paragraph 141 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

142.    The allegations contained in Paragraph 142 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Defendant Cloopen is the registrant for the IPO.

143.    The allegations contained in Paragraph 143 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that the named Securities Act Individual Defendants either signed the Registration Statement or were named in

the Registration Statement as a director of Cloopen at the time of filing or to become a director upon the effectiveness of the Offering Documents.

144.    The allegations contained in Paragraph 144 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Ms. DeVries signed the Registration Statement on behalf of Cogency Global.

145.    The allegations contained in Paragraph 145 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

146.    The allegations contained in Paragraph 146 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

147.    The allegations contained in Paragraph 147 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

148.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Amended Complaint.

149.    The allegations contained in Paragraph 149 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

150.    The allegations contained in Paragraph 150 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

151.    The Underwriter Defendants deny the allegations of Paragraph 151 of the Amended Complaint, except admit that less than three years have elapsed between the time that the securities issued in connection with Defendant Cloopen's February 9, 2021 IPO were offered to the public and the time Plaintiff commenced this action.

152.    The allegations contained in Paragraph 152 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**COUNT II**
**Violations of § 15 of the Securities Act**
**Against the Securities Act Individual Defendants, Cloopen, and Cogency Global**

153.    The Underwriter Defendants repeat each of the foregoing responses.[2]    The allegations contained in Paragraph 153 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

154.    The allegations contained in Paragraph 154 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring a Section 15 claim against all the Securities Act Individual Defendants, Cloopen, and Cogency Global.

155.    The allegations contained in Paragraph 155 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

---

[2] Because Counts II, III, and IV of the Amended Complaint are not brought against the Underwriter Defendants, no response is required to Paragraphs 153–195 of the Amended Complaint. To the extent the allegations in Paragraphs 153–195 of the Amended Complaint are construed to require a response by the Underwriter Defendants, the Underwriter Defendants' responses are included in Paragraphs 153–195 of this Answer.

156.    The allegations contained in Paragraph 156 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

157.    The allegations contained in Paragraph 157 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

158.    The allegations contained in Paragraph 158 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**COUNT III**
**Violations of § 10(b) of the Exchange Act and Rule 10b-5**
**Against the Exchange Act Defendants**

159.    The Underwriter Defendants repeat each of the foregoing responses. The allegations contained in Paragraph 159 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

160.    The allegations contained in Paragraph 160 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring a Section 10(b) claim against all the Exchange Act Defendants.

161.    The allegations contained in Paragraph 161 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

162.    The allegations contained in Paragraph 162 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

163.    The allegations contained in Paragraph 163 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

164.    The allegations contained in Paragraph 164 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

165.    The allegations contained in Paragraph 165 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

166.    The allegations contained in Paragraph 166 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

167.    The allegations contained in Paragraph 167 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

168.    The allegations contained in Paragraph 168 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

169.    The allegations contained in Paragraph 169 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**A.    Loss Causation**

170.    The Underwriter Defendants repeat each of the foregoing responses. The allegations contained in Paragraph 170 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

171.    The allegations contained in Paragraph 171 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

172.    The allegations contained in Paragraph 172 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

173.    The allegations contained in Paragraph 173 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

174.    The allegations contained in Paragraph 174 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

175.    The allegations contained in Paragraph 175 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

176.    The allegations contained in Paragraph 176 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

177.    The allegations contained in Paragraph 177 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**B.    Scienter Allegations**

178.    The Underwriter Defendants repeat each of the foregoing responses. The allegations contained in Paragraph 178 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

179.    The allegations contained in Paragraph 179 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

180.    The allegations contained in Paragraph 180 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

181.    The allegations contained in Paragraph 181 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

182.    The allegations contained in Paragraph 182 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

183.    The allegations contained in Paragraph 183 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

**C.    Applicability Of Presumption Of Reliance (Fraud-On-The-Market Doctrine)**

184.    The Underwriter Defendants repeat each of the foregoing responses. The allegations contained in Paragraph 184 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Cloopen's ADSs traded on the NYSE.

