**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BOYAN DONG, Individually and On Behalf of
All Others Similarly Situated,

                Plaintiff,

      v.

CLOOPEN GROUP HOLDING LIMITED,
CHANGXUN SUN, YIPENG LI, KUI ZHOU,
QINGSHENG ZHENG, XIAODONG LIANG,
ZI YANG, MING LIAO, FENG ZHU, LOK
YAN HUI, JIANHONG ZHOU, CHING CHIU,
XIEGANG XIONG, CHENG LUO, YUNHAO
LIU, COGENCY GLOBAL INC., COLLEEN
A. DEVRIES, GOLDMAN SACHS (ASIA)
L.L.C., CITIGROUP GLOBAL MARKETS
INC., CHINA INTERNATIONAL CAPITAL
CORPORATION HONG KONG SECURITIES
LIMITED, TIGER BROKERS (NZ) LIMITED,
and FUTU INC.,

                Defendants.

Case No. 1:21-cv-10610-JGK-RWL

---

**DEFENDANTS CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN,**
**YIPENG LI, XIEGANG XIONG, AND CHENG LUO'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT**

Defendants Cloopen Group Holding Limited ("Cloopen" or the "Company"), Changxun Sun, Yipeng Li, Xiegang Xiong, and Cheng Luo (collectively, the "Cloopen Defendants"),[1] by and through their undersigned counsel, hereby answer the Amended Class Action Complaint filed by Court appointed Lead Plaintiff Guozhang Wang ("Plaintiff"), dated May 31, 2022, ECF No. 84 (the "Complaint").[2]

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings, the Cloopen Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every heading and subheading in the Complaint.  Further, except as expressly admitted herein, the Cloopen Defendants deny each and every allegation of the Complaint, including, without limitation, any allegations in the numbered paragraphs, headings, subheadings, footnotes, and/or the prayer for relief.

The Cloopen Defendants further answer the numbered paragraphs in the Complaint as follows:

1.     The Cloopen Defendants admit that Cloopen commenced an IPO on February 9, 2021.  The Cloopen Defendants admit that Plaintiff purports to bring this action as a class action on behalf of persons who purchased, or otherwise acquired, Cloopen American Depositary Shares ("ADSs") pursuant or traceable to the Offering Documents issued in connection with Cloopen's

---

[1] On information and belief, Xiaodong Liang, Zi Yang, Ming Liao, Feng Zhu, Lok Yan Hui, Jianhong Zhou, Ching Chiu, and Yunhao Liu have not been served nor appeared in this action.

[2] Unless otherwise indicated, all capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Complaint.

1

IPO and/or (b) purchased or otherwise acquired Cloopen securities during the Class Period.[3]  The Cloopen Defendants further admit that Plaintiff purports to bring claims under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") against Cloopen and its Board, CEO, and CFO.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 1.

2.    To the extent that the allegations contained in paragraph 2 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants otherwise admit the allegations contained in paragraph 2.

3.    To the extent that the allegations contained in paragraph 3 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The allegations contained in the second sentence of paragraph 3 contain legal conclusions as to which no response is required.  To the extent that a response to paragraph 3 is required, the Cloopen Defendants deny Plaintiff's characterization of the disclosures.  The Cloopen Defendants admit that Cloopen conducted its IPO in February 2021 and that, pursuant to the Offering Documents, Cloopen issued 23 million ADSs at an issuance price of $16 per ADS.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 3.

---

[3] As used herein, the phrase "Offering Documents" means Cloopen's Registration Statement filed on January 19, 2021 (the "Registration Statement") and declared effective by the U.S. Securities and Exchange Commission ("SEC") on February 8, 2021 and its Prospectus on Form 424B4, filed on February 9, 2021 (the "Prospectus").

4.      The allegations in paragraph 4 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 4 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.  The Cloopen Defendants admit that the fair value of the Series F preferred shares underlying the Series F warrant was not disclosed in the Offering Documents, but the Offering Documents described that warrant liabilities are "subject to remeasurement at each reporting period . . . utilizing the binominal option pricing model, with changes in estimated fair value included in the change in fair value of warrant liabilities on the consolidated statement of comprehensive loss."  The Cloopen Defendants deny that Cloopen had any obligation to report the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant in the Offering Documents because (i) the Series F warrant was issued in the fourth quarter of ("Q4") 2020 and exercised in the first quarter of ("Q1") 2021, and (ii) the Offering Documents were expressly and properly limited to the third quarter of ("Q3") 2020 financials because Q4 financials had not been released or reported at the time of the IPO. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 4.

5.      The Cloopen Defendants admit that Cloopen filed a Form 6-K with the SEC on March 26, 2021 announcing its unaudited financial results for Q4 and fiscal year ("FY") 2020 (the "March 26, 2021 Form 6-K" or "Form 6-K") and that the March 26, 2021 Form 6-K disclosed an increase in net loss for Q4 2020 compared with the net loss in Q4 2019, driven in part, by a change in fair value of warrant liabilities.  To the extent that the allegations contained

in paragraph 5 purport to quote and/or characterize disclosures contained in Cloopen's Offering Documents or March 26, 2021 Form 6-K, the documents speak for themselves, and the Cloopen Defendants respectfully refer to these documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents and/or March 26, 2021 Form 6-K is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 5.

6.      The allegations in paragraph 6 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 6 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise deny each and every allegation in paragraph 6, and specifically deny that the Offering Documents represented that Cloopen's "land and expand" strategy was effective at the time of the IPO.

7.      The allegations in paragraph 7 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 7 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and

4

deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise deny each and every allegation in paragraph 7.

8. To the extent that the allegations contained in paragraph 8 purport to quote and/or characterize disclosures contained in Cloopen's Offering Documents and/or Cloopen's Annual Report for FY 2020 on Form 20-F that Cloopen filed with the SEC on May 10, 2021 (the "FY2020 Annual Report" or "Annual Report"), these documents speak for themselves, and the Cloopen Defendants respectfully refer to the documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in these documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that the Company's dollar-based net customer retention rate illustrates Cloopen's ability to increase revenue generated from its existing customer base in relation to solutions that Cloopen offers on a recurring basis. The Cloopen Defendants further admit that Cloopen's dollar-based net customer retention rate experienced a decline in Q4 2020; that Cloopen's Offering Documents disclosed that the Company's dollar-based net customer retention rate in relation to solutions Cloopen offers on a recurring basis for the first nine months of FY 2020 ended September 30, 2020 was 94.7%; and that Cloopen's FY2020 Annual Report disclosed that the Company's dollar-based net customer retention rate in relation to solutions that Cloopen offers on a recurring basis for FY 2020 was 86.8%. The remaining allegations in paragraph 8 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 8.

9. The allegations in paragraph 9 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 9 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for

5

themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise deny each and every allegation in paragraph 9.

10. The allegations in paragraph 10 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 10 purport to quote and/or characterize disclosures contained in the Offering Documents, the March 26, 2021 Form 6-K, and/or the FY2020 Annual Report, those documents speak for themselves, and the Cloopen Defendants respectfully refer to those documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in those documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise deny each and every allegation in paragraph 10.

11. The Cloopen Defendants admit that the allegations contained in paragraph 11 purport to quote and/or characterize information contained in Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303. Item 303 of SEC Regulation S-K speaks for itself, and the Cloopen Defendants respectfully refer to SEC Regulation S-K for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in SEC Regulation S-K. The allegations in paragraph 11 also contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 11 except as expressly admitted herein.

