**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOYAN DONG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOOPEN GROUP HOLDING LIMITED, CHANGXUN SUN, YIPENG LI, KUI ZHOU, QINGSHENG ZHENG, XIAODONG LIANG, ZI YANG, MING LIAO, FENG ZHU, LOK YAN HUI, JIANHONG ZHOU, CHING CHIU, XIEGANG XIONG, CHENG LUO, YUNHAO LIU, COGENCY GLOBAL INC., COLLEEN A. DE VRIES, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, TIGER BROKERS (NZ) LIMITED, and FUTU INC.,<br><br>Defendants. | Case No. 1:21-cv-10610-JGK |

**DEFENDANTS COGENCY GLOBAL INC. AND COLLEEN A. DE VRIES' ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

K&L GATES  LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900

*Attorneys for Defendants Cogency Global Inc.*
*and Colleen A. De Vries*

Defendants Cogency Global Inc. ("Cogency") and Colleen A. De Vries ("DeVries," and together with Cogency, the "Cogency Defendants"), by and through their undersigned counsel, respectfully submit this Answer to the Amended Class Action Complaint filed by the Court appointed Lead Plaintiff Guozhang Wang, dated May 31, 2022 (the "Complaint"). The Cogency Defendants deny all of the Complaint's allegations unless expressly admitted herein.  To the extent any headings in the Complaint contain any factual allegations or legal conclusions, the Cogency Defendants deny those allegations or legal conclusions.  The Cogency Defendants answer the allegations in the Complaint as follows:

1.      The Cogency Defendants deny the allegations contained in Paragraph 1 of the Complaint, except they admit that the Complaint is styled as a putative securities class action purportedly brought on behalf of all persons or entities who: (a) purchased the American Depositary Shares ("ADSs") of Cloopen Group Holding Limited ("Cloopen") pursuant and/or traceable to Cloopen's prospectus and registration statement (collectively, the "Registration Statement") issued in connection with Cloopen's February 9, 2021 initial public offering (the "IPO"); and/or (b) purchased or otherwise acquired Cloopen securities between February 9, 2021 and May 10, 2021, inclusive.  The Cogency Defendants further admit that the Plaintiff purports to bring claims under the Securities Act of 1933 (the "Securities Act") against all Defendants and claims under the Securities Exchange Act of 1934 (the "Exchange Act) against Cloopen and its Chairman of the Board of Directors (the "Board") and Chief Executive Officer ("CEO"), as well as Cloopen's Chief Financial Officer ("CFO"), but deny that such claims have merit.

2.      The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis deny them.

3. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis deny them, except they admit that Cloopen's IPO commenced in February 2021 and that Cloopen issued approximately 23 million ADSs at an issuance price of $16 per ADS. The Cogency Defendants deny that the Registration Statement contained materially false and misleading statements of fact and failed to disclose facts required to be disclosed therein regarding Cloopen's business, operations and prospects.

4. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis deny the same. The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 4 are denied to the extent they attempt to summarize or characterize the Registration Statement.

5. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and on that basis deny the same.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 6 are denied to the extent they attempt to summarize or characterize the Registration Statement.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 7 are denied to the extent they attempt to summarize or characterize the Registration Statement.

8.      The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8 of the Complaint and on that basis deny them. The remainder of Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 8 are denied to the extent they attempt to summarize or characterize the Registration Statement.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 9 are denied to the extent they attempt to summarize or characterize the Registration Statement.

10.      The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 10 of the Complaint and on that basis deny them. The remainder of Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations of Paragraph 10 are denied to the extent they attempt to summarize or characterize the Registration Statement.

11.      Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations of Paragraph 11 are denied to the extent they attempt to summarize or characterize the Registration Statement.

12.     Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations of Paragraph 12 are denied to the extent they attempt to summarize or characterize the Registration Statement.

13.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis deny them, except they admit that Cloopen published its financial results for 4Q 2020 and FY 2020 on March 26, 2021, and refer to Cloopen's Form 6-K filed with the SEC for the full contents thereof.

14.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and on that basis deny them, except they admit that Cloopen's ADS price fell from $14.42 per ADS at close on March 25, 2021 to $11.75 per ADS at close of March 26, 2021.