185.    The allegations contained in Paragraph 185 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

186.     The allegations contained in Paragraph 186 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

187.     The allegations contained in Paragraph 187 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

188.     The allegations contained in Paragraph 188 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## COUNT IV
### Violations of § 20(a) of the Exchange Act
### Against the Exchange Act Defendants

189.     The Underwriter Defendants repeat each of the foregoing responses. The allegations contained in Paragraph 189 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

190.     The allegations contained in Paragraph 190 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

191.     The allegations contained in Paragraph 191 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

192.     The allegations contained in Paragraph 192 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

193.    The allegations contained in Paragraph 193 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

194.    The allegations contained in Paragraph 194 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

195.    The allegations contained in Paragraph 195 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains statements to which no responsive pleading is required. The Underwriter Defendants deny that Plaintiff or any putative class member is entitled to any damages or any other of the relief requested.

## GENERAL DENIAL

The Underwriter Defendants deny each and every allegation in the Amended Complaint, except as expressly admitted or otherwise stated above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiff's claims, the Underwriter Defendants assert the following affirmative and other defenses. The Underwriter Defendants reserve the right to amend this Answer to raise additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to allege facts sufficient to state a claim under Section 11 of the Securities Act upon which relief may be granted against the Underwriter Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the Amended Complaint's claims against any of the Underwriter Defendants under Section 11 of the Securities Act.

### THIRD AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because the Registration Statement did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Registration Statement.

### FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Registration Statement purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), including, but not limited to, financial statements contained in the Registration Statement, the Underwriter Defendants had no reasonable grounds to believe, and did not believe at the time such part of the

Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert.

**SIXTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

**SEVENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because they had no duty to disclose any material facts allegedly omitted, and had no duty to verify, opine upon, audit, review or correct the statements made in the Registration Statement that the Amended Complaint alleges were misleading.

**EIGHTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable because none of them breached any duty owed to Plaintiff or the members of the putative class.

**NINTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because any allegedly untrue statements of material fact and/or omissions of material fact in the Registration Statement were not material.

**TENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the Registration Statement, Cloopen's own public filings and announcements,

and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## ELEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because the Underwriter Defendants acted at all times in good faith, including by acting in conformity with the rules and regulations of the Securities and Exchange Commission, and had no knowledge, and were not reckless or negligent in not knowing, that any alleged statement or omission was false or misleading.

## TWELFTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, of any alleged misstatements or omissions of fact in the Registration Statement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from the Underwriter Defendants because Plaintiff has not suffered any cognizable injury or sustained any damages and because any damages (which Underwriter Defendants deny) are speculative.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because any damages or injuries allegedly sustained by Plaintiff were not actually or legally caused by the Underwriter Defendants or any misstatement or omission alleged in the Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because any losses allegedly suffered by Plaintiff are the proximate result, either in whole or in part, of actions or omissions of parties other than the Underwriter Defendants, for which the Underwriter Defendants are in no way liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff knew or, in the exercise of reasonable care, could have learned of the alleged untruths and/or omissions of which Plaintiff complains.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not reasonably rely on any alleged misstatements or omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts, omissions, and/or negligence of the Plaintiff or others.

## NINETEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misstatements, omissions and conduct alleged in the claims against the Underwriter Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any injury or damage as alleged in the Amended Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because Plaintiff purchased Cloopen stock with actual or constructive knowledge of the risks involved in an investment in Cloopen stock, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are not properly maintainable as class action claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to comply with its duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint, and are therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Amended Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Underwriter Defendants are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Amended Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding or otherwise.

### THIRTIETH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because the Registration Statement complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered damages, if at all, such damages must be offset by Plaintiff's gains.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pled or that may be pled by any other defendant not expressly set forth herein. The Underwriter Defendants reserve the right to assert such additional defenses as may be appropriate at a later time.

WHEREFORE the Underwriter Defendants demand judgment in such form and for such relief as the Court deems just and proper.

Dated:  New York, New York
          April 17, 2023

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ Charles D. Cording
Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 728-8000
Email: tcosenza@willkie.com
           ccording@willkie.com

*Attorneys for the Underwriter Defendants*