12. The Cloopen Defendants admit that the allegations contained in paragraph 12 purport to quote and/or characterize information contained in Item 105 of SEC Regulation S-K,

6

17 C.F.R. § 229.105. Item 105 of SEC Regulation S-K speaks for itself, and the Cloopen Defendants respectfully refer to it for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in SEC Regulation S-K. The allegations in paragraph 12 also contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, and except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 12.

13. The Cloopen Defendants admit that on March 26, 2021, Cloopen filed its Form 6-K with the SEC announcing its unaudited financial results for Q4 and FY 2020. The Cloopen Defendants deny Plaintiff's characterization of that announcement. To the extent that the allegations contained in paragraph 13 purport to characterize investors' and/or analysts' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. To the extent that the allegations contained in paragraph 13 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K, the Form 6-K speaks for itself, and the Cloopen Defendants respectfully refer to the Form 6-K for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of the Form 6-K is complete or presented with full context and deny Plaintiff's characterization of disclosures purportedly contained in the Form 6-K. The Cloopen Defendants admit that the March 26, 2021 Form 6-K disclosed that the Company's Q4 2020 revenues were $39.6 million; that the Form 6-K disclosed that the Company's net loss for Q4 2020 was RMB305.4 million (US$46.8 million), representing a 466.9% increase when compared to Q4 2019; that the Form 6-K disclosed that the Company's operating expenses for Q4 2020 were RMB180.4 million (US$27.6 million), representing a 30.0% increase when compared to Q4 2019; that the Form 6-K disclosed that the change in net

loss for Q4 2020 was in part due to a RMB224.8 million (US$34.4 million) increase in the change in fair value of warrant liabilities; and that the Form 6-K disclosed that the general and administrative expenses increased by 59.2% in Q4 2020 compared to Q4 2019 due to, in part, an increase in the provision for doubtful accounts resulting from increased accounts receivables. Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 13.

14.     To the extent that paragraph 14 contains allegations concerning Cloopen's stock price, the Cloopen Defendants refer to public records of such stock prices.  The Cloopen Defendants admit that the price of Cloopen's ADSs fell 18.5% from $14.42 per ADS at close of March 25, 2021 to $11.75 per ADS at close of March 26, 2021.  The remaining allegations in paragraph 14 contain Plaintiff's characterizations as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 14.

15.     The allegations in paragraph 15 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 15 purport to quote and/or characterize disclosures contained in the March 26, 2021 Form 6-K or the investor conference call related to that March 26, 2021 Form 6-K, the Form 6-K and conference call transcript speak for themselves, and the Cloopen Defendants respectfully refer to those documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the March 26, 2021 Form 6-K and/or conference call transcript is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise deny each and every allegation in paragraph 15.

16.     The Cloopen Defendants admit that on May 10, 2021, Cloopen filed its FY2020 Annual Report on Form 20-F with the SEC.  To the extent that the allegations contained in

paragraph 16 purport to quote and/or characterize disclosures contained in the Annual Report, the Annual Report speaks for itself, and the Cloopen Defendants respectfully refer to the Annual Report for its true and correct contents. The Cloopen Defendants deny Plaintiff's characterization of that Annual Report. The Cloopen Defendants admit that Cloopen's FY2020 Annual Report disclosed that the Company's dollar-based net customer retention rate in relation to solutions that Cloopen offers on a recurring basis for FY 2020 was 86.8%. To the extent that paragraph 16 contains allegations concerning Cloopen's stock price, the Cloopen Defendants refer to public records of such stock prices. The Cloopen Defendants admit that the price of Cloopen's ADSs fell 9.3% from $9.89 per ADS at close of May 11, 2021 to $8.97 per ADS at close of May 12, 2021. The Cloopen Defendants further admit that the price of Cloopen's ADSs increased by 3.13% following the filing of the FY2020 Annual Report from $9.59 per ADS at close of May 10, 2021 to $9.89 per ADS at close of May 11, 2021. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 16.

17. To the extent that paragraph 17 contains allegations concerning Cloopen's stock price, the Cloopen Defendants refer to public records of such stock prices. The Cloopen Defendants admit that, from the IPO to the date of the filing of the Complaint on December 10, 2021, the price of Cloopen's ADSs has traded as low as $3.10 per ADS and that such price represents a decline of approximately 80% from the $16 per ADS IPO offering price.

18. The allegations in paragraph 18 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 18.

19. The Cloopen Defendants admit that on May 3, 2022, Cloopen announced that it had formed an independent special committee. To the extent that the allegations contained in paragraph 19 purport to quote and/or characterize disclosures contained in that announcement,

9

the announcement speaks for itself, and the Cloopen Defendants respectfully refer to the announcement for its true and correct contents. The Cloopen Defendants deny Plaintiff's characterization of that announcement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 19.

20. The allegations in paragraph 20 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny the allegations in paragraph 20, except they admit that Plaintiff purports to bring claims under and pursuant to the bases stated in paragraph 20.

21. The allegations in paragraph 21 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny the allegations in paragraph 21, except they admit that Plaintiff purports to base the Court's jurisdiction over this action on the bases stated in paragraph 21.

22. The allegations in paragraph 22 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny the allegations in paragraph 22, except they admit that Plaintiff purports to base venue on the statutes cited therein.

23. The allegations in paragraph 23 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, on that basis, deny those allegations.

24. To the extent that the allegations contained in paragraph 24 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants admit that Cloopen's principal

10

executive offices are located at 16/F, Tower A, Fairmont Tower, 33 Guangshun North Main Street, Chaoyang District, Beijing, China.   The Cloopen Defendants otherwise admit the remaining allegations contained in paragraph 24.

25.    The Cloopen Defendants admit that Changxun Sun ("Sun") founded Cloopen in 2014 and has been Cloopen's CEO and Chairman of the Board since inception.  The Cloopen Defendants further admit that Mr. Sun signed the Registration Statement.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 25.

26.    The Cloopen Defendants admit that Yipeng Li ("Li") was, at the time of the IPO, Cloopen's CFO and a Director on Cloopen's Board, as his appointment as a Director was effective upon the SEC's declaration of effectiveness of the Registration Statement.  The Cloopen Defendants admit that Mr. Li signed the Registration Statement.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 26.

27.    Paragraph 27 contains Plaintiff's defined terms, characterizations, and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 27.

28.    The Cloopen Defendants admit that Kui Zhou ("Zhou") was, at the time of the IPO, a Director on Cloopen's Board.  The Cloopen Defendants admit that Mr. Zhou signed the Registration Statement.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 28.

29.    The Cloopen Defendants admit that Qingsheng Zheng ("Zheng") was, at the time of the IPO, a Director on Cloopen's Board.  The Cloopen Defendants admit that Mr. Zheng signed the Registration Statement.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 29.

30.    The Cloopen Defendants admit that Xiaodong Liang ("Liang") was, at the time of the IPO, a Director on Cloopen's Board. The Cloopen Defendants admit that Mr. Liang signed the Registration Statement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 30.

31.    The Cloopen Defendants admit that Zi Yang ("Yang") was, at the time of the IPO, a Director on Cloopen's Board. The Cloopen Defendants admit that Mr. Yang signed the Registration Statement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 31.

32.    The Cloopen Defendants admit that Ming Liao ("Liao") was, at the time of the IPO, a Director on Cloopen's Board. The Cloopen Defendants admit that Mr. Liao signed the Registration Statement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 32.

33.    The Cloopen Defendants admit that Feng Zhu ("Zhu") was, at the time of the IPO, a Director on Cloopen's Board. The Cloopen Defendants admit that Mr. Zhu signed the Registration Statement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 33.