15.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis deny them.

16.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis deny them, except the Cogency Defendants admit that Cloopen's stock closed at $8.97 per share on May 12, 2021, and Cloopen filed its FY 2020 Annual Report on Form 20-F with the SEC.

17.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and

on that basis deny them, except the Cogency Defendants admit that as of December 10, 2021, Cloopen's ADSs traded as low as $3.10 per ADS.

18. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and on that basis deny them.

19. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and on that basis deny them.

20. The allegations contained in Paragraph 20 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, the Cogency Defendants deny them, except they admit that Plaintiff purports to bring claims under Sections 11 and 15 of the Securities Act, Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder.

21. The allegations contained in Paragraph 21 of the Complaint state legal conclusions regarding the jurisdiction of this Court for which no response is required. To the extent a response is required, the Cogency Defendants admit that Plaintiff purports to base the Court's jurisdiction over this action on the bases stated in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 regarding venue state legal conclusions for which response is required. To the extent a response is required, the Cogency Defendants admit that Plaintiff purports to base venue on the statutes cited in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 state legal conclusions for which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

23 and on that basis deny them. The Cogency Defendants specifically deny that Plaintiff and the purported class have suffered any damages.

24. The Cogency Defendants admit the allegations in Paragraph 24 of the Complaint.

25. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis deny them, except they admit that Changxun Sun signed the Registration Statement, and that the Registration Statement referred to Changxun Sun as Cloopen's Chief Executive Officer and Chairman of Cloopen's Board of Directors.

26. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis deny them, except they admit that Yipeng Li signed the Registration Statement, and that the Registration Statement referred to Yipeng Li as Cloopen's Chief Financial Officer and a member of Cloopen's Board of Directors.

27. The Cogency Defendants admit that Cloopen, Sun and Li are referred to by the Plaintiff in the Complaint as the "Exchange Act Defendants."

28. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and on that basis deny them, except they admit that Kui Zhou signed the Registration Statement, and that the Registration Statement referred to Kui Zhou as a member of Cloopen's Board of Directors.

29. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and on that basis deny them, except they admit that Qingsheng Zheng signed the Registration

Statement, and that the Registration Statement referred to Qingsheng Zheng as a member of Cloopen's Board of Directors.

30.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and on that basis deny them, except they admit that Xiaodong Liang signed the Registration Statement, and that the Registration Statement referred to Xiaodong Liang as a member of Cloopen's Board of Directors.

31.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis deny them, except they admit that Zi Yang signed the Registration Statement, and that the Registration Statement referred to Zi Yang as a member of Cloopen's Board of Directors.

32.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and on that basis deny them, except they admit that Ming Liao signed the Registration Statement, and that the Registration Statement referred to Ming Liao as a member of Cloopen's Board of Directors.

33.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and on that basis deny them, except they admit that Feng Zhu signed the Registration Statement, and that the Registration Statement referred to Feng Zhu as a member of Cloopen's Board of Directors.

34.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and on that basis deny them, except they admit that Lok Yan Hui signed the Registration Statement,

8

and that the Registration Statement referred to Lok Yan Hui as a member of Cloopen's Board of Directors.

35.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis deny them, except they admit that Jianhong Zhou signed the Registration Statement, and that the Registration Statement referred to Jianhong Zhou as a member of Cloopen's Board of Directors.

36.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis deny them, except they admit that Ching Chiu signed the Registration Statement, and that the Registration Statement referred to Ching Chiu as a member of Cloopen's Board of Directors.

37.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis deny them, except they admit that the Registration Statement referred to Xiegang Xiong as having accepted appointment as a member of Cloopen's Board of Directors upon the SEC's declaration of effectiveness of the Registration Statement.

38.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis deny them, except they admit that the Registration Statement referred to Cheng Luo as having accepted appointment as a member of Cloopen's Board of Directors upon the SEC's declaration of effectiveness of the Registration Statement.

39.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis deny them, except they admit that the Registration Statement referred to Yunhao Liu as having accepted appointment as a member of Cloopen's Board of Directors upon the SEC's declaration of effectiveness of the Registration Statement.