34.    The Cloopen Defendants admit that Lok Yan Hui ("Hui") was, at the time of the IPO, a Director on Cloopen's Board. The Cloopen Defendants admit that Ms. Hui signed the Registration Statement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 34.

35.    The Cloopen Defendants admit that Jianhong Zhou ("J. Zhou") was, at the time of the IPO, a Director on Cloopen's Board. The Cloopen Defendants admit that Mr. J. Zhou signed the Registration Statement. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 35.

36.     The Cloopen Defendants admit that Ching Chiu ("Chiu") was, at the time of the IPO, a Director on Cloopen's Board until his resignation from the Board effective May 18, 2022. The Cloopen Defendants admit that Mr. Chiu signed the Registration Statement.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 36.

37.     The Cloopen Defendants admit the allegations in paragraph 37.

38.     The Cloopen Defendants admit the allegations in paragraph 38.

39.     The Cloopen Defendants admit that Yunhao Liu ("Liu") was named in the Registration Statement as his appointment as a Director was effective upon the SEC's declaration of effectiveness of the Registration Statement, and that he served as a Director until his resignation from the Board effective May 18, 2022.

40.     The Cloopen Defendants admit that Cogency Global was Cloopen's authorized U.S. representative for purposes of the IPO and that Ms. DeVries signed the Registration Statement on behalf of Cogency Global.  The remaining allegations in paragraph 40 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 as to Cogency Global and Ms. DeVries and, on that basis, deny each and every remaining allegation in paragraph 40 except those expressly admitted herein.

41.     The Cloopen Defendants admit that Messrs. Sun, Li, Zhou, Zheng, Liang, Yang, Liao, Zhu, J. Zhou, and Chiu and Mses. Hui and DeVries each signed the Registration Statement. The Cloopen Defendants further admit, based on information and belief, that Messrs. Sun and Li contributed to the IPO and Registration Statement, met with potential investors, and attended road shows.  The Cloopen Defendants further admit, based on information and belief, that certain

13

of Messrs. Sun, Li, Zhou, Zheng, Liang, Yang, Liao, Zhu, J. Zhou, and Chiu and Ms. Hui participated in planning and contributing to the IPO and Registration Statement and hiring the underwriters. The remaining allegations in Paragraph 41 contain Plaintiff's defined terms, characterizations, and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 41 except as expressly admitted herein.

42. The Cloopen Defendants admit the allegations in paragraph 42.

43. The Cloopen Defendants admit the allegations in paragraph 43.

44. The Cloopen Defendants admit the allegations in paragraph 44.

45. The Cloopen Defendants deny the allegations in paragraph 45 as Tiger Brokers (NZ) Limited received no allocation of ADSs at the time of the IPO and thus did not act as an underwriter for Cloopen's IPO.

46. The Cloopen Defendants deny the allegations in paragraph 46 as Futu Inc. received no allocation of ADSs at the time of the IPO and thus did not act as an underwriter for Cloopen's IPO.

47. The Cloopen Defendants admit that certain Underwriter Defendants acted as underwriters for Cloopen's IPO, but certain other Underwriter Defendants received no allocation of ADSs at the time of the IPO. The Cloopen Defendants further admit that certain Underwriter Defendants arranged a road show for Cloopen's IPO. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 47.

48. To the extent that the allegations contained in paragraph 48 purport to characterize information disclosed in Cloopen's Offering Documents or the Underwriting Agreement (filed as Exhibit 1.1 to the Registration Statement), the documents speak for themselves, and the Cloopen

Defendants respectfully refer to the Offering Documents and Underwriting Agreement for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of the disclosures contained in the Offering Documents and Underwriting Agreement is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.  The Cloopen Defendants admit that certain Underwriter Defendants acquired the ADSs with an underwriting discount at the time of the IPO, and that certain other Underwriter Defendants received no allocation of ADSs at the time of the IPO.  The remaining allegations in paragraph 48 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 48 except as otherwise admitted herein.

49.    To the extent that the allegations contained in paragraph 49 and its subsections purport to characterize information disclosed in Cloopen's Offering Documents or the Underwriting Agreement, the documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents and Underwriting Agreement for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of the disclosures contained in the Offering Documents and Underwriting Agreement is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.

The Cloopen Defendants admit that certain of the Underwriter Defendants served as underwriters of the IPO, that certain Underwriter Defendants acquired the ADSs with an underwriting discount at the time of the IPO, and that certain other Underwriter Defendants received no allocation of ADSs at the time of the IPO.  The Cloopen Defendants further admit that certain Underwriter Defendants arranged a road show prior to the IPO and that the Underwriter Defendants and Cloopen are parties to an Underwriting Agreement, which contains

an indemnification provision, and refer to the Underwriting Agreement for its true and correct contents. The remaining allegations in paragraph 49 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 49 except as otherwise admitted herein.

50.     To the extent that the allegations contained in paragraph 50 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that Cloopen began providing cloud-based communications solutions in 2014; that the Company primarily operates its business through Beijing Ronglian Yitong Information Technology Co. Ltd., or Ronglian Yitong; and that, as of the IPO, Ronglian Yitong was owned 71.01% by Mr. Sun and 26.46% by Mr. J. Zhou. The remaining allegations in paragraph 50 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 50 except as expressly admitted herein.

51.     To the extent that the allegations contained in paragraph 51 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants otherwise admit the allegations in paragraph 51.

52. To the extent that the allegations contained in paragraph 52 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise admit the allegations in paragraph 52 to the extent that they speak of Cloopen's operations and business strategy as of the time of the IPO. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 52.

53. To the extent that the allegations contained in paragraph 53 purport to characterize information disclosed in Cloopen's Offering Documents and/or the FY2020 Annual Report, the documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents and/or Annual Report for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents and/or Annual Report is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that, as it disclosed in the Offering Documents, in the years leading up to the IPO, Cloopen experienced growth. The Cloopen Defendants further admit that Cloopen's Offering Documents and/or Annual Report disclosed that the Company had an active customer base of over 10,200, 11,500, and 13,000 enterprises, as of December 31 of 2018, 2019, and 2020, respectively. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 53.

54. The Cloopen Defendants admit that the allegations contained in paragraph 54 purport to quote and/or characterize disclosures contained in Cloopen's Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to

17

the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented in its full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that the Company's dollar-based net customer retention rate illustrates Cloopen's ability to increase revenue generated from its existing customer base in relation to solutions that Cloopen offers on a recurring basis. The remaining allegations in paragraph 54 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 54.

55.    To the extent that the allegations contained in paragraph 55 purport to characterize information disclosed in Cloopen's Offering Documents, Form 6-K, and/or FY2020 Annual Report, all are documents that speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents, Form 6-K, and/or FY2020 Annual Report for their true and correct contents. The Cloopen Defendants admit that Cloopen's Offering Documents disclosed that the Company's dollar-based net customer retention rate in relation to solutions Cloopen offers on a recurring basis for FY 2018, FY 2019, and the nine months ended September 30, 2020 was 135.7%, 102.7%, and 94.7%, respectively. The Cloopen Defendants admit that Cloopen's FY2020 Annual Report disclosed that the Company's dollar-based net customer retention rate in relation to solutions that Cloopen offers on a recurring basis for FY 2020 was 86.8%. The remaining allegations in paragraph 55 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 55.

56.    The allegations in paragraph 56 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed

necessary and to the extent that the allegations contained in paragraph 56 purport to quote and/or characterize disclosures contained in the Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise deny each and every allegation in paragraph 56.