40.    The Cogency Defendants deny the allegations in Paragraph 40 except they admit that Cogency was Cloopen's authorized U.S. representative for purposes of the IPO and that Ms. De Vries is an employee of Cogency. The Cogency Defendants deny that Ms. DeVries signed the Registration Statement on her own behalf and aver that she signed the Registration Statement for Cogency.

41.    The Cogency Defendants admit that the Defendants named in Paragraphs 41 are referred to by the Plaintiff in the Complaint as the "Securities Act Individual Defendants" and that they signed the Registration Statement, except for Ms. De Vries who signed for Cogency only. The Cogency Defendants deny the remaining allegations in Paragraph 41 of the Complaint as they relate to them, and further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint as they relate to the other Defendants, and on that basis deny them.

42.    Admit.

43.    Admit.

44.    Admit.

45.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and on that basis deny them.

46.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and on that basis deny them.

47.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and on that basis deny them, except they admit that each of the Defendants listed in Paragraph 47 of the Complaint are referred to by the Plaintiff in the Complaint as "Underwriter Defendants".

48.     The allegations contained in the first sentence of Paragraph 48 state legal conclusions for which no response is required. To the extent a response is required, the Cogency Defendants deny them. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint and on that basis deny them.

49.     The allegations contained in the first sentence of Paragraph 49 state legal conclusions for which no response is required. To the extent a response is required, the Cogency Defendants deny them. The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint and on that basis deny them, except they admit that the Underwriter Defendants are investment banking houses and that certain of them served as underwriters of the Cloopen IPO and performed services and engaged in due diligence in accordance with that role.

50.     To the extent that the allegations contained in Paragraph 50 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement, the Registration Statement speaks for itself, and the Cogency Defendants respectfully refer to the Registration Statement for the full contents thereof.  The remaining allegations in Paragraph 50

contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and on that basis deny them.

51.    To the extent that the allegations contained in Paragraph 51 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement, the Registration Statement speaks for itself, and the Cogency Defendants respectfully refer to the Registration Statement for the full contents thereof.  The remaining allegations in Paragraph 51 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and on that basis deny them.

52.    To the extent that the allegations contained in Paragraph 52 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement, the Registration Statement speaks for itself, and the Cogency Defendants respectfully refer to the Registration Statement for the full contents thereof.  The remaining allegations in Paragraph 52 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and on that basis deny them.

53.    To the extent that the allegations contained in Paragraph 53 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement and/or the FY 2020 Annual Report, the documents speak for themselves, and the Cogency Defendants

respectfully refer to them for the full contents thereof.  The remaining allegations in Paragraph 53 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and on that basis deny them.

54.    To the extent that the allegations contained in Paragraph 54 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement, the Registration Statement speaks for itself, and the Cogency Defendants respectfully refer to the Registration Statement for its full contents thereof.  The remaining allegations in Paragraph 54 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and on that basis deny them.

55.    To the extent that the allegations contained in Paragraph 55 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement, the Registration Statement speaks for itself, and the Cogency Defendants respectfully refer to the Registration Statement for the full contents thereof.  The remaining allegations in Paragraph 55 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and on that basis deny them.

56.    To the extent that the allegations contained in Paragraph 56 of the Complaint purport to characterize information disclosed in Cloopen's Registration Statement, the

Registration Statement speaks for itself, and the Cogency Defendants respectfully refer to the Registration Statement for the full contents thereof.  The remaining allegations in Paragraph 56 contain Plaintiff's characterizations and/or legal conclusions as to which no response is required. To the extent that a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and on that basis deny them.

57.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and on that basis deny them.

58.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and on that basis deny them.

59.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and on that basis deny them.

60.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and on that basis deny them.

61.     The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and on that basis deny them.

14

62.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and on that basis deny them.

63.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and on that basis deny them.

64.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and on that basis deny them, except they admit that on November 13, 2020, Cloopen filed a draft registration statement on Form F-1 with the SEC, which is publicly available.

65.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and on that basis deny them, except they admit that on December 10, 2020, in a letter addressed to Defendant Sun, the SEC provided comments and that the comments included the quoted language in Paragraph 65 of the Complaint. The Cogency Defendants respectfully refer to the letter for the full contents thereof.