57.     To the extent that the allegations contained in paragraph 57 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that, as Cloopen disclosed in the Offering Documents, in October 2019, Cloopen issued warrants with rights to purchase 6,112,570 Series E preferred shares for $15 million.

58.     To the extent that the allegations contained in paragraph 58 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants otherwise admit that the Offering Documents disclosed that, in March 2020 and July 2020, Cloopen issued additional warrants to the Series E warrant holders with rights to purchase an aggregate of 314,274 series E preferred shares at nominal value for anti-dilution purpose. The Cloopen Defendants further admit

19

that the Offering Documents disclosed that, in March 2020, Cloopen issued 3,706,745 pre-offering Class A ordinary shares to Kastle Limited at nominal consideration; that in July 2020, Cloopen issued 3,036,187 pre-offering Class A ordinary shares to Kastle Limited at nominal consideration; and that in July 2020, Cloopen issued 464,900 pre-offering Class A ordinary shares to Will Hunting Capital Fund I, L.P. at the consideration of $1,140,864.60.

59.    To the extent that the allegations contained in paragraph 59 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speaks for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants otherwise admit the allegations in paragraph 59.

60.    The allegations in paragraph 60 contain accounting and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 60 purport to quote and/or characterize disclosures contained in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Offering Documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.  The Cloopen Defendants otherwise deny each and every allegation in paragraph 60.

61.    To the extent that the allegations contained in paragraph 61 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants otherwise admit that the Offering Documents disclosed that the Series E warrants were exercised in full in November 2020 and that Cloopen

20

recorded the fair value of the Series E Redeemable Convertible Preferred Shares underlying the Series E warrants, as of September 30, 2020, at $2.70 per share.

62. To the extent that the allegations contained in paragraph 62 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants otherwise admit that the Series F warrant was exercised in full in January 2021 and that Cloopen did not record the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant in the Offering Documents. The Cloopen Defendants deny that Cloopen had any obligation to report the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrants in the Offering Documents because (i) the Series F warrant was issued in Q4 2020 and exercised in Q1 2021, and (ii) the Offering Documents were expressly and properly limited to Q3 2020 financials because Q4 financials had not been released or reported at the time of the IPO. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 62.

63. To the extent that the allegations contained in paragraph 63 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants otherwise deny the allegations contained in paragraph 63.

64. The Cloopen Defendants admit that on November 13, 2020, Cloopen filed a draft registration statement on Form F-1 with the SEC in connection with the IPO. That draft registration statement is publicly available on the SEC's website.

65.    The Cloopen Defendants admit that on December 10, 2020, the SEC delivered a letter addressed to Mr. Sun.  The Cloopen Defendants admit that the allegations contained in paragraph 65 purport to quote and/or characterize disclosures contained in the SEC's letter.  The letter speaks for itself, and the Cloopen Defendants respectfully refer to the December 10, 2020 letter for its true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of the letter is complete or presented in its full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of the letter.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 65.

66.    The Cloopen Defendants admit the allegations contained in paragraph 66.

67.    The Cloopen Defendants admit the allegations contained in paragraph 67.

68.    The Cloopen Defendants admit the allegations contained in paragraph 68.

69.    The Cloopen Defendants admit the allegations contained in paragraph 69.

70.    The Cloopen Defendants admit the allegations contained in paragraph 70.

71.    The Cloopen Defendants admit the allegations contained in paragraph 71.

72.    Paragraph 72 contains Plaintiff's legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 72.

73.    The Cloopen Defendants admit that the allegations contained in paragraph 73 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements

purportedly contained in the Offering Documents. The remaining allegations in paragraph 73 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 73 except as expressly admitted herein.

74. The Cloopen Defendants admit that the allegations contained in the first sentence of paragraph 74 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The Cloopen Defendants admit that the FY2020 Annual Report disclosed that the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant was recorded as $4.8 million. The Cloopen Defendants deny that Cloopen had any obligation to report the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant in the Offering Documents because (i) the Series F warrant was issued in Q4 2020 and exercised in Q1 2021, and (ii) the Offering Documents were expressly and properly limited to Q3 2020 financials because Q4 financials had not been released or reported at the time of the IPO. The remaining allegations in paragraph 74 contain Plaintiff's legal characterizations and/or conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 74 except as expressly admitted herein.

75. The Cloopen Defendants admit that the allegations contained in paragraph 75 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that

Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The Cloopen Defendants admit that Cloopen's Offering Documents disclosed that Cloopen's warrant liabilities were measured at fair value using unobservable inputs and categorized in Level 3 of the fair value hierarchy. The Cloopen Defendants further admit that Cloopen's Offering Documents disclosed, at initial recognition, Cloopen recorded the warrant liabilities on its consolidated balance sheets at their estimated fair value and changes in estimated fair values were included in the change in fair value of warrant liabilities on the consolidated statement of comprehensive loss or allocated to the proceeds from the issuance of the debt instrument to the warrants based on the warrant liabilities' fair value. The Cloopen Defendants further admit that Cloopen's Offering Documents disclosed that Cloopen's warrant liabilities are subject to remeasurement at each reporting period and that Cloopen adjusted the carrying value of the warrant liabilities to fair value at the end of each reporting period utilizing the binominal option pricing model, with changes in estimated fair value included in the change in fair value of warrant liabilities on the consolidated statement of comprehensive loss. The Cloopen Defendants deny each and every allegation in paragraph 75 except as expressly admitted herein.

76.    To the extent that the allegations contained in paragraph 76 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speaks for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants otherwise admit the allegations in paragraph 76.

77.    The allegations in paragraph 77 contain Plaintiff's legal characterizations and/or conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 77.

78.    The Cloopen Defendants admit that the allegations contained in paragraph 78 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 78.

79.    The Cloopen Defendants admit that the allegations contained in paragraph 79 purport to quote and/or characterize disclosures contained in Cloopen's Offering Documents, March 26, 2021 Form 6-K, and FY2020 Annual Report.  These documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents, March 26, 2021 Form 6-K, and FY2020 Annual Report for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 79.

80.    The allegations in paragraph 80 contain Plaintiff's characterizations, accounting conclusions, and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 80.

81.    The allegations in paragraph 81 contain Plaintiff's legal characterizations and/or conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 81.

82.     The Cloopen Defendants admit that the allegations contained in paragraph 82 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The remaining allegations in paragraph 82 contain Plaintiff's legal characterizations and/or conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 82, except as expressly admitted herein.

83.     The Cloopen Defendants admit that the allegations contained in paragraph 83 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  For these reasons, the Cloopen Defendants deny each and every remaining allegation in paragraph 83, except as expressly admitted herein.

84.     The Cloopen Defendants admit that the allegations contained in paragraph 84 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 84.

85. The Cloopen Defendants admit that the allegations contained in paragraph 85 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The Cloopen Defendants admit that Cloopen's Offering Documents and/or FY2020 Annual Report disclosed that the Company's dollar-based net customer retention rate for solutions that Cloopen offers on a recurring basis for the first nine months of FY 2020 ended September 30, 2020 and FY 2020 were 94.7%, and 86.8%, respectively. The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020. The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures Cloopen's overall ability to "expand[] sales to existing customers." The remaining allegations in paragraph 85 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 85.

86. The Cloopen Defendants admit that the allegations contained in paragraph 86 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 86.