66.    Admit.

67.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and on that basis deny them, except they admit that on January 19 and 29, 2021, Cloopen filed updated Registration Statements with the SEC relating to the IPO.

68.    Admit, and the Cogency Defendants respectfully refer the Court to the Registration Statement on Form F-1/A for the full contents thereof.

69.    Admit.

70.    Admit.

71.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and on that basis deny them, except they admit that Cloopen offered and sold 23 million Cloopen ADSs at $16 per ADS.  The Cogency Defendants specifically deny that they offered or sold any Cloopen ADSs to investors.

72.    Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 72 are denied to the extent they attempt to summarize or characterize the Registration Statement. The Cogency Defendants respectfully refer the Court to the Registration Statement for an accurate statement of its contents.

73.    Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 73 are denied to the extent they attempt to summarize or characterize the Registration Statement.

74.    The Registration Statement referenced in Paragraph 74 speaks for itself.  The Cogency Defendants deny the allegations in Paragraph 74 to the extent they attempt to summarize or characterize the Registration Statement.

75.    The Registration Statement referenced in Paragraph 75 speaks for itself.  The Cogency Defendants deny the allegations in Paragraph 75 to the extent they attempt to summarize or characterize the Registration Statement.

76.     The Registration Statement referenced in Paragraph 76 speaks for itself.  The Cogency Defendants deny the allegations in Paragraph 76 to the extent they attempt to summarize or characterize the Registration Statement.

77.     The Registration Statement referenced in Paragraph 77 speaks for itself.  The Cogency Defendants deny the allegations in Paragraph 77 to the extent they attempt to summarize or characterize the Registration Statement.

78.     Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations are denied to the extent they attempt to summarize or characterize the Registration Statement.

79.     Paragraph 79 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 79 are denied to the extent they attempt to summarize or characterize the Registration Statement.

80.     Paragraph 80 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the

Registration Statement speaks for itself, and therefore the allegations in Paragraph 80 are denied to the extent they attempt to summarize or characterize the Registration Statement.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and on that basis deny them. The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 81 are denied to the extent they attempt to summarize or characterize the Registration Statement.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and on that basis deny them. The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 82 are denied to the extent they attempt to summarize or characterize the Registration Statement.

83. The Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 83 are denied to the extent they attempt to summarize or characterize the Registration Statement.

84. The Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 84 are denied to the extent they attempt to summarize or characterize the Registration Statement.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or

information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

86.     The Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 86 are denied to the extent they attempt to summarize or characterize the Registration Statement.

87.     Paragraph 87 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 87 are denied to the extent they attempt to summarize or characterize the Registration Statement.

88.     Paragraph 88 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 88 are denied to the extent they attempt to summarize or characterize the Registration Statement.

89.     Paragraph 89 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 89 are denied to the extent they attempt to summarize or characterize the Registration Statement.

90.     Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and on that basis deny them. The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 90 are denied to the extent they attempt to summarize or characterize the Registration Statement.

91.     Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and on that basis deny them. The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 91 are denied to the extent they attempt to summarize or characterize the Registration Statement.

92.     Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and on that basis deny them. The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 92 are denied to the extent they attempt to summarize or characterize the Registration Statement.

93.     Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and on that basis deny them. The Cogency Defendants further state that the

Registration Statement speaks for itself, and therefore the allegations in Paragraph 93 are denied to the extent they attempt to summarize or characterize the Registration Statement.

94.    Paragraph 94 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 94 are denied to the extent they attempt to summarize or characterize the Registration Statement.

95.    Paragraph 95 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 95 are denied to the extent they attempt to summarize or characterize the Registration Statement.

96.    Paragraph 96 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 96 are denied to the extent they attempt to summarize or characterize the Registration Statement.

97.    Paragraph 97 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97

of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 97 are denied to the extent they attempt to summarize or characterize the Registration Statement.

98.    Paragraph 98 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 98 are denied to the extent they attempt to summarize or characterize the Registration Statement.

99.    Paragraph 99 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 99 are denied to the extent they attempt to summarize or characterize the Registration Statement.

100.    Paragraph 100 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 100 are denied to the extent they attempt to summarize or characterize the Registration Statement.

101.    Paragraph 101 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 101 are denied to the extent they attempt to summarize or characterize the Registration Statement.