87.     The Cloopen Defendants admit that the allegations contained in paragraph 87 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures (a) whether Cloopen "serve[s] a diverse and loyal customer base," (b) whether "high customer satisfaction and close customer relationship" can "further increase customer loyalty," (c) the potential of Cloopen's "land and expand" strategy, or (d) Cloopen's "cross-selling" and "up-selling potential."  The remaining allegations in paragraph 87 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 87.

88.     The Cloopen Defendants admit that the allegations contained in paragraph 88 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures (a) whether Cloopen serves a "diverse and loyal customer base" or (b) whether Cloopen's

28

"superior customer support and success system [was] designed to drive customer satisfaction and expand cross-selling and up-selling opportunities."  The remaining allegations in paragraph 88 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 88.

89.    The Cloopen Defendants admit that the allegations contained in paragraph 89 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures (a) Cloopen's ability to expand "sales to existing customers" by "cross sell[ing]" and "upsell[ing] our solutions" or (b) the growth of the current overall customer base.  The remaining allegations in paragraph 89 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 89.

90.    The Cloopen Defendants admit that the allegations contained in paragraph 90 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements

29

purportedly contained in the Offering Documents. The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020. The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures (a) Cloopen's overall "robust growth in recent years" or (b) Cloopen's overall ability to provide "[r]eliable customer experience" and "consistently high service levels." The remaining allegations in paragraph 90 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 90.

91.    The Cloopen Defendants admit that the allegations contained in paragraph 91 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 91 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 91.

92.    The Cloopen Defendants admit that the allegations contained in paragraph 92 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020. The Cloopen

30

Defendants deny that short-term change in the dollar-based net customer retention rate measures Cloopen's overall ability to retain customers. The remaining allegations in paragraph 92 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 92.

93.    The Cloopen Defendants admit that the allegations contained in paragraph 93 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 93 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 93.

94.    The Cloopen Defendants admit that the allegations contained in paragraph 94 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 94 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 94.

95.     The Cloopen Defendants admit that the allegations contained in paragraph 95 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate reflects a failure to provide high quality customer support.  The remaining allegations in paragraph 95 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 95.

96.     The Cloopen Defendants admit that the allegations contained in paragraph 96 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate reflects a loss of customers or a failure to attract new customers as a result of complaints or negative publicity.  The remaining allegations in paragraph 96 contain Plaintiff's characterizations and/or

legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 96.

97.    The Cloopen Defendants admit that the allegations contained in paragraph 97 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate reflects Cloopen's overall revenue growth.  The remaining allegations in paragraph 97 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 97.

98.    The Cloopen Defendants admit that the allegations contained in paragraph 98 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020.  The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures Cloopen's overall ability to "experience[] robust growth."  The remaining allegations in

paragraph 98 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 98.

99.     The Cloopen Defendants admit that the allegations contained in paragraph 99 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The remaining allegations in paragraph 99 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 99.

100.    The Cloopen Defendants admit that the allegations contained in paragraph 100 purport to quote and/or characterize disclosures contained in the Offering Documents.  The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents.  The remaining allegations in paragraph 100 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 100.

101.    The Cloopen Defendants admit that the allegations contained in paragraph 101 purport to quote and/or characterize disclosures contained in the Offering Documents.  The

Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The Cloopen Defendants admit that the dollar-based net customer retention rate experienced a decline in Q4 2020. The remaining allegations in paragraph 101 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 101.

102. The Cloopen Defendants admit that the allegations contained in paragraph 102 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 102 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 102.

103. The Cloopen Defendants admit that the allegations contained in paragraph 103 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The Cloopen

Defendants admit that Cloopen's Offering Documents and/or FY2020 Annual Report disclosed that the Company's dollar-based net customer retention rate for solutions that Cloopen offers on a recurring basis for the first nine months of FY 2020 ended September 30, 2020 and FY 2020 were 94.7%, and 86.8%, respectively. The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020. The Cloopen Defendants deny that short-term change in the dollar-based net customer retention rate measures (a) Cloopen's overall ability to expand sales to existing customers or (b) Cloopen's overall "strong customer acquisition capability [and] steady revenue stream from repeat customers." The remaining allegations in paragraph 103 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 103.

104. The Cloopen Defendants admit that the allegations contained in paragraph 104 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 104 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 104.

105. The Cloopen Defendants admit that the allegations contained in paragraph 105 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's

36

characterization of statements purportedly contained in the Offering Documents. The Cloopen Defendants admit that the Offering Documents disclosed that Cloopen had accounts receivables of RMB 150.3 million as of December 31, 2018, RMB 219.1 million ($32.3 million) as of December 31, 2019, and RMB 232.0 million ($34.2 million) as of September 30, 2020. The Cloopen Defendants also admit that the Offering Documents disclosed that Cloopen's allowance for doubtful accounts in relation to accounts receivable was RMB 19.3 million as of December 31, 2018, RMB 22.4 million ($3.3 million) as of December 31, 2019, and RMB 31.6 million ($4.7 million) as of September 30, 2020. Except as otherwise admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 105.

106. The Cloopen Defendants admit that the allegations contained in paragraph 106 purport to quote and/or characterize disclosures contained in the Offering Documents. The Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. To the extent that the allegations contained in paragraph 106 purport to characterize analysts' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. The Cloopen Defendants admit that Cloopen's Form 6-K disclosed that the general and administrative expenses increased by 59.2% in Q4 2020 compared to Q4 2019. The remaining allegations in paragraph 106 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 106.

107. The Cloopen Defendants admit that the allegations contained in paragraph 107 purport to quote and/or characterize disclosures contained in the Offering Documents. The

Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 107 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 107.

108. The allegations in paragraph 108 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 108.

109. The Cloopen Defendants admit that the allegations contained in paragraph 109 purport to quote and/or characterize information contained in Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303. Item 303 of SEC Regulation S-K speaks for itself, and the Cloopen Defendants respectfully refer to it for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in SEC Regulation S-K. The allegations in paragraph 109 also contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 109 except as expressly admitted herein.

110. The Cloopen Defendants admit that the allegations contained in paragraph 110 purport to quote and/or characterize information contained in the 1989 Interpretive Release published by the SEC regarding the disclosure of Management's Discussion and Analysis of Financial Condition and Results of Operations. The 1989 Interpretive Release speaks for itself, and the Cloopen Defendants respectfully refer to that publication for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with

full context and deny Plaintiff's characterization of statements purportedly contained in that publication. The allegations in paragraph 110 also contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 110 except as expressly admitted herein.

111. The allegations in paragraph 111 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 111.

112. The allegations in paragraph 112 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 112.

113. The Cloopen Defendants admit that the allegations contained in paragraph 113 purport to quote and/or characterize information contained in Item 105 of SEC Regulation S-K, 17 C.F.R. § 229.105. Item 105 of SEC Regulation S-K speaks for itself, and the Cloopen Defendants respectfully refer to this text for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in SEC Regulation S-K. The allegations in paragraph 113 also contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 113.

114. The allegations in paragraph 114 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 114.

115. The Cloopen Defendants admit that on March 26, 2021, Cloopen filed its Form 6-K with the SEC announcing its unaudited financial results for Q4 and FY 2020. The Cloopen Defendants deny Plaintiff's characterization of that announcement. To the extent that the

39

allegations contained in paragraph 115 purport to characterize investors' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 115.