102.    Paragraph 102 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 102 are denied to the extent they attempt to summarize or characterize the Registration Statement.

103.    Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 103 are denied to the extent they attempt to summarize or characterize the Registration Statement.

104.    Paragraph 104 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 104 are denied to the extent they attempt to summarize or characterize the Registration Statement.

105.    The Cogency Defendants state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 105 are denied to the extent they attempt to summarize or characterize the Registration Statement.

106.    Paragraph 106 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 106 are denied to the extent they attempt to summarize or characterize the Registration Statement.

107.    Paragraph 107 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 107 are denied to the extent they attempt to summarize or characterize the Registration Statement.

108.    Paragraph 108 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and on that basis deny them.

109.    Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that Item 303 of SEC Regulation S-K and any SEC interpretive guidance issued thereunder speaks for itself, and deny such allegations to the extent they attempt to summarize or characterize the applicable law.

110.    The Cogency Defendants state that the SEC's 1989 Interpretive Release is a document that speaks for itself, and deny the allegations in Paragraph 110 to the extent they attempt to summarize or characterize the applicable law.

111.    Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny such allegations.

112.    Paragraph 112 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny such allegations.

113.    Paragraph 113 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that Item 105 of SEC Regulation S-K speaks for itself, and deny such allegations to the extent they attempt to summarize or characterize the applicable law.

114.    Paragraph 114 states legal conclusions to which no response is required.  To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint and on that basis deny them.  The Cogency Defendants further state that the Registration Statement speaks for itself, and therefore the allegations in Paragraph 114 are denied to the extent they attempt to summarize or characterize the Registration Statement.

115.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint and on that basis deny them, except they admit that Cloopen announced its unaudited financial results for Q4 and FY2020 on March 26, 2021.

116.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and

on that basis deny them, except they admit that the allegations in Paragraph 116 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K and refer to the Form 6-K for the full contents thereof.

117.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and on that basis deny them, except they admit that the allegations in Paragraph 117 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K and refer to the Form 6-K for the full contents thereof.

118.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint and on that basis deny them, except they admit that the allegations in Paragraph 118 purport to quote and/or characterize disclosures contained in Cloopen's March 26, 2021 Form 6-K and an analyst call and refer to the Form 6-K and the transcript of the analyst call for the full contents thereof.

119.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and on that basis deny them.

120.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and on that basis deny them, except they admit that the allegations contained in Paragraph 120 purport to quote and/or characterize disclosures contained in the investor conference call corresponding to Cloopen's March 26, 2021 Form 6-K and refer to the transcript of the conference call for the full contents thereof.

121.    Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them, except they admit that Cloopen's share price declined from $14.42 per ADS on March 25, 2021 to close at $11.75 per ADS on March 26, 2021.

122.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint and on that basis deny them, except they admit that Cloopen filed its FY2020 Annual Report on a Form 20-F with the SEC on May 10, 2021.  The Cogency Defendants further state that the Annual Report speaks for itself and therefore the allegations in Paragraph 122 are denied to the extent they attempt to summarize or characterize the Annual Report.

123.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint and on that basis deny them.  The Cogency Defendants further states that Cloopen's FY2020 Annual Report speaks for itself, and therefore the allegations in Paragraph 123 are denied to the extent they attempt to summarize or characterize the FY2020 Annual Report.

124.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint and on that basis deny them, except they admit that the price of Cloopen's ADSs decreased from $9.89 per ADS at close of May 11, 2021 to $8.97 per ADS at close of May 12, 2021.

125.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint and on that basis deny them, except they admit that on May 3, 2022 Cloopen announced that it had

formed an independent special committee and refer to that announcement for the full contents thereof.

126.    The Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint and on that basis deny them, except they admit that on May 18, 2022 Cloopen announced that Defendants Chiu and Liu resigned from the Company's Board of Directors and that on May 20, 2022 Cloopen announced that it had received a letter from the NYSE and refer to the announcements for the full contents thereof.