116. The Cloopen Defendants admit the allegations contained in paragraph 116 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K. The Form 6-K speaks for itself, and the Cloopen Defendants respectfully refer to the Form 6-K for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of the Form 6-K is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of disclosures purportedly contained in the Form 6-K. The Cloopen Defendants admit that the March 26, 2021 Form 6-K disclosed that the Company's Q4 2020 revenues were $39.6 million; that the Form 6-K disclosed that the Company's net loss for Q4 2020 was RMB305.4 million (US$46.8 million), representing a 466.9% increase when compared to Q4 2019; and that the Form 6-K disclosed that the Company's operating expenses for Q4 2020 were RMB180.4 million (US$27.6 million), representing a 30.0% increase when compared to Q4 2019. To the extent that the allegations contained in paragraph 116 purport to characterize analysts' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 116.

117. The Cloopen Defendants admit the allegations contained in paragraph 117 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K. The Form 6-K speaks for itself, and the Cloopen Defendants respectfully refer to the Form 6-K for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of the Form 6-K is complete or presented with full context and deny Plaintiff's characterization

of disclosures purportedly contained in the Form 6-K.  Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 117.

118.    The Cloopen Defendants admit the allegations contained in paragraph 118 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K and/or corresponding investor conference call on the same day.  The Form 6-K and conference call transcript speak for themselves, and the Cloopen Defendants respectfully refer to those documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the March 26, 2021 Form 6-K and/or conference call transcript is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.  The Cloopen Defendants admit that the March 26, 2021 Form 6-K disclosed that the change in net loss for Q4 2020 was in part due to a RMB224.8 million (US$34.4 million) increase in the change in fair value of warrant liabilities and that the Form 6-K disclosed that the general and administrative expenses increased by 59.2% in Q4 2020 compared to Q4 2019 due to, in part, an increase in the provision for doubtful accounts resulting from increased accounts receivables.  Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 118.

119.    The Cloopen Defendants admit the allegations contained in paragraph 119 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K.  The Form 6-K speaks for itself, and the Cloopen Defendants respectfully refer to the Form 6-K for its true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Form 6-K is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.  The Cloopen Defendants admit that the Form 6-K disclosed that revenues increased by 18.1% in FY 2020.  The Cloopen Defendants further admit that the Form 6-K disclosed that net loss for FY 2020 was RMB509.1 million (US$78.0 million), representing an increase of 177.5% from FY 2019 and the increase was due, in part, to a

41

RMB227.5 million (US$34.9 million) increase in the change in fair value of warrant liabilities. The Cloopen Defendants admit that the Form 6-K disclosed that the general and administrative expenses increased by 90.1% in FY 2020 due to, in part, an increase in provision for doubtful accounts resulting from an increase in accounts receivables.  Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 119.

120.    The Cloopen Defendants admit the allegations contained in paragraph 120 purport to quote and/or characterize disclosures contained in the investor conference call corresponding to Cloopen's March 26, 2021 Form 6-K.  The conference call transcript speaks for itself, and the Cloopen Defendants respectfully refer to the transcript for its true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in that conference call transcript is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of the disclosures.  Except as expressly admitted herein, the Cloopen Defendants deny each and every allegation in paragraph 120.

121.    To the extent that paragraph 121 contains allegations concerning Cloopen's stock price, the Cloopen Defendants refer to public records of such stock prices.  The Cloopen Defendants admit that the price of Cloopen's ADSs fell 18.5% from $14.42 per ADS at close of March 25, 2021 to $11.75 per ADS at close of March 26, 2021.  The remaining allegations in paragraph 121 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 121.

122.    The Cloopen Defendants admit that on May 10, 2021, Cloopen filed its FY2020 Annual Report on a Form 20-F with the SEC.  To the extent that the allegations contained in paragraph 122 purport to quote and/or characterize disclosures contained in the Annual Report, the Annual Report speaks for itself, and the Cloopen Defendants respectfully refer to the Annual

42

Report for its true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the Annual Report is complete or presented with full context, deny Plaintiff's emphasis added with italics, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that Cloopen's Annual Report disclosed that the Company's dollar-based net customer retention rate for solutions that Cloopen offers on a recurring basis for FY 2018, FY 2019, and FY 2020 were 135.7%, 102.7%, and 86.8%, respectively. The remaining allegations in paragraph 122 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 122.

123.    To the extent that the allegations contained in paragraph 123 purport to quote and/or characterize disclosures contained in the Offering Documents and/or FY2020 Annual Report, the Offering Documents and/or Annual Report speak for themselves, and the Cloopen Defendants respectfully refer to these documents for their true and correct contents. The Cloopen Defendants deny Plaintiff's characterization of statements purportedly contained in the Offering Documents and/or Annual Report. The Cloopen Defendants admit that the Series F warrant was issued and exercised in full on January 7, 2021. The Cloopen Defendants further admit that the Annual Report disclosed that the fair value of the Series F Redeemable Convertible Preferred Shares underlying the Series F warrant was recorded as $5.50 per share and $4.8 million in total and that the Series F warrant was recorded as a loss of approximately $26 million. Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 123.

124.    To the extent that paragraph 124 contains allegations concerning Cloopen's stock price, the Cloopen Defendants refer to public records of such stock prices. The Cloopen Defendants admit that the price of Cloopen's ADSs fell 9.3% from $9.89 per ADS at close of

May 11, 2021 to $8.97 per ADS at close of May 12, 2021.  The Cloopen Defendants further admit that the price of Cloopen's ADSs increased by 3.13% following the filing of the FY2020 Annual Report from $9.59 per ADS at close of May 10, 2021 to $9.89 per ADS at close of May 11, 2021.  To the extent that the allegations contained in paragraph 124 purport to characterize investors' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 124.

125.    The Cloopen Defendants admit that on May 3, 2022, Cloopen announced that it had formed an impendent special committee.  To the extent that the allegations contained in paragraph 125 purport to quote and/or characterize disclosures contained in that announcement, the announcement speaks for itself, and the Cloopen Defendants respectfully refer to the announcement for its true and correct contents.  Except as otherwise admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 125.

126.    The Cloopen Defendants admit that on May 18, 2022, Cloopen announced that Chiu and Liu resigned from the Board of Directors.  The Cloopen Defendants further admit that on May 20, 2022, Cloopen announced that it had received a letter from the New York Stock Exchange.  To the extent that the allegations contained in paragraph 126 purport to quote and/or characterize disclosures contained in those announcements, those announcements speak for themselves, and the Cloopen Defendants respectfully refer to the announcements for their true and correct contents.  The Cloopen Defendants deny Plaintiff's characterization of those announcements.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 126.

127.    The Cloopen Defendants admit that Plaintiff purports to bring this action as a class action on behalf of certain persons or entities who (a) purchased Cloopen ADSs pursuant or

44

traceable to the Registration Statement and/or (b) purchased or otherwise acquired Cloopen ADSs during the Class Period and who were damaged thereby, excluding the Defendants, the officers and directors of Cloopen, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  The Cloopen Defendants deny that class certification is appropriate.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 127.

128.    The allegations in paragraph 128 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the numerosity of purported class members.  The Cloopen Defendants admit that record owners and other members of the purported class may be identified from records maintained by Cloopen's transfer agent.  The Cloopen Defendants deny each and every remaining allegation in paragraph 128.

129.    The allegations in paragraph 129 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported typicality of Plaintiff's claims, and on that basis, deny the allegations. The Cloopen Defendants deny each and every remaining allegation in paragraph 129.

130.    The allegations in paragraph 130 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported adequacy of Plaintiff, and on that basis, deny the allegations.  The Cloopen Defendants deny each and every remaining allegation in paragraph 130.

131.    The allegations in paragraph 131 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported predominance of common questions of law and fact as to all members of the Class, and on that basis, deny the allegations.  The Cloopen Defendants deny each and every remaining allegation in paragraph 131.