127.    The Cogency Defendants deny the allegations contained in Paragraph 127, but admit that Plaintiff has styled the Complaint as a purported class action on behalf of a class consisting of all persons who: (a) purchased or otherwise acquired Cloopen ADSs pursuant and/or traceable to the Registration Statement; and/or (b) purchased or otherwise acquired Cloopen securities between the Class Period and who were purportedly damaged thereby.  The Cogency Defendants further admit that the purported Class excludes Defendants, Cloopen's officers and directors, members of their immediate family and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

128.    The allegations in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them, except they admit that Cloopen's shares were traded on the NYSE and that 23 million ADSs were offered in the IPO.

129.    The allegations in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or

information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

130.     The allegations in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

131.     The allegations in Paragraph 131 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

132.     The allegations in Paragraph 132 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

133.     The allegations in Paragraph 133 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

134.     The allegations in Paragraph 134 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

135.    The allegations in Paragraph 135 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

136.    The allegations in Paragraph 136 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

137.    The allegations in Paragraph 137 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

138.    The allegations in Paragraph 138 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny them.

## COUNT I

139.    In response to the allegations contained in Paragraph 139, the Cogency Defendants repeat each of the above responses as though fully set forth here.

140.    The Cogency Defendants admit that Plaintiff purports to bring this cause of action pursuant to § 11 of the Securities Act.

141.    The allegations in Paragraph 141 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

30

142. The Cogency Defendants admit that Cloopen was the registrant and issuer of the ADSs at issue. The remaining allegations of Paragraph 142 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

143. The Cogency Defendants admit that other than Ms. De Vries, the Securities Act Defendants either signed the Registration Statement or were named in the Registration Statement as a director of Cloopen at the time of filing or were to become a director upon the effectiveness of the Registration Statement. The remaining allegations of Paragraph 143 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

144. The allegations in Paragraph 144 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same, except they admit that Cogency signed the Registration Statement through its employee Ms. De Vries and that Ms. De Vries is an employee of Cogency.

145. The allegations in Paragraph 145 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

146. The allegations in Paragraph 146 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

147. The allegations in Paragraph 147 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

148. The allegations in Paragraph 148 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and on that basis deny them.

149.     The allegations in Paragraph 149 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and on that basis deny them.

150.     The allegations in Paragraph 150 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and on that basis deny them.

151.     The allegations in Paragraph 151 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and on that basis deny them.

152.     The allegations in Paragraph 152 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny the same.

### COUNT II

153.     In response to the allegations contained in Paragraph 153, the Cogency Defendants repeat each of the above responses as though fully set forth here.

154.     The Cogency Defendants admit that Plaintiff purports to bring this action under § 15 of the Securities Act against the named defendants.

155.     The allegations in Paragraph 155 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 155 as they relate to other Defendants, and on that basis deny them. The Cogency Defendants otherwise deny the allegations in Paragraph 155.

156.   The allegations in Paragraph 156 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 as they relate to other Defendants, and on that basis deny them.

157.   The allegations in Paragraph 157 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants deny such allegations, except they admit Ms. De Vries is an employee of Cogency Global which served as the authorized U.S. representative for Cloopen with respect to the IPO.

158.   The allegations in Paragraph 158 state legal conclusions to which no response is required. To the extent a response is required, the Cogency Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 as they relate to other Defendants, and on that basis deny them. The Cogency Defendants otherwise deny the allegations in Paragraph 158.

## COUNT III

159.   In response to the allegations contained in Paragraph 159, the Cogency Defendants repeat each of the above responses as if fully set forth herein.