132.    The allegations in paragraph 132 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the purported superiority of a class action, and on that basis, deny the allegations. The Cloopen Defendants deny each and every remaining allegation in paragraph 132.

133.    The allegations in paragraph 133 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 133.

134.    The allegations in paragraph 134 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 134.

135.    The allegations in paragraph 135 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 135.

136.    The allegations in paragraph 136 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 136.

137.    The allegations in paragraph 137 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each

and every allegation in paragraph 137.

138.    The allegations in paragraph 138 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 138.

## COUNT I

139.    The Cloopen Defendants repeat each and every response contained above and further respond as follows.  The remaining allegations in paragraph 139 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 139 except that the Cloopen Defendants admit that Plaintiff purports to exclude and disclaim any allegation construed as alleging fraud or intentional or reckless misconduct for purposes of this cause of action.

140.    The Cloopen Defendants admit that Plaintiff purports to bring claims under Section 11 of the Securities Act, against all named Defendants.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 140.

141.    The allegations in paragraph 141 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 141.

142.    The Cloopen Defendants admit that Cloopen is the registrant for the IPO.  The remaining allegations in paragraph 142 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 142, except as expressly admitted herein.

143.    The Cloopen Defendants admit that the named Securities Act Individual

47

Defendants either signed the Offering Documents or were named in the Offering Documents as a director of Cloopen at the time of filing or to become a director upon the effectiveness of the Offering Documents.    The remaining allegations in paragraph 143 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 143, except as expressly admitted herein.

144.    The Cloopen Defendants admit that Ms. DeVries signed the Offering Documents on behalf of Cogency Global.  The remaining allegations in paragraph 144 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 144 as to Cogency Global and Ms. DeVries and, on that basis, deny each and every remaining allegation in paragraph 144 except those expressly admitted herein.

145.    The allegations in paragraph 145 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 145.

146.    The allegations in paragraph 146 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 146.

147.    The allegations in paragraph 147 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 147.

148.    The allegations in paragraph 148 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed

48

necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.

149.    The allegations in paragraph 149 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.

150.    The allegations in paragraph 150 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.

151.    The allegations in paragraph 151 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.

152.    The allegations in paragraph 152 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 152.

## COUNT II

153.    The Cloopen Defendants repeat each and every response contained above and further respond as follows.  The remaining allegations in paragraph 153 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 153 except that the Cloopen Defendants admit that Plaintiff purports to exclude and disclaim any allegation construed as alleging fraud or intentional or reckless misconduct for purposes of this cause of action.

154.    The Cloopen Defendants admit that Plaintiff purports to bring claims under Section 15 of the Securities Act, against all named Securities Act Individual Defendants, Cloopen, and Cogency Global.  Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 154.

155.    The allegations in paragraph 155 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 155.

156.    The allegations in paragraph 156 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 156.

157.    The Cloopen Defendants admit that Cogency Global served as the authorized U.S. representative for Cloopen.  The remaining allegations in paragraph 157 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.

158.    The allegations in paragraph 158 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 158.

**COUNT III**

159.    The Cloopen Defendants repeat each and every response contained above and further respond as follows.  The remaining allegations in paragraph 159 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 159 except that the Cloopen Defendants admit that Plaintiff purports to not expressly exclude and disclaim any allegation

construed as alleging fraud or intentional or reckless misconduct for purposes of this cause of action.

160. The Cloopen Defendants admit that Plaintiff purports to bring claims under Section § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, against Cloopen and Messrs. Sun and Li (collectively, the "Exchange Act Defendants"). Except as expressly admitted herein, the Cloopen Defendants deny each and every remaining allegation in paragraph 160.

161. The allegations in paragraph 161 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 161.

162. The allegations in paragraph 162 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 162.

163. The allegations in paragraph 163 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 163.

164. The allegations in paragraph 164 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 164.

165. The allegations in paragraph 165 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 165.

166. The allegations in paragraph 166 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 166 purport to characterize

Plaintiff's and/or other purported class members' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. The Cloopen Defendants otherwise deny each and every allegation in paragraph 166.

167. The allegations in paragraph 167 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 167 purport to characterize Plaintiff's and/or other purported class members' state of mind, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. The Cloopen Defendants otherwise deny each and every allegation in paragraph 167.

168. The allegations in paragraph 168 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 168.

169. The allegations in paragraph 169 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 169.

170. The allegations in paragraph 170 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 170.

171. The allegations in paragraph 171 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants lack knowledge and information sufficient to form a belief as to the truth the allegations in the first sentence, and deny each and every remaining allegation.

172.    The allegations in paragraph 172 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 172.

173.    The allegations in paragraph 173 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 173.

174.    The allegations in paragraph 174 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 174.

175.    The allegations in paragraph 175 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 175.

176.    The allegations in paragraph 176 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 176.

177.    The Cloopen Defendants admit that, on March 26, 2021, Cloopen filed the Form 6-K with the SEC announcing its unaudited financial results for Q4 and FY 2020, which disclosed information regarding Cloopen's Q4 2020 revenue, accounts receivables, allowance for doubtful accounts, and warrant liabilities.  The Cloopen Defendants further admit that, on May 10, 2021, Cloopen filed the FY2020 Annual Report with the SEC, which disclosed information regarding Cloopen's dollar-based net customer retention rate for FY2020.  The Form 6-K and Annual Report speak for themselves, and the Cloopen Defendants respectfully refer to these documents for their true and correct contents.  The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures.  To the extent that paragraph 177 contains

allegations concerning Cloopen's stock price, the Cloopen Defendants refer to public records of such stock prices. The Cloopen Defendants admit that the price of Cloopen's ADSs fell 18.5% from $14.42 per ADS at close of March 25, 2021 to $11.75 per ADS at close of March 26, 2021. The Cloopen Defendants further admit that the price of Cloopen's ADSs fell 9.3% from $9.89 per ADS at close of May 11, 2021 to $8.97 per ADS at close of May 12, 2021. The Cloopen Defendants further admit that the price of Cloopen's ADSs increased by 3.13% following the filing of the FY2020 Annual Report from $9.59 per ADS at close of May 10, 2021 to $9.89 per ADS at close of May 11, 2021. The remaining allegations in paragraph 177 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 177, except as expressly admitted herein.

178. The allegations in paragraph 178 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 178.

179. To the extent that the allegations contained in paragraph 179 purport to characterize information disclosed in Cloopen's Offering Documents and/or FY2020 Annual Report, these documents speak for themselves, and the Cloopen Defendants respectfully refer to the documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description of disclosures contained in the documents is complete or presented with full context, and deny Plaintiff's characterization of the disclosures. The Cloopen Defendants admit that the Company's dollar-based net customer retention rate illustrates Cloopen's ability to increase revenue generated from its existing customer base in relation to solutions that Cloopen offers on a recurring basis. The Cloopen Defendants further admit that the dollar-based net customer retention rate experienced a decline in Q4 2020. The remaining allegations in paragraph 179 contain Plaintiff's characterizations and/or legal conclusions as to which no

response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 179.

180. To the extent that the allegations contained in paragraph 180 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with bold and italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 180 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 180.

181. To the extent that the allegations contained in paragraph 181 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective description is complete or presented with full context and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 181 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 181.