160.   In answer to the allegations of Paragraph 160 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

33

161.   In answer to the allegations of Paragraph 161 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

162.   In answer to the allegations of Paragraph 162 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

163.   In answer to the allegations of Paragraph 163 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

164.   In answer to the allegations of Paragraph 164 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

165.   In answer to the allegations of Paragraph 165 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

166.   In answer to the allegations of Paragraph 166 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

167.   In answer to the allegations of Paragraph 167 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

168. In answer to the allegations of Paragraph 168 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

169. In answer to the allegations of Paragraph 169 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

170. In answer to the allegations of Paragraph 170 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

171. In answer to the allegations of Paragraph 171 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

172. In answer to the allegations of Paragraph 172 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

173. In answer to the allegations of Paragraph 173 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

174. In answer to the allegations of Paragraph 174 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

175.    In answer to the allegations of Paragraph 175 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

176.    In answer to the allegations of Paragraph 176 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

177.    In answer to the allegations of Paragraph 177 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

178.    In answer to the allegations of Paragraph 178 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

179.    In answer to the allegations of Paragraph 179 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

180.    In answer to the allegations of Paragraph 180 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

181.    In answer to the allegations of Paragraph 181 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

182.    In answer to the allegations of Paragraph 182 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

183.    In answer to the allegations of Paragraph 183 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

184.    In answer to the allegations of Paragraph 184 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

185.    In answer to the allegations of Paragraph 185 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

186.    In answer to the allegations of Paragraph 186 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

187.    In answer to the allegations of Paragraph 187 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

188.    In answer to the allegations of Paragraph 188 of the Complaint, the Cogency Defendants state that Count III of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

**COUNT IV**

189.    In response to the allegations contained in Paragraph 189, the Cogency Defendants repeat each of the above responses as if fully set forth herein.

190.    In answer to the allegations of Paragraph 190 of the Complaint, the Cogency Defendants state that Count IV of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

191.    In answer to the allegations of Paragraph 191 of the Complaint, the Cogency Defendants state that Count IV of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

192.    In answer to the allegations of Paragraph 192 of the Complaint, the Cogency Defendants state that Count IV of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

193.    In answer to the allegations of Paragraph 193 of the Complaint, the Cogency Defendants state that Count IV of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

194.    In answer to the allegations of Paragraph 194 of the Complaint, the Cogency Defendants state that Count IV of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

195.    In answer to the allegations of Paragraph 195 of the Complaint, the Cogency Defendants state that Count IV of the Complaint, of which this paragraph is a part, is not asserted against them and therefore no response is required.

## ANSWER TO PRAYER FOR RELIEF

The "Wherefore" clause (and the subparagraphs that follow) does not allege any facts and therefore no response is required.  The Cogency Defendants deny that Plaintiff is entitled to relief in this action and respectfully requests that the Court dismiss the claim against the Cogency Defendants with prejudice and order such further relief as the Court deems just and proper.  To the extent any further response is required, the Cogency Defendants deny the allegations contained in the "Wherefore" clause and the subparagraphs that follow.  The Cogency Defendants further deny that this action is appropriate for class action treatment.

## ANSWER TO JURY TRIAL DEMAND

The Cogency Defendants deny the allegations offered in support of Plaintiff's demand for a jury trial and reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiff, the Cogency Defendants assert the following affirmative and other defenses with respect to the claims Plaintiff purports to assert in the Complaint.  The Cogency Defendants reserve their right to raise any additional defenses, cross-claims, and third party-claims not asserted herein of which they may become aware through discovery or other investigation as may be appropriate at a later time.

## FIRST DEFENSE

The Complaint fails to state any cause of action against the Cogency Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because at all relevant times Defendants had no duty to disclose the allegedly omitted information.

## THIRD DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the Registration Statement at issue in the Complaint did not contain any false or misleading statements or omissions of material fact.

## FOURTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the facts that Plaintiff alleges were misstated or omitted from the Registration Statement at issue in the Complaint were not material to the investment decisions of a reasonable investor and/or Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the Registration Statement at issue in the Complaint bespoke caution about the risks of investing in the securities issued.

## SIXTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the alleged misrepresentations or omissions were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## SEVENTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because certain of the facts that Plaintiff alleges were misstated or omitted from the Registration Statement at issue in the Complaint were non-actionable statements of opinion that Plaintiff has not alleged, and cannot prove, were not truly held when made.

## EIGHTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the information that Plaintiff alleges to have been omitted or misrepresented was known to Plaintiff and/or was publicly available and/or widely known to the market and to the investing community and was at all times reflected in the price of Cloopen's securities.

## NINTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk because Plaintiff and the putative class knew, or in the exercise of reasonable case should have known, the risks inherent in investing in the securities at issue, and they assumed the risk of a decline in the value of their investments.

## TENTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the Cogency Defendants were not the actual or proximate cause of any injury to Plaintiff or the putative class.

## ELEVENTH DEFENSE

41

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiff and/or the putative class.

## TWELFTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because Plaintiff's and the putative class's damages, if any, are speculative and thus are not recoverable.

## THIRTEENTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because Plaintiff and the putative class seek damages that exceed those permitted under federal securities laws and other applicable laws.

## FOURTEENTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because they are "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

## FIFTEENTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for Defendants in violation of the Securities Act or any rules of the SEC, with respect to any of the alleged conduct on which the Complaint is based, those actions cannot be imputed to the Cogency Defendants.

## SIXTEENTH DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because, upon information and belief, Plaintiff and the putative class lack standing.

**SEVENTEENTH DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because, upon information and belief, Plaintiff and the putative class did not acquire their ADSs pursuant and/or traceable to the Registration Statement at issue.

**EIGHTEENTH DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the Cogency Defendants at all times acted with proper justification and in a reasonable and appropriate manner; in good faith; for a fair, honest and lawful reason; and in compliance with legal requirements, including the Securities Act of 1933, and all applicable rules and regulations promulgated thereunder. The Cogency Defendants did not know, and could not have known, that the Registration Statement at issue in the Complaint contained any material misstatements or omissions. The Cogency Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations or causes of action.

**NINETEENTH DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because Plaintiff is not entitled to any recovery from the Cogency Defendants because, at the time Plaintiff and the putative class acquired Cloopen's ADSs, Plaintiff and the putative class knew or should have known of any alleged untrue statement of material fact in the Registration Statement or of any omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**TWENTIETH DEFENSE**

43

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because, upon information and belief, Plaintiff and the putative class have no damages compensable under Section 11 of the Securities Act.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Cogency are barred in whole or in part because the Cogency Defendants had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist and, to the extent that lack of culpable participation is an element of any defense, did not culpably participate in any violation of the Securities Act.

## TWENTY-THIRD DEFENSE

Plaintiff is barred from recovering for his injury or damage, if any, because, upon information and belief, he has failed to make reasonable efforts to mitigate such injury or damage, which would have prevented his injury or damage, if any.

## TWENTY-FOURTH DEFENSE

The recovery of damages allegedly incurred by Plaintiff, if any, is subject to offset in the amount of any benefits, including the amount of any tax benefits, actually received by Plaintiff.

## TWENTY-FIFTH DEFENSE

The Cogency Defendants deny that Plaintiff is entitled to recovery of attorneys' fees, accountants' fees, experts' fees, or other costs and disbursements.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, to the extent that Plaintiff's claims are not properly maintainable as class action claims.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claim against Ms. De Vries is barred because she did not sign the Registration Statement on her own behalf but on behalf of Cogency.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, and/or other equitable doctrines.

**TWENTY-NINTH DEFENSE**

The Cogency Defendants are entitled to recover contribution and/or indemnity from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Complaint.

**THIRTIETH DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because of the contractual and/or administrative nature of the role that the Cogency Defendants performed.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims against the Cogency Defendants are barred, in whole or in part, because the Cogency Defendants received *de minimis* compensation in exchange for serving as Cloopen's duly authorized representative under Section 6(a) of the Securities Act.

**THIRTY-SECOND DEFENSE**

Any recovery of damages allegedly incurred by Plaintiff or members of the putative class is barred, in whole or in part, by the damages limitations in Section 11(g) of the Securities Act.

## THIRTY-THIRD DEFENSE

Any alleged depreciation in the price of the ADSs resulted from intervening or independent causes unrelated to any act or omission on the part of the Cogency Defendants.

## THIRTY-FOURTH DEFENSE

The Cogency Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that the Cogency Defendants may share in such a defense.

**WHEREFORE**, the Cogency Defendants respectfully request that the Complaint be dismissed with prejudice and that the Court award the Cogency Defendants their costs and attorneys' fees and any other relief deemed just and proper.

Dated:  April 17, 2023                     Respectfully submitted,

                                           K&L GATES LLP

                                           By: /s/ Joanna A. Diakos
                                               Joanna A. Diakos, Esq.
                                               K&L Gates LLP
                                               599 Lexington Avenue
                                               New York, New York 10022
                                               Tel.:  (212) 536-3900
                                               Fax:  (212) 536-3901
                                               Email:joanna.diakoskordalis@klgates.com


                                           *Attorneys for Defendant Cogency Global Inc.*
                                           *and Colleen A. De Vries*

46