182. The allegations in paragraph 182 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 182.

183. To the extent that the allegations contained in paragraph 183 purport to characterize information disclosed in Cloopen's Offering Documents, the Offering Documents speak for themselves, and the Cloopen Defendants respectfully refer to the Offering Documents for their true and correct contents. The Cloopen Defendants deny that Plaintiff's selective quotation is complete or presented with full context, deny Plaintiff's emphasis added with italics, and deny Plaintiff's characterization of statements purportedly contained in the Offering Documents. The remaining allegations in paragraph 183 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 183.

184. The allegations in paragraph 184 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 184.

185. The allegations in paragraph 185 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 185.

186. The allegations in paragraph 186 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 186.

187. The allegations in paragraph 187 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 187.

188. The allegations in paragraph 188 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 188.

**COUNT IV**

189. The Cloopen Defendants repeat each and every response contained above and further respond as follows. The remaining allegations in paragraph 189 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every allegation in paragraph 189 except that the Cloopen Defendants admit that Plaintiff purports to not expressly exclude and disclaim any allegation construed as alleging fraud or intentional or reckless misconduct for purposes of this cause of action.

190. The Cloopen Defendants admit that Defendants Sun and Li participated in the operation and management of Cloopen. The allegations in paragraph 190 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 190.

191. The allegations in paragraph 191 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 191.

192. The allegations in paragraph 192 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 192.

193. The allegations in paragraph 193 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 193.

194. The allegations in paragraph 194 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 194.

57

195.    The allegations in paragraph 195 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, the Cloopen Defendants deny each and every remaining allegation in paragraph 195.

**ANSWER TO PRAYER FOR RELIEF**

Plaintiff's prayer for relief contains statements to which no responsive pleading is required. The Cloopen Defendants deny that Plaintiff is entitled to relief, and respectfully requests that the Court dismiss all claims with prejudice and order such further relief for the Cloopen Defendants as the Court deems just and proper.  The Cloopen Defendants further deny that this action is appropriate for class action treatment.

**ANSWER TO JURY DEMAND**

The Cloopen Defendants deny the allegation of Plaintiff's demand for a jury trial, but admit that Plaintiff purports to demand a jury trial.  The Cloopen Defendants further reserves the right to challenge this demand.

**GENERAL DENIAL**

The Cloopen Defendants deny each and every allegation, statement, heading, matter and thing in the Complaint not expressly admitted or qualified herein.

**AFFIRMATIVE AND OTHER DEFENSES**

As separate and distinct affirmative defenses, the Cloopen Defendants allege as follows:

By alleging the matters set forth below, the Cloopen Defendants do not thereby allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore, the Cloopen Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend their answer and assert all such defenses.

58

## First Defense

This action is barred, in whole or in part, because the Cloopen Defendants are immune from liability for certain statements complained of in the Complaint under the bespeaks caution doctrine, where certain statements were identified as forward-looking statements and accompanied by meaningful cautionary language.

## Second Defense

This action is barred, in whole or in part, because the Cloopen Defendants are immune from liability for certain statements complained of in the Complaint under the bespeaks caution doctrine, where certain forward-looking statements were made without actual knowledge of their falsity.

## Third Defense

This action is barred, in whole or in part, because the Cloopen Defendants are immune from liability for certain statements complained of in the Complaint that are non-actionable statements of opinion and/or puffery.

## Fourth Defense

To the extent that Plaintiff or other putative class members committed to purchase the Cloopen ADS offered in the IPO prior to the issuance of the allegedly defective Offering Documents, their claims are barred by a lack of reliance.

## Fifth Defense

This action is barred, in whole or in part, because the Cloopen Defendants relied in good faith on the advice and professional judgment of experts and professional advisors as to matters which it reasonably believed to be within such persons' professional or expert competence.

### Sixth Defense

The action is barred, in whole or in part, because Plaintiff and members of the putative class would have purchased the ADSs traceable to the Offering Documents or during the Class Period even with full knowledge of the facts that they now allege were misrepresented or omitted.

### Seventh Defense

This action is barred, in whole or in part, because the information that Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed, available, and/or widely known to the market and to the investing community.

### Eighth Defense

This action is barred, in whole or in part, because Plaintiff and certain members of the putative class lack standing to assert a Section 11 or Section 10(b) claim because they cannot trace their ADSs to the IPO's Offering Documents or they did not purchase or otherwise acquire their ADSs during the alleged Class Period.

### Ninth Defense

This action is barred, in whole or in part, because any increase or decrease in the value of Cloopen's ADSs was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

### Tenth Defense

This action is barred, in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

### Eleventh Defense

This action is not maintainable as a class action because the requirements of Rule 23 of

the Federal Rules of Civil Procedure are not met.

## Twelfth Defense

This action is barred, in whole or in part, because Plaintiff and members of the putative class have no damages compensable under Section 11 of the Securities Act.

## Thirteenth Defense

Any recovery of damages allegedly incurred by Plaintiff or members of the putative class is barred, in whole or in part, by the damages limitations in Section 11(g) of the Securities Act.

## Fourteenth Defense

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class based on alleged violation of the Exchange Act is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

## Fifteenth Defense

This action is barred, in whole or in part, to the extent Plaintiff and members of the putative class seek damages that exceed those permitted under the federal securities laws and other applicable law.

## Sixteenth Defense

Plaintiff cannot recover against the Cloopen Defendants, in whole or in part, because the Cloopen Defendants are entitled to offsets for any settlements Plaintiff and the putative class enters into, or any amounts Plaintiff and members of the putative class receives from any source, in connection with Plaintiff's and members of the putative class's alleged losses.

## Seventeenth Defense

Plaintiff failed to comply with his duty to take reasonable action to minimize any damages

allegedly sustained as a result of the facts alleged in the Complaint, and is therefore barred from recovering any damages which might reasonably have been avoided.

## Eighteenth Defense

Plaintiff's claims against the Cloopen Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## Nineteenth Defense

The Cloopen Defendants are not liable because the Offering Documents complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

## Twentieth Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which the Cloopen Defendants deny, then the claims of Plaintiff and members of the putative class based on alleged violations of the Securities Act or Exchange Act are barred, in whole or in part, because Plaintiffs and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing their ADSs.

## Twenty-First Defense

Messrs. Changxun Sun, Yipeng Li, Xiegang Xiong, and Cheng Luo (collectively, the "Cloopen Individual Defendants") had, after reasonable investigation or due diligence, reasonable ground to believe and did believe, at the time Cloopen's Registration Statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### Twenty-Second Defense

The Cloopen Individual Defendants, with regard to any part of Cloopen's Offering Documents purporting to have been made on the authority of an expert or purporting to be a copy of or extract from a report or work product of an expert, had no reasonable ground to believe and did not believe, at the time that such part of the Offering Documents became effective, that the statements therein were untrue and that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, and that such part of the Offering Documents did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or work product of the expert.

### Twenty-Third Defense

Each and every one of the Cloopen Individual Defendants alleged to be a control person under Section 15 of Securities Act acted in good faith and had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

### Twenty-Fourth Defense

Each and every one of the Cloopen Individual Defendants alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

### Twenty-Fifth Defense

The Cloopen Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other Defendants to the

63

extent that the Cloopen Defendants may share in such defense.

**WHEREFORE,** the Cloopen Defendants respectfully request that the Complaint be dismissed with prejudice and that the Court award Cloopen any other relief deemed just and proper.

Dated: April 17, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Sheryl Shapiro Bassin*
Sheryl Shapiro Bassin
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: sbassin@wsgr.com

Ignacio E. Salceda (admitted *pro hac vice*)
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: ISalceda@wsgr.com

*Counsel for Defendants Cloopen Group Holding Limited, Changxun Sun, Yipeng Li, Xiegang Xiong, and Cheng Luo*